NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ROBERT SWIFT, | Civil Action No. 13-650 (JLL) |
| --- | --- |
| Plaintiff, | |
| | OPINION |
| v. | |
| RAMESH PANDEY, et al., | |
| Defendants. | |

**LINARES, District Judge.**

This matter comes before the Court by way of Defendant Ramesh Pandey ("Ramesh") and Defendant Bhuwan Pandey's ("Bhuwan") (collectively "Defendants") motion to dismiss Plaintiff Robert Swift's ("Plaintiff" or "Swift") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket Entry No. 9]. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendant's motion to dismiss is granted. Counts Six and Seven are dismissed *with* prejudice and the remaining Counts are dismissed *without* prejudice.

## BACKGROUND[1]

Swift filed on this action on January 31, 2013. This Court's jurisdiction is premised on 28 U.S.C. § 1332. Plaintiff alleges that he purchased all the right, title, and interest to all assets of Xechem International, Inc. ("Xechem") and Xechem, Inc. at auction. (Compl. ¶ 9). These

---

[1] The Court accepts the following facts asserted in Plaintiff's Complaint as true solely for purposes of this motion.

1

at auction. (Compl. ¶ 9). These assets included any and all right, title and interest to Xechem Pvt. Limited and Xechem Pharmaceuticals Nigeria, Ltd. (*Id.*)

This action stems from the alleged wrongful conduct of the Defendants in connection with Xechem and Xechem India. Defendant Ramesh Pandey was the Founder, Chief Executive Officer, President and Treasurer of Xechem from 1994 until July 2007. (*Id.* ¶ 10). Ramesh was Director of Xechem from 1994 until January 29, 2010 and Chairman, Founder, Chief Executive Officer and Director of Xechem India Private, Ltd. from 1993 to July 2007. (*Id.*).

Plaintiff also lodges claims against Defendant Bhuwan Pandey, Ramesh's brother and Vice President of International Operations for Xechem from 2002 until May 29, 2007 and General Manager of and Director of Xechem India from 1993 to 2007 (*Id.* ¶ 13). Finally, Plaintiff asserts claims against Defendant Abhilasha Pandey ("Abhilasha"), Bhuwan's daughter and the Sarbanes-Oxley Compliance Manager for Xechem from June 2006 to July 2007. (*Id.* ¶ 15).[2]

On July 29, 1998, Xechem filed a 10KSB with the SEC, signed by Ramesh, which stated that Xechem India was a subsidiary of Xechem and that Ramesh had transferred his interest in Xechem India to Xechem. (*Id.* ¶ 17). Xechem's 10K filings, signed by Ramesh, from 1999 through 2007 stated that Xechem owned 66 2/3% of Xechem India. (*Id.* ¶ 18). According to corporate records, Ramesh owned 50% of Xechem India in 1998. (*Id.* ¶ 43). Ramesh transferred 49% of his interest to Bhuwan in 1998 or 1999. (*Id.* ¶ 44). Contrary to SEC filings signed by Ramesh that stated that Xechem India was a subsidiary of Xechem, the corporate records showed that Bhuwan owned 99% of Xechem India in 1999 through 2005. (*Id.* ¶ 45).

---

[2] Defendant Abhilasha Pandey does not join in the instant motion to dismiss.

At a meeting on May 29, 2007, Xechem's Board of Directors ("The Board") inquired about the status of Xechem India. (*Id.* ¶ 20). At the meeting, Ramesh reported that about $700,000 in loans had been made from Xechem to Xechem India at the time. (*Id.* ¶ 21). Xechem transferred at least $977,394.00 of Xechem's money to Xechem India between August 1998 and July 2007. (*Id.* ¶ 23). This transfer was recorded as a loan to Xechem India with an interest rate of 10% per year, which was below the 20% interest rate that would have been charged in India. (*Id.* ¶¶ 24-25). Xechem India has not repaid the principal or interest on this loan to Xechem, which, at this point, is over $2 million. (*Id.* ¶¶ 26-27).

Xechem India allegedly used money from Xechem to lease office space from Ramesh in India and to pay relatives of Ramesh and Bhuwan. (*Id.* ¶¶ 29-30). Bhuwan also allegedly used Xechem India funds to pay for his personal expenses while in India. (*Id.* ¶ 31). Xechem India allegedly purchased assets and leased rights to land in India with money from Xechem, specifically spending $250,000 for the leased rights to the land between May 2006 and May 2007. (*Id.* ¶¶ 33-37). Ramesh told the Board that Xechem India did not have any significant assets, however, Xechem India listed the land an as asset in audited filings. (*Id.*). The Board removed Ramesh as Chief Executive Officer, President, and Treasurer of Xechem on July 5, 2007. (*Id.* ¶ 40).

Plaintiff alleges that Defendants Ramesh, Bhuwan, and Abhilasha were negligent and breached their fiduciary duty to Xechem when they declined to disclose "any self-dealing in any transaction to the Board of Directors . . . ." (*Id.* ¶¶ 54, 63, 68). Plaintiff also alleges that Defendants purposefully concealed the fact that Ramesh and Bhuwan, and not Xechem, owned Xechem India and the fact that Xechem India had significant assets. (*Id.* ¶¶ 79-80). Further, the Plaintiff alleges that the Defendants have exercised dominion and control over Xechem's monies

3

and have been unjustly enriched. (*Id.* ¶¶ 73, 88). Finally, Plaintiff alleges that Defendants breached a covenant of good faith and fair dealing, defaulted on repaying the loan, and that Xechem India is an alter ego of Ramesh and Bhuwan. (*Id.* ¶¶ 95, 98, 102).

In light of the foregoing, Plaintiff's Complaint asserts twelve causes of action: (1) Injunction; (2) Breach of Fiduciary Duty by Ramesh; (3) Ultra Vires Act; (4) Breach of Fiduciary Duty and Duty of Loyalty by Bhuwan; (5) Breach of Fiduciary Duty and Duty of Loyalty by Abhilasha; (6) Conversion; (7) Fraud; (8) Transfer or Disbursement of Money; (9) Disgorgement of Unlawful Profits; (10) Breach of Covenant of Good Faith and Fair Dealing; (11) Collection on a Note; and (12) Alter Ego. (*Id.* ¶¶ 47-102).

## LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rule 8(a) requires that a complaint put the defendant on notice of the basis of the claims asserted against him. *See Twombly*, 550 U.S. at 555.

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A court may dismiss a claim with prejudice if amendment would be futile. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

## DISCUSSION

Defendants Ramesh Pandey and Bhuwan Pandey now seek dismissal of all claims asserted against them on various grounds. Defendants raise three overarching arguments: (1) Plaintiff is barred from pursuing any tort claims because the assignment of pre-judgment tort claims is prohibited by New Jersey's public policy; (2) Plaintiff's fiduciary duty claims are time-barred by the Delaware statute of limitations; (3) regardless of the first two arguments, each claim asserted in Plaintiff's Complaint fails to meet the requirements of Federal Rule of Civil Procedure 8(a).

As an initial matter, Plaintiff's Opposition to Defendant's Motion to Dismiss contains a number of additional allegations not filed in Plaintiff's original pleadings. However, it is well settled that a plaintiff may not amend a complaint through briefs in opposition to a motion to dismiss. *See Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to the motion to dismiss.") (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984)). Thus, the Court declines to consider any new allegations asserted in Plaintiff's Opposition and will confine its discussion to the allegations contained in the Complaint. However, in the event that Plaintiff files an amended complaint in accordance with this opinion, he may include those and any other allegations he finds appropriate.

1. **Tort Claims**

Defendants Ramesh Pandey and Bhuwan Pandey argue that Plaintiff lacks standing to pursue Counts Six (conversion) and Seven (fraud) because "the purported assignment of them from Xechem's bankruptcy trustee to Swift was void as against New Jersey's public policy." (Def. Br. at 15). All parties agree that New Jersey law applies to Plaintiff's tort claims.[3] (Compl. ¶ 1, Def. Br. At 2). It is the case that "New Jersey courts have consistently held that, as a public policy matter, tort claims cannot be assigned before judgment." *Integrated Solutions, Inc. v. Serv. Support Specialties, Inc.*, 124 F.3d 487, 490 (3d Cir. 1997); *see Costanzo v. Costanzo*, 248 N.J. Super. 116, 121 (App. Div. 1991) ("[I]n New Jersey, as a matter of public policy, a tort claim cannot be assigned."); *see, e.g., In re O'Dowd*, 233 F.3d 197, 201 (3d Cir.

---

[3] Although the Court need not reach this issue, the Court does note that there is some dispute as to which state's laws applies to Plaintiff's claims. Generally speaking, since this Court exercises its diversity jurisdiction over this action, the law to be applied is that of the forum state—New Jersey. *See Am. Cyanamid Co. v. Fermenta Animal Health*, 54 F.3d 177, 180 (3d Cir. 1995). If a choice of law dispute arises, a federal court sitting in diversity applies the choice of law principles of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *Warriner v. Stanton*, 475 F.3d 497, 499-500 (3d Cir. 2007). In *P.V. v. Camp Jaycee*, the New Jersey Supreme Court held that the "most substantial relationship" test enunciated in the Restatement (Second) of Conflict of Laws § 188 applies to choice of law disputes arising under both contract and tort law. 197 N.J. 132, 136 (2008). New Jersey's "most significant relationship" test consists of two prongs. First, a court must examine the substance of the potentially applicable laws in order to determine if an actual conflict exists. *Id.* at 143 (citing *Lebegern v. Forman*, 471 F.3d 424, 430 (3d Cir. 2006)). If there is no actual conflict, the analysis ends and the court applies the law of the forum state. *See In re Ford Motor Co.*, 110 F.3d 954, 965 (3d Cir. 1997); *Rowe v. Hoffman–La Roche, Inc.*, 189 N.J. 615, 621 (2007). However, if a conflict is found, the court must then determine which state has the "most significant relationship" to the claim at issue, as analyzed under the Restatement (Second) of Conflict of Laws. *Camp Jaycee*, 197 N.J. at 136. This test is applied "on an issue-by-issue basis" and "is qualitative, not quantitative." *Id.* at 143. The parties shall be guided accordingly in any future filings with the Court.

2000) ("A true purchase of the omitted claims would have been void under the New Jersey common law prohibition against assigning prejudgment tort claims.").[4]

Plaintiff argues that *Integrated Solutions, Inc. v. Serv. Support Specialties, Inc.*, 124 F.3d 487, 490 (3d Cir. 1997) does not apply to this case and that "public policy supports a claim against these parties." (Pl.'s Opp'n. at 8).[5] However, Plaintiff does not provide any support or cite any authority for those propositions. Further, Plaintiff does not dispute that he asserts the tort claims of fraud and conversion only as an assignee of Xechem's right, title and interest. (Compl. ¶ 9). In light of the foregoing, Plaintiff has failed to state a claim of conversion or fraud that is plausible on its face. *See, e.g., Conopco, Inc. v. McCreadie*, 826 F. Supp. 855, 867 (D.N.J. 1993) ("It is clear that under New Jersey law, [causes of] action arising out of tort are not assignable prior to judgment. Because Conopco asserts its claims of professional negligence and malpractice only as an assignee, those tort claims must fail as a matter of law."). Accordingly, as amendment would be futile, Counts Six and Seven of Plaintiff's Complaint are hereby dismissed *with* prejudice.

2.  **Rule 8(a)**

As discussed above, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678. The Court has carefully reviewed the remaining counts of Plaintiff's Complaint and agrees that they fail to comply with the requirements of Rule 8(a) for the following reasons. Counts One (injunction), Three (ultra vires act), Ten (breach of covenant of

---

[4] *But see Kimball Int'l Inc. v. Northfield Metal Prods.*, 334 N.J. Super. 596, 612 (App. Div. 2000) ("Except for this prohibition against the assignment of tort claims, a party is generally allowed to assign a claim for money damages.").
[5] Plaintiff's Opposition does not contain page numbers. Accordingly, the Court will cite to those automatically assigned by CM/ECF.

good faith and fair dealing) and Eleven (collection on a note), as currently drafted, fail to meet this requirement inasmuch as they do not specify which defendant(s) they are being asserted against. For example, Count Ten states that "Defendants have breached the convent [sic] of good faith . . ." but does not articulate which Defendants have allegedly done so or contain allegations which would indicate how they did so. (Compl. ¶ 95). Therefore, these claims do not put the Defendant(s) on notice of the basis of the allegations against them.

Although the remaining counts do specify particular defendants, these claims do not contain sufficient accompanying factual allegations. Plaintiff makes conclusory statements but does not articulate the alleged actions which form the basis of Plaintiff's claims. For example, Counts Two, Four and Five each allege, in a conclusory fashion, that Defendants Ramesh, Bhuwan and Abhilasha respectively "breached [their] fiduciary duty to the Company." (Compl. ¶¶ 55, 64 and 69). However, those counts contain no further facts to substantiate that legal conclusion. Similarly, Count Eight states that the Defendants have been "unjustly enriched" and Count Nine concludes that Defendants have "breached the convent [sic] of good faith and fair dealing." (Compl. ¶¶ 88, 95). However, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not'" suffice. *Iqbal*, 556 U.S. at 678. In light of the foregoing, these claims are dismissed *without* prejudice.

The Court notes that each count of Plaintiff's Complaint contains the statement "incorporating by reference" all previous allegations. Although there may be circumstances in which it is appropriate to incorporate certain allegations by reference, there is no question that each count of a properly pled complaint *must* contain: (a) its own cause of action against a clearly identified defendant(s), and (b) those particular factual allegations that would allow the court to draw the reasonable inference that the defendant is liable for that cause of action. *See*

*Iqbal*, 556 U.S. at 678. Plaintiff's Complaint, as currently drafted, fails to meet this requirement. *See, e.g., Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) ("Anderson's complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.").

To the extent Plaintiff intends to re-plead these claims, Plaintiff should assert facts showing each defendant's actual personal involvement in each of the alleged wrongs. Stated differently, Plaintiff must present sufficient facts establishing *each* defendant's liability for *each* claim asserted. *See, e.g., See Smart v. Pa. Pub. Util. Comm'n*, No. 96-3586, 1996 WL 442618, at *4 (E.D. Pa. Aug. 2, 1996) (instructing *pro se* plaintiff that a complaint "should clearly identify each defendant, the conduct of each defendant allegedly harming him, and the relief he seeks, setting forth the facts relating to each defendant and to each claim"); *Schiano v. MBNA*, No. 05-1771, 2013 WL 2452681, at *7 (D.N.J. Feb. 11, 2013) (reiterating that Plaintiff must "make clear which claims were being asserted specifically against which defendants, and the specific factual basis for each claim against each defendant, as well as the specific relief being sought and the grounds for that relief"); *see generally Binsack v. Lackawanna Cnt. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (holding that the district court did not abuse its discretion in dismissing complaint for failure to "provide a short and plain statement of each claim against each defendant").

## CONCLUSION

Based on the reasons set forth above, Defendant Ramesh Pandey's motion to dismiss [Docket Entry No. 9] is **granted**. Counts Six (conversion) and Seven (fraud) are dismissed *with* prejudice. All other counts are dismissed *without* prejudice. Plaintiff may file an Amended Complaint that cures the pleading deficiencies addressed in this opinion on or before **August 2,**

2013. Plaintiff's failure to do so will result in dismissal of the foregoing counts of Plaintiff's Complaint *with* prejudice.

An appropriate Order accompanies this Opinion.

Date: July 1, 2013

Jose L. Linares
United States District Judge