**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SWIFT,<br><br>                    Plaintiff,<br><br>v.<br><br>RAMESH PANDEY, et al.,<br><br>                    Defendants. | Civil Action No. 13-650 (JLL)<br><br><br>**OPINION** |

**LINARES, District Judge.**

This matter comes before the Court by way of Plaintiff Robert Swift ("Plaintiff")'s motion for reconsideration [CM/ECF No. 50] of this Court's Opinion and Order granting in part and denying in part Defendants' motion to dismiss.  The Court has considered the submissions made in support of and in opposition to the instant motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, Plaintiff's motion is denied.

## I.      BACKGROUND

The relevant facts of this case are fully detailed in this Court's April 30, 2014 Opinion ("Opinion"), and are repeated here only to the extent they are pertinent to the instant motion for reconsideration.

This case concerns an alleged "sham loan" from Xechem, Inc. ("Xechem") to Xechem India.  According to Plaintiff, Xechem lent money to Xechem India because Ramesh Pandey led the Board to believe that Xechem India was Xechem's subsidiary.  In reality, however, Bhuwan Pandey owned 99.8% of Xechem India.  Plaintiff alleges that the Pandey Defendants concealed

Xechem India's true ownership to procure the loan and, through Xechem India, used the proceeds of the loan from Xechem to: "(1) lease office space in India from Ramesh; (2) pay money to relatives of Ramesh and Bhuwan in India; (3) pay the Defendants' 'personal expenses'; (d) buy 'assets in India'; (4) acquire a leasehold interest in certain land in India; and (5) purchase a 'spray dryer' machine." (Sec. Am. Compl. ¶ 82.)  Plaintiff asserts that the Defendants concealed these assets from Xechem's board.  (*Id.*)

Plaintiff's Second Amended Complaint, filed on December 13, 2013, asserted twelve causes of action that fell into the following five categories: **(1)** breach of fiduciary duty as against Ramesh, Bhuwan, and Abhilasha; **(2)** breach of duty of loyalty as against Ramesh, Bhuwan, and Abhilasha; **(3)** ultra vires act as against all Defendants; **(4)** unjust enrichment as against Ramesh, Bhuwan, Abhilasha, and Xechem India; and **(5)** civil conspiracy as against all Defendants.

On January 24, 2014, Defendants moved to dismiss all claims (except for Count Twelve) asserted in the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition on March 12, 2014.  By way of an Opinion and Order dated April 30, 2014, the Court granted Defendant's motion to dismiss Plaintiff's claims with the exception of those for unjust enrichment against Ramesh and Bhuwan Pandey.  Defendants did not move to dismiss Count Twelve for unjust enrichment against Xechem India.  Plaintiff filed the instant motion for reconsideration of this Court's Opinion and Order dismissing his conspiracy claims on May 30, 2014.

## II.   LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be granted "very sparingly." *See* L. Civ. R. 7.1(i) cmt. 6(d); *see also Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).  A motion for reconsideration "may not be used to re-litigate old

matters" or argue new matters that could have been raised before the original decision was reached. *See, e.g., P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set [] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1.

The Court will reconsider a prior order only where a different outcome is justified by: 1) an intervening change in law; 2) the availability of new evidence not previously available; or 3) a need to correct a clear error of law or manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

## III.   DISCUSSION

As an initial matter, Local Civil Rule 7.1(i) imposes a 14-day time limit on the filing of motions for reconsideration: "Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Plaintiff's motion for reconsideration is governed by Rule 54(b), which, in relevant part, provides that "any order or other decision, however, designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." As a result, the 14-day time limit prescribed by Local Rule 7.1(i) governs. This Court's dismissal order was entered on April 30,

2014.   Plaintiff's motion for reconsideration was not filed until a month later, on May 30, 2014, which is two weeks past the deadline.  Accordingly, Plaintiff's motion could be denied on this basis alone.  For the sake of completeness, however, the Court will address Plaintiff's motion.

In his motion, Plaintiff neither argues that there has been an intervening change in the law, nor that new evidence compels a result different from the one this Court previously reached. Accordingly, to prevail on his motion for reconsideration, Plaintiff must establish either that this Court committed clear error in granting Defendants' motion to dismiss his conspiracy claims, or that reconsideration is appropriate to prevent manifest injustice.  *See N. River Ins. Co.*, 52 F.3d at 1218.

Plaintiff alleges that this Court "may have . . . missed" some of the "allegations and inferences available in the Second Amended Complaint . . . and the civil conspiracy claim may not have been dismissed with prejudice had these allegations and inferences been given their full weight." ((Pl.'s Mot. Reconsid. 1.)  Plaintiff argues that his Second Amended Complaint "alleged that defendants, together, conspired to hide the true ownership of Xechem India and benefited from that unlawful act.  These allegation are sufficient to survive a 12(b)(6) motion to dismiss." (Pl.'s Mot. Reconsid. 2.)  In short, Plaintiff seeks to relitigate an issue already ruled upon by this Court: namely, whether the Second Amended Complaint contained sufficient facts to make out a plausible conspiracy claim.  This Court already held that it did not.  *See* Opinion, CM/ECF No. 46, at 21-23.  In its prior opinion, this Court addressed Plaintiff's civil conspiracy claim and found that "[h]is Second Amended Complaint contain[ed] no factual allegations to support an *agreement* between the parties to deceive Xechem about its ownership of Xechem India." *Id.*, at p. 23 (emphasis in original).

4

Thus, it is clear to the Court that Plaintiff's motion seeks to re-argue matters that were previously presented to and rejected by this Court. Local Civil Rule 7.1(i) does not allow parties to restate arguments that the court has already considered. *See, e.g., G–69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). To that end, "[m]ere disagreement with a decision of the District Court should normally be raised through the appellate process and is inappropriate on a motion for reargument." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001) (clarifying that motions for reconsideration in this district are not "a substitute for the appellate process" or "an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers.")

This Court also notes that Plaintiff would not be able to maintain a civil conspiracy claim even if he had alleged sufficient facts upon which this Court could infer an agreement among the Defendants. Unjust enrichment is Plaintiff's only remaining claim. Because "civil conspiracy depends on the performance of some underlying tortious act," a claim of civil conspiracy cannot stand where there is no underlying tort. *Majewski v. Fischi*, 372 Fed. Appx. 300, 306 (3d Cir. Pa. 2010) (citing *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 407 (3d Cir. 2000)). New Jersey does not recognize unjust enrichment as an independent tort cause of action. *See Castro v. NYT Television*, 370 N.J. Super. 282, 299 (App. Div. 2004) (explaining that "the role of unjust enrichment in the law of torts is limited for the most part to its use as a justification for other torts such as fraud or conversion."); *Nelson v. Xacta 3000 Inc.*, No. 08–5426, 2009 WL 4119176, at *7 (D.N.J. Nov. 24, 2009) (dismissing unjust enrichment claim after finding that "New Jersey law does not recognize unjust enrichment as an independent tort cause of action"); *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 936 (3d Cir. 1999) ("In the tort setting, an unjust enrichment claim is essentially another way of stating a traditional tort

claim (i.e., if defendant is permitted to keep the benefit of his tortious conduct, he will be unjustly enriched).").

Therefore, in failing to establish that this Court overlooked any "*dispositive* factual or legal matter that was presented to it," Plaintiff has failed to sustain his burden of establishing that this Court committed clear error in granting Defendants' motion to dismiss his conspiracy claim. *McGovern*, 2008 WL 58820, at *2 (emphasis added). Moreover, to the extent Plaintiff seeks in the alternative to be given leave to amend his conspiracy claim, his request is denied because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.") (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

## IV.   CONCLUSION

Based on the reasons set forth above, Plaintiff's motion for reconsideration is **denied**.

An appropriate Order accompanies this Opinion.

Jose L. Linares
United States District Judge

Date:   July 8, 2014