NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT SWIFT,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 13-cv-00650-JLL-JAD |
| **RAMESH PANDEY, et al.,** | **OPINION AND ORDER** |
| **Defendants.** | |

### DICKSON, U.S.M.J.

This matter comes before the Court on the second application of *pro se* Defendant Bhuwan Pandey ("Defendant") for the appointment of *pro bono* counsel (ECF No.72) (the "Second Application") pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the Defendant's submissions, and based upon the following, it is the finding of the Court that Defendant's Second Application is **denied without prejudice**.

### I.    BACKGROUND

This matter involves a pro se Defendant's second application for appointment of pro bono counsel. This Court previously declined to appoint pro bono counsel to Defendant in an Opinion dated October 08, 2014. (ECF No. 67). The facts underlying Defendant's initial request for pro bono counsel are largely identical to those asserted in this renewed application.

1

In his initial application for pro bono counsel, Defendant cited numerous reasons why the appointment of counsel was needed, including (1) difficulty understanding the Court's questions and directions, (2) his lack of a mode of transportation to court hearings, (3) his unfamiliarity with using computers, and (4) his unfamiliarity with the court's procedures, rules, and regulations. (Appl. For Pro Bono Counsel, ECF No. 64). Defendant additionally explained that he could not attain an attorney due to his financial situation. (Id.). In the Second Application, filed on November 24, 2014, Defendant cited (1) his inability to afford counsel, (2) his inability to present the case properly without counsel, (3) his unfamiliarity with evidence and discovery rules, (4) his lack of a mode of transportation to court hearings, and (5) his unfamiliarity with computers and the court process as his basis for requesting the appointment of counsel. (Second Application, ECF No. 72).

## II.  LEGAL STANDARD

In *Tabron v. Grace*, the Third Circuit established specific guidelines for determining whether the appointment of *pro bono* counsel is warranted. *See* 6 F.3d 147, 155, 158 (3d Cir. 1993). The Third Circuit emphasized that, as a threshold matter, courts must analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation. *See id.* Only after a determination that an applicant's claim has merit in fact and law should a court move on to consider and evaluate the factors outlined in *Tabron. See Id.* at 155. The other *Tabron* factors include whether:

> (1) the *pro se* party lacks the ability to present an effective case without an attorney;
> (2) the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to

2

   translate understanding of the law into presentation of the proofs;
   (3) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
   (4) the case is likely to turn on credibility determinations;
   (5) the case will require expert testimony; and
   (6) the party is unable to attain and afford counsel on his/her own behalf.

See *Parham v. Johnson*, 126 F.3d 454, 357 (3d Cir. 1997*); Tabron,* 6 F.3d at 155-56.

   Courts must consider the ability of the party to present his or her case without the assistance of counsel. *See Id.* at 156. In making this determination, courts "generally should consider the party's education, literacy, prior work experience, and prior litigation experience." *Id.* Courts should "also consider the difficulty of particular legal issues...the degree to which factual investigation will be required and the ability of the indigent party to pursue investigation." *Id.*

### III. ANALYSIS

   In the Second Application, Defendant again requested appointment of pro bono counsel. This Court is not convinced of Defendant's inability to present his defense without an attorney, especially considering Defendant's coherent and well-organized letter dated November 10, 2014, setting out numerous defenses. Moreover, this Court finds that it is also unable to determine whether appointment of counsel is proper because Defendant has not provided sufficient information regarding his financial situation. It is not sufficient to merely state that one cannot afford counsel- the movant must provide sufficient financial information for the Court to properly analyze one's ability to retain counsel. Finally, as the status of this case has changed little since the Court's October 08, 2014 denial of Defendant's request for pro bono counsel, this Court finds no reason to now appoint pro bono counsel.

The Court notes, however, that Defendant may renew his application for pro bono counsel at any time. Furthermore, the Court retains the discretion to appoint counsel at any point during the litigation *sua sponte* pursuant to 28 U.S.C. § 1915(e).

### IV. CONCLUSION

For the reasons stated, Defendant's Second Application for appointment of *pro bono* counsel is **denied without prejudice**.

**SO ORDERED.**

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Jose L. Linares, U.S.D.J.