NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SWIFT,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RAMESH PANDEY et al.,<br><br>　　　　　　Defendants. | Civil Action No.: 13-650 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

In this action Plaintiff alleges that, as a result of the Defendants' actions to cover up the true ownership of Xechem India, Xechem lent money to Xechem India that it otherwise would not have, and that the Defendants used the money for their own personal gain. Presently before the Court is Defendants Ramesh Pandey and Bhuwan Pandey's Motion to Dismiss Plaintiff's Third Amended Complaint. (ECF No. 87).[1] The Court decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint.

---

[1] The Court notes that Defendants failed file the motion in accordance with the Local Civil Rules (*e.g.*, they did not include a notice of motion). However, given Defendants' *pro-se* status, the Court construes the brief as a motion in and of itself and issues this Order accordingly. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (noting obligation to liberally construe *pro-se* filings).

## **PROCEDURAL BACKGROUND**[2]

On January 31, 2013, Plaintiff filed a Complaint against Defendants Abhilasha Pandey, Bhuwan Pandey, and Ramesh Pandey. (ECF No. 1, Compl.) The Complaint included twelve causes of action, including unjust enrichment. (*Id.*) On March 28, 2013, Defendants Bhuwan Pandey and Ramesh Pandey filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) On July 1, 2013, the Court granted Defendants' Motion to Dismiss, and dismissed Counts Six and Seven with prejudice and the remaining Counts without prejudice, and terminated the civil case. (ECF No. 16.)

On August 5, 2013, Plaintiff filed an Amended Complaint. (ECF No. 17.) On August 23, 2013, the Court issued an Order reopening the civil case. (ECF No. 19.) On September 13, 2013, Defendants Bhuwan Pandey and Ramesh Pandey filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20.) On November 13, 2013, the Court granted the Motion to Dismiss and dismissed Counts Five, Ten, and Fifteen of the Amended Complaint with prejudice, and the remaining Counts without prejudice. (ECF No. 27.) Additionally, the Court directed Plaintiff to file a Second Amended Complaint by December 13, 2015 to cure the pleading deficiencies identified. (*Id.*)

On December 13, 2015, Plaintiff filed a Second Amended Complaint. (ECF No. 28.) On January 24, 2014, Defendants Bhuwan Pandey and Ramesh Pandey filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 36.) On April 30, 2014, the Court granted in part and denied in part Defendants' Motion to Dismiss. (ECF No. 45, Order.) Specifically, the Court dismissed the tort-based claims as barred by the applicable statute of limitations, but allowed

---

[2] The underlying facts of this case are well known to the parties and so the Court hereby incorporates the factual background from the Opinion dated April 30, 2014. (ECF No. 46 ("Apr. 30, 2014 Op.") at 1-4.)

the claims for unjust enrichment against Bhuwan Pandey, Ramesh Pandey, and Xechem India to proceed. (*See* Apr. 30, 2014 Op. at 19-21.) On May 30, 2014, Plaintiff moved for reconsideration of this Court's Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 50.) On July 8, 2014, this Court denied Plaintiff's Motion for Reconsideration. (ECF No. 55.)

On November 13, 2014, the Court entered a Pretrial Scheduling Order permitting Plaintiff time to file any motion to amend pleadings by February 15, 2015. (ECF No. 70.) On February 17, 2015, Plaintiff filed an unopposed Motion to File a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) in order to remove the tort claims that had been dismissed and to add a quantum meruit claim. (ECF No. 83.) On March 24, 2015, the Court granted Plaintiff's Motion to File Third Amended Complaint. (ECF No. 84.)

On March 27, 2015, Plaintiff filed a Third Amended Complaint against Bhuwan Pandey, Ramesh Pandey, and Xechem India alleging quantum meruit (Counts One, Two, and Three) and unjust enrichment (Counts Four, Five, and Six). (ECF No. 85.) On May 14, 2015, Defendants filed the instant Motion to Dismiss Plaintiff's Third Amended Complaint. (ECF No. 87 ("Mov. Br.").) On May 21, 2015, Plaintiff filed a brief in opposition to the motion. (ECF No. 89 ("Opp. Br.").) A review of the docket shows that Defendants did not file a reply brief. The motion is now ripe for resolution.

## LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

3

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (citations omitted).

## ANALYSIS

Defendants first argue that Plaintiff's claims are time-barred. (Mov. Br. at 10-14.) Alternatively, Defendants assert that the quantum meruit claims should be dismissed because the ownership of Xechem India was known to Xechem all along, the terms of the loans did not contain limitations on how the proceeds could be used, and the issue is better left to the jurisdiction of courts in India. (*Id.* at 14-19.) Defendants similarly move to dismiss the unjust enrichment claims on the grounds that the Third Amended Complaint fails to demonstrate how Xechem India's use of the loan proceeds was legally wrongful or how Plaintiff could successfully pierce Xechem India's corporate veil. (*Id.* at 20-25.) In response, Plaintiff argues that Defendants are merely rehashing already decided issues of law that were ruled on by this Court in the April 30, 2014 Opinion. (Opp. Br. at 2-3.) Plaintiff also asserts that his claims are not time-barred and that he

4

has sufficiently met the pleading requirements of Rule 8. (*Id.* at 3-7.)

The Court denies Defendants' motion to dismiss the unjust enrichment claims as moot. The Court has already expressly determined that the unjust enrichment claims are sufficient to proceed. (*See* Apr. 30, 2014 Op. at 19-21.) Any arguments not raised by Defendants in the previous motion with respect to the unjust enrichment claims are deemed waived. *See Flora v. Cnty. of Luzerne*, 776 F.3d 169, 174 n.8 (3d Cir. 2015) (noting that failure to raise argument in 12(b)(6) motion constitutes waiver); *see also In re 2435 Plainfield Ave., Inc.*, 72 F. Supp. 2d 482, 485 (D.N.J. 1999) aff'd, 213 F.3d 629 (3d Cir. 2000) ("Judge Stripp found that defendant waived the [an argument] by failing to raise it in its original motion to dismiss."). Furthermore, "[t]he law of the case doctrine limits relitigation of an issue once it has been decided in an earlier stage of the same litigation." *Hamilton v. Leavy*, 322 F.3d 776, 786 (3d Cir. 2003) (internal quotation omitted). "Courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication." *United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392, 397-98 (3d Cir. 2003) (quotation omitted). Thus, because Defendants have not demonstrated why the law-of-the-case doctrine should not apply, the Court denies Defendants' motion to dismiss the unjust enrichment claims as moot.

The Court also denies Defendants' motion to dismiss the quantum meruit claims. Although the quantum meruit claims were plead for the first time outside of the applicable six-year statute of limitations,[3] the Court finds that they sufficiently relate back to the original complaint. "The applicable statute of limitations in New Jersey is N.J.S.A. 2A:14-1 which, in part, provides: Every

---

[3] The parties do not dispute that New Jersey law applies to the quantum meruit claims. *See generally Am. Cyanamid Co. v. Fermenta Animal Health*, 54 F.3d 177, 180 (3d Cir. 1995).

5

action at law for . . . recovery upon a contractual claim or liability, express or implied, not under seal, or upon account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued." *Kopin v. Orange Products, Inc.*, 297 N.J. Super. 353, 374 (App. Div. 1997) (internal quotation marks omitted). "The issue for statute of limitations purposes is *when* the last service—regardless of its value—was rendered or performed in good faith." *Baer v. Chase*, 177 F. App'x 261, 264 (3d Cir. 2006). Here, Plaintiff alleges that the last transaction occurred in April 2007. (Third Am. Compl. ¶ 14 ("Between July 1, 2000 and April 16, 2007, Xechem sent by wire transfer or check $977,394 to Xechem India.")) Unlike the claims for unjust enrichment which were plead in the original complaint on January 13, 2013, Plaintiff raised claims of quantum meruit for the first time with the filing of the Third Amended Complaint on March 27, 2015. Thus, the claims for quantum meruit clearly fall outside the time period allowable under New Jersey law.

However, under Federal Rule of Civil Procedure 15(c)(1)(B), an amendment to a pleading relates back to the date of the original pleading where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "Where an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012) (citation omitted).

> "[I]t is well-established that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide. Thus,

6

> only where the opposing party is given fair notice of the general fact situation and the legal theory upon which the amending party proceeds will relation back be allowed."

*Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012) (internal quotation marks and citation omitted). Here, a review of the Third Amended Complaint shows that the claims for quantum meruit are practically identical to the unjust enrichment claims: both claims are premised on allegations that, as a result of the Defendants' actions to cover up the true ownership of Xechem India, Xechem lent money to Xechem India that it otherwise would not have, and that the Defendants used the money for their own personal gain. (*Compare* Third Am. Compl. ¶¶ 46-61 (quantum meruit claim against Ramesh Pandey), *with id.* ¶¶ 84-103 (unjust enrichment claim against Ramesh Pandey).) Thus, the Court is satisfied that Defendants had fair notice of the general fact situation and the legal theory surrounding the quantum meruit claims so that they sufficiently relate back to the filing of the original complaint and are not time-barred.

Furthermore, the Third Amended Complaint sufficiently alleges a claim for quantum meruit. "Quantum meruit is a form of quasi-contractual recovery and rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. Courts generally allow recovery in quasi-contract when one party has conferred a benefit on another, and the circumstances are such that to deny recovery would be unjust." *Starkey, Kelly, Blaney & White v. Estate of Nicolaysen*, 172 N.J. 60, 68 (2002) (quoting *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 437, 608 A.2d 280 (1992) (internal quotation marks and citation omitted). "To recover under a theory of quantum meruit, a plaintiff must establish: (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Id.*

7

(quoting *Longo v. Shore & Reich, Ltd.*, 25 F.3d 94, 98 (2d Cir. 1994) (internal quotation marks omitted). The Court has thoroughly reviewed the Third Amended Complaint and finds that Plaintiff has sufficiently plead the quantum meruit claims and met his burden under Rule 8 in that the allegations plausibly give rise to an entitlement for relief. *See Burtch*, 662 F.3d at 221.

## CONCLUSION

For the reasons above, the Court denies Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. (ECF No. 87.) An appropriate Order accompanies this Opinion.

DATED: September 8, 2015

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE