**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT SWIFT,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**RAMESH PANDEY, BHUWAN PANDEY, XECHEM (INDIA) PVT LTD.,**<br><br>   **Defendants.** | Civil Action No. 2:13-cv-650 (JLL) (JAD)<br><br>**OPINION** |

**JOSEPH A. DICKSON, U.S.M.J.**

  This matter comes before the Court upon Plaintiff Robert Swift's ("Plaintiff") Motion for Sanctions against Defendants Ramesh Pandey and Bhuwan Pandey (collectively "Defendants"). (ECF No. 88). Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiff's application. Upon careful consideration of the parties' submissions, (ECF Nos. 88, 90, 91, 92), and for the reasons stated below, Plaintiff's Motion for Sanctions is **GRANTED**.

  **I. BACKGROUND**

  Plaintiff filed a Complaint on January 31, 2013, against Ramesh Pandey, Bhuwan Pandey, and Xechem India. (Compl., ECF No. 1). On May 21, 2015, Plaintiff filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37, seeking, among other things, that the Court prohibit Defendants from contesting certain claims and that "Defendants be sanctioned for non-compliance with Court ordered discovery, not just once, but three times since the Court Ordered Discovery on November 13, 2014." (Pl. Br., ECF No. 88, at 1, 3).

On November 12, 2014, this Court held an Initial Conference and set a pretrial scheduling Order. (ECF No. 70). Plaintiff argues that although he has complied this Court's Orders, Defendants failed, on several occasions, to provide Plaintiff with the discovery he requested. (Pl. Br., ECF No. 88, at 3). Defendants opposed, arguing that Plaintiff's Motion for Sanctions is "nothing but a gross abuse of process of law." (Def. Opp. Br., ECF No. 90, at 5).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2) provides instances where sanctions may be sought in the District where the action is pending. Applicable in the instant case, Federal Rule 37(b)(2)(A) provides, in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Although this Court has broad discretion in determining whether sanctions are appropriate under Federal Rule of Civil Procedure 37, D&D Associates, Inc. v. Bd. of Educ. of N. Plainfield, No. 03-1026 (MLC), 2006 WL 1644742, at *4 (D.N.J. June 8, 2006), "sanctions are reserved for the most egregious violations." Starland v. Fusari, No. 10-cv-04930 (JLL) (MAH), 2012 WL 3277084 at *4 (D.N.J. 2012).

2

## III. DISCUSSION

Plaintiff requests that this Court impose Rule 37 sanctions on Defendants for their alleged failure to comply with Plaintiff's discovery requests. (Pl. Br., ECF No. 88, at 1). The crux of Plaintiff's argument is that although this Court provided "Defendants three opportunities to comply with [the] November 13, 2014 [discovery Order]" Defendants failed to comply. (Id. at 7). Due to Defendants' alleged non-compliance, Plaintiff requests that this Court:

1. [Prohibit] Defendants from opposing Plaintiff's allegations that Defendants are alter egos of Xechem (Pvt.) India ("Xechem") for purposes of this case;

2. [Prohibit] Defendants from opposing diversity jurisdiction over this case;

3. [Prohibit] Defendants from contesting venue in this case;

4. [Prohibit] Defendants from contesting the statute of limitations and time bar of this case;

5. [Order] that facts alleged in Plaintiff's complaints shall be taken to be established for the purposes of this case;

6. [Prohibit] Defendants from opposing Plaintiff's claims of quantum meruit and unjust enrichment;

7. [Prohibit] Defendants from introducing evidence that Defendants are not alter egos of Xechem (Pvt.) India for purposes of this case;

8. [Prohibit] Defendants from introducing evidence that there was a contract for the loan between Xechem India and Xechem for purposes of this case;

9. [Prohibit] Defendants from introducing evidence that Plaintiff is not entitled to 66-2/3% of Xechem India for purposes of this case;

10. [Prohibit] Defendants from introducing evidence that Plaintiff is not entitled to repayment of the loan for $977,385 plus interest of 22% made to Xechem India by Xechem for purposes of this case;

11. [Order] that Defendants are personally responsible for repayment of the loan for $977,385 plus interest of 22% made to Xechem India by Xechem for purposes of this case;

12. [Order] the striking out of all pleadings of Defendants, including their Motion to Dismiss dated May 12, 2015 with prejudice;

3

13. [Render] a judgment of default against the Defendants for purpose[s] of this case.

(Id. at 1).

Defendants responded to Plaintiff's Motion for Rule 37 Sanctions, arguing (1) that "the entire complaint of Swift is liable to be dismissed on the ground of territorial jurisdiction and limitation"; (2) that "defendants have already filed their response to the document requests and interrogatories"; and (3) that "Defendant asserts General Objection to each and every interrogatory . . . [because] Plaintiff has sought irrelevant and unreasonable information, not connected with the case in any way, thus putting uncalled for and unnecessary burden on defendants." (Def. Br., ECF No. 90, at 6-7).

Plaintiff replied, arguing that "Plaintiff has requested documents and interrogatories from Defendants that are relevant to Defendants' relationship to Xechem India and the issue of alter ego". (Pl. Rep. Br., ECF No. 91, at 1). Furthermore, Plaintiff argues that Defendants' allegations that Plaintiff "has all of the documents in his possession that were requested in discovery," and that Plaintiff's discovery demands are "irrelevant," "is false." (Id.). To the contrary, Plaintiff alleges that the information sought is "central to the issues" of this litigation. (Id.).

In short, Defendants, for the most part, argued for dismissal, which is wholly improper for several reasons,[1] rather than responding to Plaintiff's claim regarding their failure to answer discovery. Furthermore, this Court will lend no credence to Defendants' bald assertions, without specific argument, that they either wholly object to Plaintiff's discovery requests or, apparently in the alternative, they have fully answered Plaintiff's requests. Defendants have not provided

---

[1] For instance, the Honorable Jose L. Linares, U.S.D.J. already denied Defendants' Motion to Dismiss on September 8, 2015. (ECF Nos. 93, 94).

4

this Court with any proof that they have in fact answered Plaintiff's discovery requests. Defendants have also failed to provide any information to allow this Court to conclude that Plaintiff's discovery demands are irrelevant.

Courts have continuously exercised lenient standards with *pro se* parties. See e.g., Robinson v. Burlington Cnty. Bd. of Soc. Servs., No. 07-2717 (NLH), 2008 WL 4371765, at *2 (D.N.J. Sept. 18, 2008) ("since plaintiff is proceeding pro se, a more lenient standard is applied in determining whether the complaint states a claim that would entitle him to relief."). This leniency, however, should not be abused by *pro se* litigants. "[A]ll litigants, including *pro ses,* have an obligation to comply with Court orders." Creeden v. Home Depot, No. 06-3669 (JAG), 2007 WL 1521439, at *2 (D.N.J. May 23, 2007) (internal citation omitted). Nevertheless, issuing sanctions is entirely within this Court's discretion. See Fed. R. Civ. P. 37.

This Court notes the unique situation presented here in which all parties, up until recently,[2] were *pro se*. Defendants' complete lack of response, however, cannot be tolerated. Defendants filed an Answer and Counterclaims against Plaintiff on October 28, 2015, (ECF No. 107), in compliance with this Court's Order on October 16, 2015. (ECF No. 100). Accordingly, this Court shall suppress Defendants' defenses and strike their Answer and Counterclaims. (ECF No. 107). This Court has scheduled an in-person status conference with Plaintiff and Defendants' new counsel for February 17, 2016. (ECF No. 108). The Court will, in a properly filed Motion, returnable no later than February 17, 2016, entertain Defendants' counsel's

---

[2] Vijaysen Reddy Yellareddigari, Esq. entered an appearance on behalf of Bhuwan Pandey, and Ramesh Pandey on October 8, 2015. (ECF No. 97).

application to reinstate Defendants' Answer and Counterclaims, (ECF No. 107), upon proof of a full and complete response to Plaintiff's discovery requests.[3]

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions, (ECF No. 88), is **GRANTED**. An appropriate form of Order accompanies this Opinion.

							_____
							JOSEPH A. DICKSON, U.S.M.J.

cc.     Honorable Jose L. Linares, U.S.D.J.

---

[3] A full and complete response, may of course, include proper objections and assertions of privilege.