UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>JOSE L. LINARES<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>COURT ROOM 5D<br>NEWARK, NJ 07101<br>973-645-6042 |

November 30, 2015

**LETTER ORDER**

**Via ECF**
ROBERT SWIFT
7982 BAYSIDE DRIVE
FORT COLLINS, CO 80528
970-206-4622
Email: rswift1040@earthlink.net
PRO SE

VIJAYSEN REDDY YELLAREDDIGARI
CHUGH LLP
295 PIERSON AVENUE
EDISON, NJ 08837
732-205-8600
Email: vijay.yellareddigari@chugh.com
*Attorney for Ramesh Pandey, Bhuwan Pandey*

Re: ***Robert Swift v. Ramesh Pandey, Bhuwan Pandey and Xechem (India) Pvt, Ltd.*
Civil Action No. 13-650 (JLL) (JAD)**

Pending before the Court is Pro Se Plaintiff's Motion for Default Judgment against Defendant Xechem (India) Pvt, Ltd. pursuant to Federal Rule of Civil Procedure 55(b)(1). (ECF No. 114.) Plaintiff seeks judgment against Xechem in the amount of $10,460,593, plus interest, and associated fees and costs. (*Id.*) The motion is unopposed.

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

The Court denies Plaintiff's motion for failure to establish sufficient proof of service. In support of the Motion, Plaintiff does not submit a brief and instead "relies upon the record" and

an accompanying affidavit. (ECF No. 114.) Plaintiff's affidavit states as follows: "Complaint was served upon defendant Xechem (India) Pvt, Ltd. on July 6, 2015, no response has been served within the time allowed by law nor has defendant sought additional time within which to respond, and Default has been entered against defendant on October 7, 2015." (ECF No. 114.)

However, there is no evidence before the Court that shows that Xechem was actually served. On November 26, 2014, a summons was issued as to Xechem. (ECF No. 73.) On December 1, 2014, the Clerk of the Court mailed the summons to the Ministry of Law & Justice in New Delhi, India. (ECF No. 74.) Those are the only two docket entries relating to service of Xechem; there is nothing to indicate that service was actually executed after the summons was sent to the Ministry of Law & Justice in New Delhi, India.

Although the pro se plaintiffs are given considerable latitude in their submissions, they still bear the burden of showing why a motion—including one for default judgment—should be granted. *See Khater v. Puzino Dairy, Inc.*, No. 14-4618, 2015 WL 4773125 (D.N.J. Aug. 12, 2015) (adopting report and recommendation that pro se plaintiff's motion for default judgment be denied for failure to establish service of process). In the absence of either affirmative evidence showing execution of service, or a memorandum of law explaining how the steps taken here are adequate, the Court cannot conclude that there is sufficient proof of service and will deny Plaintiff's motion without prejudice.

For the foregoing reasons,

**IT IS** on this 30th day of November, 2015,

**ORDERED** that Plaintiff's Motion for Default Judgment against Defendant Xechem (India) Pvt, Ltd. (ECF No. 114) is DENIED without prejudice.

**IT IS SO ORDERED.**

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE