NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SWIFT,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RAMESH PANDEY et al.,<br><br>　　　　　　Defendants. | Civil Action No.: 13-650 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court on the second motion of Pro Se Plaintiff Robert Swift for default judgment as to Defendant Xechem (India) Pvt. Ltd. pursuant to Federal Rule of Civil Procedure 55. (ECF No. 128.) The Court has considered submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies the motion.

## BACKGROUND

In this action Plaintiff alleges that, as a result of the Defendants' actions to cover up the true ownership of Xechem (India) Pvt. Ltd., Xechem lent money to Xechem (India) Pvt. Ltd. that it otherwise would not have, and that the Defendants used the money for their own personal gain. On January 31, 2013, Plaintiff filed a Complaint against Defendants Abhilasha Pandey, Bhuwan Pandey, and Ramesh Pandey. (ECF No. 1, Compl.) On March 28, 2013, Defendants Bhuwan Pandey and Ramesh Pandey filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) On July 1, 2013, the Court granted Defendants'

1

Motion to Dismiss, and dismissed Counts Six and Seven with prejudice and the remaining Counts without prejudice, and terminated the civil case. (ECF No. 16.)

On August 5, 2013, Plaintiff filed an Amended Complaint against Defendants Abhilasha Pandey, Bhuwan Pandey, Ramesh Pandey, and Xechem (India) Pvt. Ltd. (ECF No. 17.) On August 23, 2013, the Court issued an Order reopening the civil case. (ECF No. 19.) On September 13, 2013, Defendants Bhuwan Pandey and Ramesh Pandey filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20.) On November 13, 2013, the Court granted the Motion to Dismiss and dismissed Counts Five, Ten, and Fifteen of the Amended Complaint with prejudice, and the remaining Counts without prejudice. (ECF No. 27.) Additionally, the Court directed Plaintiff to file a Second Amended Complaint by December 13, 2015 to cure the pleading deficiencies identified. (*Id.*)

On December 13, 2015, Plaintiff filed a Second Amended Complaint. (ECF No. 28.) On January 24, 2014, Defendants Bhuwan Pandey and Ramesh Pandey filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 36.) On April 30, 2014, the Court granted in part and denied in part Defendants' Motion to Dismiss. (ECF No. 45, Order.) Specifically, the Court dismissed the tort-based claims as barred by the applicable statute of limitations, but allowed the claims for unjust enrichment against Bhuwan Pandey, Ramesh Pandey, and Xechem India to proceed. (*See* Apr. 30, 2014 Op. at 19-21.) On May 30, 2014, Plaintiff moved for reconsideration of this Court's Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 50.) On July 8, 2014, this Court denied Plaintiff's Motion for Reconsideration. (ECF No. 55.)

On March 27, 2015, pursuant to Court Order, Plaintiff filed a Third Amended Complaint against Bhuwan Pandey, Ramesh Pandey, and Xechem India alleging quantum meruit (Counts

One, Two, and Three) and unjust enrichment (Counts Four, Five, and Six). (ECF No. 85.) On May 14, 2015, Defendants Bhuwan Pandey and Ramesh Pandey filed a Motion to Dismiss Plaintiff's Third Amended Complaint. (ECF No. 87.) On September 8, 2015, the Court denied the motion to dismiss. (ECF No. 94.)

On October 5, 2015, Plaintiff filed a request for default as to Defendant Xechem (India) Pvt. Ltd., which the Clerk granted on October 7, 2015. (ECF No. 96.)

On November 9, 2015, Plaintiff filed a motion for default judgment as to Defendant Xechem (India) Pvt. Ltd. (ECF No. 114.) On November 30, 2015, the Court denied the motion for default judgment for failure to establish sufficient proof of service. (ECF No. 121.) On December 14, 2015, United States Magistrate Judge Joseph A. Dickson granted Plaintiff's request to file a renewed motion for default judgment, and extended the deadline to file on February 17, 2016. (ECF Nos. 123, 127.)

On February 24, 2016, Plaintiff filed the instant second Motion for Default Judgment as to Xechem (India) Pvt. Ltd. pursuant to Federal Rule of Civil Procedure 55(b)(1). (ECF No. 128.) Plaintiff seeks judgment against Xechem in the amount of $11,184,552. (*Id.*) Plaintiff filed an affidavit in support of the motion. (ECF No. 128-1 ("Aff.").) The motion is unopposed.

## **LEGAL STANDARD**

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). "[I]f a default judgment had been entered when there had not been proper service, the

3

judgment is, a fortiori, void, and should be vacated." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995). Furthermore, "[a] default judgment entered without personal jurisdiction over the defendant is void." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (citation omitted).

## ANALYSIS

### A. Service of Process

With respect to the first prong, the Federal Rules of Civil Procedure states the following with respect to serving a corporation:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a . . . foreign corporation . . . must be served:
>
> (1) in a judicial district of the United States:
>
>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed R. Civ. P. 4(h). Rule 4(f) allows for service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on

4

the Service Abroad of Judicial and Extrajudicial Documents." (hereinafter the "Hague Convention"[1]). Fed. R. Civ. P. 4(f)(1).

Here, Plaintiff's affidavit states as follows:

> 2. On November 26, 2014 a Summons and Complaint were sent to Central Authority in India pursuant to the Hague Convention (See Docket, 11/26/2014). Plaintiff attempted to serve Xechem (India) Pvt. Ltd through the Central Authority in India pursuant to the Hague Convention at their last known address and the address listed in the records of the Ministry of Corporate Affairs for India, but Xechem (India) Pvt, Ltd. was not found at either address (Exhibit I). Xechem (India) Pvt, Ltd Company Status is listed as Dormant in the Ministry of Corporate Affairs records (Exhibit 2).
>
> 3. Pursuant to Rule 4 (h), Plaintiff served an Officer and Director of Xechem (India) Pvt, Ltd.; Ramesh Pandey. The Ministry of Corporate Affairs for India lists Ramesh Pandey as the point of contact for Xechem (India) Pvt, Ltd.
>
> 4. Ramesh Pandey is also a Defendant in this action and Ramesh authorized the Court to send documents in this case to his email address: Ramesh@gdpau.com.
>
> 5. On July 6, 2015, two copies of the Third Amended Complaint and Waiver of Service were emailed to Ramesh Pandey at Ramesh@gdpau.com and mailed certified (Exhibit 3) to Ramesh Pandey's condominium address at 30 South Adelade Ave, #8M, Highland Park, NJ, 08904.
>
> 5. [sic] More than sixty (60) days have elapsed since the Ramesh Pandey was served for Xechem (India) Pvt. Ltd and Xechem (India) Pvt. Ltd has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, nor has Xechem (India) Pvt. Ltd sought additional time within which to respond.

---

[1] The Hague Convention, adopted in 1965, had as its purpose the creation of an "appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time." *See* Hague Convention, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163. The Hague Convention was intended to "provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive *actual* and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988) (emphasis added). "The Hague Convention authorizes several different mechanisms for effectuating service of process. The primary vehicle, established in Articles 2 through 7, requires each participating country to set up a Central Authority to monitor and ensure proper service." *EOI Corp. v. Med. Mktg. Ltd.*, 172 F.R.D. 133, 136 (D.N.J. 1997).

(Aff.)

Plaintiff has failed to establish sufficient proof of service on Xechem (India) Pvt. Ltd. First, Plaintiff's affidavit states that Xechem (India) Pvt. Ltd. was not served in India. He does not argue (or provide legal support) that such attempt alone is sufficient to satisfy his service requirement. In other words, Plaintiff does not explain how sending service to the Central Authority is sufficient when the foreign defendant is not actually served. Second, Plaintiff has not shown why alternate service on Xechem (India) Pvt. Ltd. via Ramesh Pandey is otherwise appropriate. Plaintiff provides no basis (including citation to the Rules or other legal support) for why service via certified mail and email on Ramesh Pandey—the alleged "point of contact" for Xechem (India) Pvt. Ltd., who in this action entered an appearance on behalf of himself personally—was an appropriate alternate method of service on Xechem (India) Pvt. Ltd. under the Rules. It is not an alternate method that was approved by the Court. (*See* ECF No 69 (denying without prejudice request for alternate service)).[2] And even though Ramesh Pandey submitted a "Consent & Registration Form to Receive Documents Electronically," that form explicitly states that "[d]ocuments that are not permitted to be served electronically are pleadings that are to be served with process under Fed. R. Civ. P. 4." (ECF No. 60.) Accordingly, the second motion for default judgment as to Defendant Xechem (India) Pvt. Ltd. shall be denied without prejudice for failure to establish sufficient service of process.

### B. Personal Jurisdiction

It is unclear whether the Court has personal jurisdiction over Xechem (India) Pvt. Ltd. As noted, "[a] default judgment entered without personal jurisdiction over the defendant is void."

---

[2] Furthermore, "[s]ervice by mail, alone, however, is insufficient to effectuate service in accordance with Rule 4(h). The rule clearly requires personal delivery . . . ." *See Mettle v. First Union Nat. Bank*, 279 F. Supp. 2d 598, 602 (D.N.J. 2003)).

6

*Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (citation omitted).

> In general, courts may not *sua sponte* dismiss complaints for lack of personal jurisdiction. When a plaintiff seeks the entry of a default judgment, however, this principle is turned on its head as courts have an affirmative obligation to ensure that personal jurisdiction is proper over each defendant against whom such a judgment is sought.

*Allaham v. Naddaf*, No. 13-3564, 2015 WL 3421464, at *1 (E.D. Pa. May 28, 2015) *aff'd*, No. 15-2575, 2015 WL 9241249 (3d Cir. Dec. 17, 2015).

A district court sitting in New Jersey may exercise personal jurisdiction over a non-resident defendant if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Henry Heide, Inc. v. WRH Prods. Co., Inc.*, 766 F.2d 105, 108 (3d Cir. 1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In general, "[j]urisdiction is proper . . . where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)) (emphasis in original). Furthermore, the Hague Convention is not a means of asserting personal jurisdiction over a foreign defendant. *See DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 289 (3d Cir. 1981) ("[W]e do not believe that the [Hague Convention] in any way affects a state's chosen limits on the jurisdictional reach of its courts."); *Shenouda v. Mehanna*, 203 F.R.D. 166, 171 (D.N.J. 2001) (noting that "the [Hague] Convention does not confer personal jurisdiction").

Here, the Third Amended Complaint alleges that Xechem (India) Pvt. Ltd. is based in New Delhi, India and that it kept the loan at issue in banks in India. (ECF No. 85 at 3-4, ¶¶ 10, 16.) Based on the submissions filed by Plaintiff in support of the instant motion, the Court is unable to

7

determine whether it has personal jurisdiction over Xechem (India) Pvt. Ltd. Accordingly, the Court denies the second Motion for Default Judgment for this reason as well.[3]

### C. Amount of Judgment

Finally, Plaintiff has failed to support his claim for damages. The underlying claim is based on a loan of $977,394 to Xechem (India) Pvt. Ltd. (*see* Third Am. Compl. ¶ 14), but Plaintiff is seeking over $11 million after applying interest (*see* ECF No. 128, Ex. 1). Plaintiff fails to provide evidentiary support for how he arrived at this amount, and the document purporting to show the amount owed appears to be a spreadsheet generated by Plaintiff. (*Id.*) This is insufficient. *See Blythe v. Marauder Corp.*, 2010 WL 3609789, at *2 (D.N.J. Sept. 16, 2010) (denying motion for default judgment without prejudice in part because "the motion for default judgment fails to adequately detail the basis for the calculation of the damages sought.")

Plaintiff should be aware that if this Court were to grant default judgment against Xechem (India) Pvt. Ltd. in due course as to liability, the Court would require more than the current submission to properly determine the amount of damages. *See* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings . . . [if] it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence[.]").

### CONCLUSION

For the reasons above, Plaintiff's second motion for default judgment as to Xechem (India) Pvt. Ltd. (ECF No. 128) is denied without prejudice. If Plaintiff is to ultimately file a third motion for default judgment as to Defendant Xechem (India) Pvt. Ltd., he must include a brief in

---

[3] "Once a proper jurisdictional objection is raised, the plaintiff bears the burden of proving the facts necessary to establish the minimum contacts the Constitution requires." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993) (citation omitted).

accordance with Local Civil Rules 7.1 and 7.2 to address the issues identified in this Opinion. Any amended filing/additional submission, particularly with respect to service, must be supported by citation to applicable rules or case law supporting Plaintiff's position.

JOSE LINARES
UNITED STATES DISTRICT JUDGE