**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SWIFT,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH PANDEY, et al.,<br><br>Defendants. | Civil Action No. 13-650 (JLL)<br><br>**OPINION** |

**LINARES, District Judge.**

This matter comes before the Court by way of Plaintiff Robert Swift ("Swift")'s Motion to Dismiss the Counterclaims of Defendants Ramesh Pandey ("Ramesh") and Bhuwan Pandey ("Bhuwan") (collectively "Pandey" or "Defendants"). (ECF No. 159). The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Swift's Motion to Dismiss is granted.

## BACKGROUND[1]

In this action Swift alleges that, as a result of the Pandeys' actions to cover up the true ownership of Xechem (India) Pvt. Ltd., Xechem lent money to Xechem (India) Pvt. Ltd. that it otherwise would not have, and that the Pandeys used the money for their own personal gain.[2]

---

[1] Because the facts of this matter are well known to the parties, and set forth at length in this Court's prior opinions—*see* ECF No. 15 ("7/1/13 Op."), ECF No. 26 ("11/13/13 Op."), ECF No. 46 ("4/30/14 Op."), ECF No. 54 ("7/8/14 Op."), ECF No. 93 ("9/8/15 Op."), ECF No. 136 ("3/22/16 Op.")—the Court provides them in summary fashion as necessary to provide context for this Court's instant review.
[2] Swift's operative pleading is presently his Third Amended Complaint. (*See* ECF No. 85 ("3d Am. Compl."); *see also* ECF No. 94, 9/8/15 Order denying motion to dismiss 3d Am. Compl.)

1

The Pandeys counterclaim that Swift, as a member of the board of directors, caused Xechem to go into bankruptcy in order to purchase Xechem's assets at a liquidation price. Specifically, on October 28, 2015, the Pandeys filed an Answer to Swift's Third Amended Complaint, which includes three counterclaims against Swift: fraud, breach of fiduciary duty, and unjust enrichment. (ECF No. 107.)³ Presently before the Court is Swift's Motion to Dismiss the Counterclaims. (ECF No. 159 ("Mov. Br.").) The Pandeys filed opposition (ECF No. 163 ("Opp. Br.")) and Swift replied (ECF No. 164 ("Reply Br.")).

## LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements the plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly

---

³ On October 30, 2015, United States Magistrate Judge Joseph A. Dickson struck the Answer and Counterclaims from the record due to the Pandeys' failure to comply with discovery obligations (ECF Nos. 109, 110), but ultimately reinstated the Answer and Counterclaim on June 14, 2016. (ECF No. 148.)

give rise to an entitlement for relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations and internal quotations omitted). Stated differently, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 127 (3d Cir. 2016) (quoting *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014)) (internal quotations omitted).

The Court's role is not to determine whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). The Court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## DISCUSSION

Swift moves for dismissal of the counterclaims on various grounds. (*See* Mov. Br. at 5-6.) First, Swift argues that the Pandeys lack standing to assert the claims, since the claims belong to Xechem. Second, Swift argues that the counterclaims are a shareholder derivative suit that fail for lack of damages. According to Swift, any recovery would ultimately inure to the benefit of Swift, since he purchased all of Xechem's assets at a bankruptcy auction. Third, Swift contends that the counterclaims are barred by *res judicata* or claim preclusion as a result of the Bankruptcy Court's confirmation order. Finally, Swift argues that the counterclaims for fraud and breach of fiduciary

duty are time-barred, based on application of the Delaware statute of limitations, which this Court previously found applicable to Swift's same claims. (*See* 4/30/14 Op.)

In opposition, the Pandeys first argue that the motion should be denied due to Swift's failure to abide by Local Civil Rule 7.2.[4] (Opp. Br. at 1-2.) More fundamentally, they next argue that the Counterclaims are against Swift as an individual for the losses the Pandeys suffered as individuals; in other words, the Pandeys argue that the Counterclaims are not derivative of any claim by or against Xechem. (*Id.* at 2-5.) On that basis, the Pandeys further argue that the Counterclaims are not barred by *res judicata*. (*Id.* at 5.) Finally, the Pandeys contend that the Counterclaims are not time-barred, arguing that New Jersey's six-year statute applies instead. (*Id.* at 5-7.)

### A. Counterclaims One (Fraud) and Two (Breach of Fiduciary Duty) are Time-Barred

This Court previously determined, after detailed analysis, that Delaware's three-year statute of limitations applies to breach of fiduciary duty and fraud claims arising from actions taken on behalf of, or in relation to, the internal affairs of Xechem. (*See* 4/30/14 Op. at 5-13.)[5]

Under the law of the case doctrine, courts should refrain from re-deciding issues that were resolved earlier in litigation. *See Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron*, 123 F.3d 111, 116 (3d Cir. 1997). Here, the Pandeys do not address this Court's prior statute of limitations finding, nor do they suggest that the finding was in error. Rather, the Pandeys mistakenly presume that New Jersey's six-year limitations period applies. (*See* Opp. Br. at 5-7.)

---

[4] The Pandeys correctly note that Swift "failed to provide a brief that contains a table of contents and table of authorities, failed to follow the double-spaced text requirement, failed to file a proposed order, and failed to file a certificate of service." (Opp. Br. at 2.) The Court declines to deny the motion on these grounds, but once again advises Plaintiff that he is subject to the Local Civil Rules.

[5] Although the April 30, 2014 Opinion discussed only a breach of fiduciary duty claim, the same analysis applies to fraud claims. *See In re Am. Int'l Grp., Inc.*, 965 A.2d 763, 812 (Del. Ch. 2009*), aff'd sub nom. Teachers' Ret. Sys. of Louisiana v. PricewaterhouseCoopers LLP*, 11 A.3d 228 (Del. 2011) ("For a breach of fiduciary duty or fraud claim, the statute of limitation is three years.") (citing 10 Del. C. § 8106(a)).

4

For the same reasons set forth in this Court's April 30, 2014 Opinion, the Court holds that Delaware's three-year statute of limitations applies to the fraud and breach of fiduciary duty Counterclaims. Accordingly, they shall be dismissed *with* prejudice as untimely since the Pandeys acknowledge that the limitations period began to run on November 9, 2008, meaning that they were untimely by the time Swift commenced this action in January 2013. (*See* Opp. Br. at 7; *see also* 4/30/14 Op. at 14-16 (dismissing Swift's breach of fiduciary duty claim as untimely).)

### B. Counterclaim Three (Unjust Enrichment) Fails to State a Claim

Assuming for purposes of this opinion only that the Pandeys' Counterclaims are not derivative and that they have standing to assert this claim,[6] it must be dismissed for failure to meet the pleading requirements of Rule 8.

As previously noted by this Court, to state a claim for unjust enrichment under New Jersey law,[7] a Plaintiff must establish that the "defendant received a benefit and that retention of that benefit without payment would be unjust" and that Plaintiff "expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994).

Here, the Counterclaim is entirely formulaic and conclusory and must be dismissed. For example, the Pandeys allege in connection with the fraud count that "[Swift] knowingly made false assertions to the Defendants to secure trust" and that he "subsequently drove a successful corporation (Xechem) to bankruptcy so that he may buy the corporation at a liquidation price and

---

[6] The parties both briefed this issue in conclusory fashion. As such, the Court declines to substantively analyze it at this time since this Counterclaim must nevertheless be dismissed for failure to state a claim.

[7] The parties agree that New Jersey law applies to this claim. (*See* Mov. Br. at 6, Opp. Br. at 5; *see also* 4/30/14 Op. at 19-21 (applying New Jersey law and denying Defendants' motion to dismiss Swift's unjust enrichment claim).) Again, under the law of the case doctrine, the Court applies the same statute of limitations to the Counterclaims as it did to Swift's claims.

5

take ownership of all the property." (¶¶ 4, 5.) "Swift acquired license for 5-HMF pharmaceutical drug, the intellectual property and product of Xechem and managed to transfer them to another pharmaceutical company where [Swift] had vested interest." (¶ 6.) The same allegations are repeated in connection with the breach of fiduciary duty claim. (*See* ¶¶ 9-11.) For the unjust enrichment claim itself, the Pandeys incorporate the preceding allegations and then simply state in conclusory fashion that "[Swift's] self-dealing of Xechem assets and property caused him to make significant profits at a company where he had vested interest with 5-HMF pharmaceutical drug." (¶ 15.)

Such vague and conclusory allegations do not pass muster. As noted, "[a] claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court cannot infer from the Pandeys' conclusory allegations that Swift is liable for unjust enrichment. Accordingly, this Count shall be dismissed *without* prejudice.

## CONCLUSION

For the foregoing reasons, Swift's Motion to Dismiss the Counterclaims is granted. Counterclaims One and Two (Fraud and Breach of Fiduciary Duty) are dismissed *with* prejudice as time-barred. Counterclaim Three (Unjust Enrichment) is dismissed *without* prejudice with right to replead in accordance with this Court's Opinion.

DATED: August 10, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE