**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SWIFT,<br>　　　　　Plaintiff,<br><br>v.<br><br>RAMESH PANDEY, *et al.*,<br>　　　　　Defendants. | Civil Action No.: 13-650 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of *pro se* Plaintiff Robert Swift's Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Federal Rule of Civil Procedure 56.1 (ECF No. 174). Defendants Ramesh Pandey and Bhuwan Pandey have submitted Opposition (ECF No. 187), which Plaintiff has replied to. (ECF No. 193). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Plaintiff's Motion for Partial Summary Judgment.

## I. BACKGROUND[1]

Plaintiff is a Colorado resident who, at a public bankruptcy auction, "purchased all right, title and interest in any and all assets in Xechem International, Inc." (TAC ¶ 4). The purchase included any stock of an affiliated Indian corporation, Xechem India Pvt. Ltd. ("Xechem India"). (Id.). This transaction took place on August 24, 2011. (Id.). It is undisputed that Defendant Ramesh, along with Defendant Bhuwan, founded of Xechem International, Inc. ("Xechem International") in 1994, and that Defendant Ramesh served as its Chief Executive Officer, President, and Chairman of the Board of Directors. (See Pl. SMF ¶ 1; ECF No. 187 ("Def. SMF") at 5, ¶ 1). Defendant Bhuwan served as the company's General Manager and Director as well as Vice President of International Operations. (TAC ¶ 12).

From the years of 1994 through 2006, Defendant Xechem India was a subsidiary of Xechem International. (Pl. SMF ¶ 2). Xechem India is based out of New Delhi, India and is owned and operated by Defendants Ramesh and Bhuwan. (TAC ¶ 9). The essence of Plaintiff's allegations is that Xechem India was a "shell company" that the Defendants used to funnel money out of Xechem International for their own financial benefit. (See, e.g., Id. at ¶¶ 46-74). In 1998, Defendant Ramesh transferred nearly all of his shares in Xechem India to Defendant Bhuwan, who, as of August 2007, owned nearly 100 percent of its stock. (Id. at ¶ 32-33). Plaintiff joined Xechem's board of directors in May 2007. (Id. at ¶ 39).

---

[1] These background facts are taken from the Plaintiff's statements of material facts, pursuant to Local Civil Rule 56.1. (ECF No. 174, Plaintiff's Rule 56.1 Statement of Facts ("Pl. SMF")), as well as Plaintiff's Third Amended Complaint (ECF No. 85 ("TAC")). The Court notes that Plaintiff's Motion for Partial Summary Judgment contains only eight Statements of Undisputed Material Fact, which do not provide sufficient factual background. Accordingly, reliance on the TAC, and Defendants' Answer thereto, is necessary to provide a more complete factual recitation of the issue in dispute. For purposes of this Motion, the Court does not necessarily accept the allegations extracted from the TAC to be true, and merely uses same to provide a more robust factual background.

Plaintiff alleges that Xechem International wired Xechem India $977,394, supposedly as a loan, but that there was no contract between the entities supporting said loan. (Id. at ¶ 20). Plainitff believes that "[Defendant] Ramesh and [Defendant] Bhuwan used the money [from the purported laon] ... for travel, to buy assets held by Xechem India, including cars, land ... and to pay for the day-to-day operation of Xechem India, including money to their relatives", but fails to provide any evidence in support of this contention. (TAC ¶ 17, cf. Pl. SMF). At a May 2007 meeting of Xechem International's board of directors, "[t]he Board inquired as to the need for an accounting of the source and use of the funds as soon as possible, to determine the advisability and cost of funding Xechem India." (TAC ¶ 41). Defendant Ramesh told the board that $700,000 had been lent from Xechem International to Xechem India, that $100,000 of that loan had been sent recently, "and that Xechem India did not have significant assets to date." (Id.).

Defendant Ramesh was subsequently removed from his position as Chief Executive Officer, President, and Board Chairman of Xechem International in July 2007. (Id. at ¶ 43). In 2008, Xechem International filed for Bankruptcy protection. Plaintiff asserts that Xechem India has not repaid the principal or interest on the loan from Xechem International. (Id. at ¶¶ 47-54). The gravamen of Plaintiff's TAC is that Defendants did not give Xechem International's board adequate notice that Xechem India was not a subsidiary of Xechem Internaitonal. (Id. at ¶ 45). According to Plaintiff, had the board known this fact, Xechem International's "board of directors would not have authorized" the loan. (Id. at ¶ 45).

Accordingly, Plaintiff brought this action on January 31, 2013. (ECF No. 1). After substantial motion practice and numerous amendments, the TAC became the operative complaint. The TAC contains six counts asserting the following causes of action: Count I – "*Quantum Meruit*

by [Defendant] Ramesh;" Count II – "*Quantum Meruit* by [Defendant] Bhuwan;" Count III – "*Quantum Meruit* by Xechem India;" Count IV – "Unjust Enrichment by [Defendant] Ramesh; Count V – "Unjust Enrichment by [Defendant] Bhuwan;" and Count VI – "Unjust Enrichment by Xechem India." (*See generally* TAC). Plaintiff previously moved for partial summary judgement on November 9, 2015 (ECF No. 113), but this Court administratively terminated same, without prejudice, as it was made without the requisite leave to file such a motion in contravention of the pretrial scheduling order. (ECF No. 116). Plaintiff was finally granted leave to file his Motion for Partial Summary Judgment and the instant application followed.

Plaintiff's Motion for Partial Summary Judgment requests that this Court enter an Order granting judgment in his favor, as a matter of law. (*See* ECF No. 174 ("Pl. Mov. Br.")). Specifically, Plaintiff argues that the evidence elicited during discovery clearly shows that Defendants Ramesh and Bhuwan are liable for Unjust Enrichment, Promissory Estoppel, and Equitable Estoppel. (Pl. Mov. Br. at 6-9).

## II.  LEGAL STANDARD

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists no "genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[T]he moving party must show that the non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

4

The Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 242-43 ("At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

### III. ANALYSIS

Preliminarily, the Court notes that Plaintiff has moved for summary judgment for two causes of action which were not included in his TAC. *See* TAC *cf.* Pl. Mov. Br. Specifically, Plaintiff moves for partial summary judgment for claims of promissory estoppel and equitable estoppel. (Pl. Mov. Br. at 7-9). Yet, Plaintiff's TAC makes no mention of these claims. (*See generally* TAC).

Rule 8(a) of the Federal Rules of Civil Procedure mandates that a plaintiff's complaint set forth: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) *a short and plain statement of the claim showing that Plaintiffs are entitled to relief*; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a)(emphasis added). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only fair notice, but also the grounds on which the claims rests." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)(citation omitted). The Court recognizes that complaints filed *pro se* are "to be liberally construed," and that the Court is obligated to use "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam). However, the relaxed standard does not relieve a *pro se* litigant of the duty to give fair

notice. "[A] situation may arise where . . . *the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.*" *Phillips*, 515 F.3d at 233 (citation omitted) (emphasis added).

In this matter, Plaintiff has, at no point ever, put any Defendant on notice that he was asserting claims for promissory estoppel and equitable estoppel. Moreover, by failing to plead these causes of action, Plaintiff has not provided Defendants with any factual allegations associated therewith. Allowing such a claim to proceed would not comport with the notions of fairness that underlie Rule 8(a), nor would it be consistent with *Phillips*, *supra*. Thus, the Court denies Plaintiff's Motion for Partial Summary Judgment as it pertains to the unplead claims of promissory estoppel and equitable estoppel.

Furthermore, the Court denies Plaintiff's Motion for Partial Summary Judgment as to the unjust enrichment claims. To succeed on a claim for unjust enrichment under New Jersey law, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. V. GKN Realty Corp.*, 135 N.J. 539, 554 (N.J. Sup. Ct. 1994); *see also Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 108 (N.J. Super. Ct. App. Div. 1966). Additionally, for an unjust enrichment claim to succeed, there must be a showing that "the *plaintiff expected remuneration from the defendant*, or if the true facts were known to plaintiff, he would have expected remuneration from defendant, at the time the benefit was conferred." *Callano*, 91 N.J. Super. at 109 (emphasis added); *see also VRG Corp.*, 135 N.J. at 554.

Here, even if the Court were to accept every single one of Plaintiff's Statement of Undisputed Material Facts as true, Plaintiff still would not be entitled to judgment as a matter of

6

law. Rather, the Statement of Undisputed Material Facts establish that Defendant Ramesh founded Xechem International and made it a public company in 1994. (Pl. SMF ¶ 1). Additionally, Plaintiff's Statement of Undisputed Material Facts also describes Defendant Ramesh's various positions with the company. (Id.). Those statements also explain that Xechem India was publicly held out to be a subsidiary of Xechem International on Xechem International's annual financial statements and on an agreement between Xechem India and an Indian University. (Pl. SMF ¶¶ 2-3).

Plaintiff's Statement of Undisputed Statement of Material Facts also establish that Defendant Bhuwan "sent a letter to the Embassy of the United States of America in India requested [*sic*] a visa ... to visit Xechem [International] in the U.S. and in that letter [Defendant] Bhuwan [] states that Xechem India ... is a subsidiary of Xechem International." (Pl. SMF ¶ 4). Moreover, said statements also show that there was a purported transfer of 66 2/3% of Xechem India assets to Xechem International, but that said transfer never took place. (Pl. SMF ¶¶ 5-6). Finally, it is undisputed that there is a contract governs the aforementioned transfer of assets. (Pl. SMF ¶ 8).

The Court cannot, based on the aforementioned Statement of Undisputed Material Facts and the record before it, grant Plaintiff's motion. This is because nowhere within the record does Plaintiff point to facts or evidence that show Defendants received any benefit. Plaintiff Defendants benefited from the aforementioned transfer of assets and purported loan from Xechem India to Xechem International. However, Plaintiff fails to explain how these transactions actually benefited Defendants and does not provide any evidence to show that Defendants enjoyed any benefits from same. Thus, this Court concludes that a genuine issue of material fact exists with regards as to whether Defendants ever received a benefit from the subject transactions.

More importantly, even if the transfer of assets and the purported loan from Xecehm International to Xechem India, a loan that Defendants dispute the existence of and that Plaintiff has failed to provide evidence in support of (Def. SMF ¶ 7), could somehow be construed as a benefit to Defendants, Plaintiff's Motion for Partial Summary Judgment for unjust enrichment still fails. Indeed, neither the record nor Plaintiff's Statement of Undisputed Material Facts show that Plaintiff ever expected remuneration in connection with these transactions. As a matter of fact, Plaintiff's relationship with Defendants and involvement with Xechem International's Board of Directors occurred years *after* the complained of transactions. Furthermore, Plaintiff has introduced no evidence that he would have expected remuneration, had he known about said transactions. Accordingly, the Court finds that Plaintiff has not provided this Court with sufficient evidence for it to conclude that there is no genuine issue of material fact that he expected remuneration in connection with the aforementioned transactions, let alone was deprived of same. Hence, Plaintiff has failed to establish that he is entitled to summary judgment as to his unjust enrichment claims and his motion for same is denied.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Partial Summary Judgment is hereby denied. An appropriate Order accompanies this Opinion.

DATED: March 27, 2017

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE