NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SWIFT, <br><br> Plaintiff, <br><br> v. <br><br> RAMESH PANDEY, *et al.*, <br><br> Defendants. | Civil Action No.: 13-650 (JLL) <br><br> OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of *pro se* Plaintiff Robert Swift's Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1 (ECF No. 216). Defendants Ramesh Pandey and Bhuwan Pandey have not submitted Opposition. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Plaintiff's Motion for Partial Summary Judgment.

## I. BACKGROUND[1]

Plaintiff is a Colorado resident who, at a public bankruptcy auction, "purchased all right, title and interest in any and all assets in Xechem International, Inc." (TAC ¶ 4). The purchase

---

[1] These background facts are taken from the Plaintiff's statements of material facts, pursuant to Local Civil Rule 56.1. (ECF No. 216, Plaintiff's Rule 56.1 Statement of Facts ("Pl. SMF")), as well as Plaintiff's Third Amended Complaint (ECF No. 85 ("TAC")). The Court notes that Plaintiff's Motion for Partial Summary Judgment contains only eleven Statements of Undisputed Material Fact, which do not provide sufficient factual background. Accordingly, reliance on the TAC, and Defendants' Answer thereto, is necessary to provide a more complete factual recitation of the issue in dispute. The Court does not necessarily accept the allegations extracted from the TAC to be true, and, for purposes of this Motion, merely uses same to provide a more robust factual background.

included any stock of an affiliated Indian corporation, Xechem India Pvt. Ltd. ("Xechem India"). (Id.). This transaction took place on August 24, 2011. (Id.). It is undisputed that Defendant Ramesh, along with Defendant Bhuwan, founded Xechem International, Inc. ("Xechem International") in 1994, and that Defendant Ramesh served as its Chief Executive Officer, President, and Chairman of the Board of Directors. (Pl. SMF ¶ 1). Defendant Bhuwan served as the company's General Manager and Director as well as Vice President of International Operations. (TAC ¶ 12).

From the years of 2000 through 2007, Defendant Xechem India "had no business income." (Pl. SMF ¶ 2). Xechem India is based out of New Delhi, India and is owned and operated by Defendants Ramesh and Bhuwan. (TAC ¶ 9). The essence of Plaintiff's allegations is that Xechem India was a "shell company" that the Defendants used to funnel money out of Xechem International for their own financial benefit. (*See, e.g.*, id. at ¶¶ 46-74). In 1998, Defendant Ramesh transferred nearly all of his shares in Xechem India to Defendant Bhuwan, who, as of August 2007, owned nearly 100 percent of its stock. (Id. at ¶ 32-33). Plaintiff joined Xechem International's board of directors in May 2007. (Id. at ¶ 39).

Plaintiff alleges that Xechem International wired Xechem India $977,394, supposedly as a loan, but that there was no contract between the entities supporting said loan. (Id. at ¶ 20). Plaintiff believes that "[Defendant] Ramesh and [Defendant] Bhuwan used the money [from the purported laon] ... for travel, to buy assets held by Xechem India, including cars, land ... and to pay for the day-to-day operation of Xechem India, including money to their relatives," but fails to provide any evidence in support of this contention. (TAC ¶ 17, *cf.* Pl. SMF). At a May 2007 meeting of Xechem International's board of directors, "[t]he Board inquired as to the need for an accounting

of the source and use of the funds as soon as possible, to determine the advisability and cost of funding Xechem India." (TAC ¶ 41). Defendant Ramesh told the board that $700,000 had been loaned by Xechem International to Xechem India, that $100,000 of said loan had been sent recently, "and that Xechem India did not have significant assets to date." (Id.).

Defendant Ramesh was subsequently removed from his position as Chief Executive Officer, President, and Board Chairman of Xechem International in July 2007. (Id. at ¶ 43). In 2008, Xechem International filed for Bankruptcy protection. Plaintiff asserts that Xechem India has not repaid the principal or interest on the loan from Xechem International. (Id. at ¶¶ 47-54). The gravamen of Plaintiff's TAC appears to be that Defendants did not give Xechem International's board adequate notice that Xechem India was not a subsidiary of Xechem Internaitonal, but Plaintiff provides no explanation as to how this allegation is relevant to the pending action. (Id. at ¶ 45). According to Plaintiff, had the board known this fact, Xechem International's "board of directors would not have authorized" the loan. (Id. at ¶ 45).

Accordingly, Plaintiff brought this action on January 31, 2013. (ECF No. 1). After substantial motion practice and numerous amendments, TAC became the operative complaint. TAC contains six counts asserting the following causes of action: Count I – "*Quantum Meruit* by [Defendant] Ramesh;" Count II – "*Quantum Meruit* by [Defendant] Bhuwan;" Count III – "*Quantum Meruit* by Xechem India;" Count IV – "Unjust Enrichment by [Defendant] Ramesh;" Count V – "Unjust Enrichment by [Defendant] Bhuwan;" and Count VI – "Unjust Enrichment by Xechem India." (*See generally* TAC). Plaintiff previously moved for partial summary judgement on November 9, 2015 (ECF No. 113), but this Court administratively terminated same, without prejudice, as it was made without the requisite leave to file such a motion in contravention of the

3

pretrial scheduling order. (ECF No. 116). Plaintiff was finally granted leave to file his Motion for Partial Summary Judgment and filed same on November 7, 2016. (ECF No. 174). Said Motion sought the entry of an Order granting judgment as a matter of law on claims of promissory estoppel, equitable estoppel, and unjust enrichment. (Id.). This Court denied Plaintiff's Motion on the grounds that Plaintiff never pled causes of action for promissory estoppel and equitable estoppel. (ECF No. 197). Additionally, this Court held that Plaintiff failed to show that he was entitled to summary judgment on his unjust enrichment claim as his Motion failed to show that the requisite elements for such a claim were met. (Id.). Plaintiff now moves, once again, for partial summary judgment with respect to his unjust enrichment claim only. (ECF No. 216).

## II. LEGAL STANDARD

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists no "genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[T]he moving party must show that the non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 242-43 ("At the

4

summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

### III. ANALYSIS

The Court, once again, denies Plaintiff's Motion for Partial Summary Judgment as to his unjust enrichment claims, as it suffers from the same infirmities that his previous Motion suffered from. To succeed on a claim for unjust enrichment under New Jersey law, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (N.J. Sup. Ct. 1994); *see also Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 108 (N.J. Super. Ct. App. Div. 1966). Additionally, for an unjust enrichment claim to succeed, there must be a showing that "the *plaintiff expected remuneration from the defendant*, or if the true facts were known to plaintiff, he would have expected remuneration from defendant, at the time the benefit was conferred." *Callano*, 91 N.J. Super. at 109 (emphasis added); *see also VRG Corp.*, 135 N.J. at 554.

Here, once again, even if the Court were to accept every single one of Plaintiff's Statement of Undisputed Material Facts as true,[2] Plaintiff still would not be entitled to judgment as a matter of law. Rather, as was the case with his previous Motion, the Statement of Undisputed Material Facts establishes that Defendant Ramesh founded Xechem International. (Pl. SMF ¶ 1). Additionally, Plaintiff's Statement of Undisputed Material Facts also describes Defendant Ramesh's various positions with the company. (Id.). Also, Pl. SMF establishes that Xechem India "had no business income between 2000 and 2007." (Pl. SMF ¶ 2). Additionally, during the aforementioned time period, "Xechem India received $1 million from Xechem" International. (Pl.

---

[2] The Court notes that Pl. SMF are blanket statements with no citation of the record to support such statements.

5

SMF ¶ 3). Those statements also explain that Xechem India was publicly held out to be a subsidiary of Xechem International on Xechem International's annual financial statements and on an agreement between Xechem India and an Indian University. (Pl. SMF ¶¶ 10-11). Moreover, said statements also show that there was a purported transfer of 66 2/3% of Xechem India assets to Xechem International, but that said transfer never took place. (Pl. SMF ¶ 6). Finally, it is undisputed that there is no contract that governs the aforementioned transfer of assets. (Pl. SMF ¶ 8).

The Court cannot, based on the aforementioned Statement of Undisputed Material Facts and the record before it, grant Plaintiff's motion. As was the case with Plaintiff's prior Motion for Partial Summary Judgment, the record does not contain any facts or evidence that show Defendants received any benefit. In the Court's broadest and most favorable reading of Plaintiff's Motion, Plaintiff seems to argue that Defendants benefited from the aforementioned transfer of assets and purported loan from Xechem International to Xechem India. However, Plaintiff fails to explain how these transactions actually benefited Defendants and does not provide any evidence to show that Defendants enjoyed any benefits from same. Thus, this Court concludes that a genuine issue of material fact exists as to whether Defendants ever received a benefit from the subject transactions.

More importantly, even if the transfer of assets and the purported loan from Xechem International to Xechem India could somehow be construed as a benefit to Defendants, Plaintiff's current Motion for Partial Summary Judgment as to his unjust enrichment claim still fails. Indeed, neither the record nor Pl. SMF show that Plaintiff ever expected remuneration in connection with these transactions, which is an *essential* element of a claim for unjust enrichment. As a matter of

fact, and as this Court noted before, Plaintiff's relationship with Defendants and involvement with Xechem International's Board of Directors occurred years *after* the complained of transactions. Furthermore, Plaintiff continues to fail to introduce any evidence that he would have expected remuneration, had he known about said transactions. Accordingly, the Court continues to hold that Plaintiff has not provided this Court with sufficient evidence for it to conclude that there is no genuine issue of material fact that he expected remuneration in connection with the aforementioned transactions, let alone was deprived of same. Hence, Plaintiff has once again failed to establish that he is entitled to summary judgment as to his unjust enrichment claim and his motion for same is denied.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Partial Summary Judgment is hereby denied. An appropriate Order accompanies this Opinion.

DATED: August 28, 2017

JOSE L. LINARES
Chief Judge, United States District Court