UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ROBERT SWIFT, | Civil Action No.: 13-650 (JLL) |
| --- | --- |
| Plaintiff, | **OPINION** |
| v. | |
| RAMESH PANDEY, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of *pro se* Plaintiff Robert Swift's Motion for Reconsideration of this Court's August 31, 2017 Order Denying Plaintiff's Second Motion for Partial Summary Judgment. (ECF No. 224). Defendants Ramesh Pandey and Bhuwan Pandey have Opposed Plaintiff's Motion (ECF No. 225), to which Plaintiff has replied. (ECF No. 226). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Plaintiff's Motion for Partial Summary Judgment.

## I.    BACKGROUND

The Court presumes the parties are familiar with the factual background and the allegations asserted in Plaintiff's Original and Amended Complaints (ECF Nos. 1, 17, 28, 85) based on the parties' own involvement in this case as well as this Court's Opinions dated August 10, 2016, March 27, 2017, and August 31, 2017. (ECF Nos. 165, 197, 222). Accordingly, the Court will set forth the relevant procedural background.

After numerous amendments to his Complaint, Plaintiff's Third Amended Complaint become the operative pleading herein. (ECF No. 85). Therein, Plaintiff asserted the following causes of action: 1) "*Quantum Meruit* by [Defendant] Ramesh Pandey;" 2) "*Quantum Meruit* by [Defendant] Bhuwan Pandey;" 3) "*Quantum Meruit* by [Defendant] Xechem India;" 4) "Unjust Enrichment by [Defendant] Ramesh Pandey;" 5) "Unjust Enrichment by [Defendant] Bhuwan;" and 6) "Unjust Enrichment by [Defendant] Xechem India." (*See generally* id.). After a protracted litigation, Plaintiff made his First Motion for Partial Summary Judgment as to all his unjust enrichment claims, as well as two unpled claims (equitable and promissory estoppel). (ECF No. 174). This Court denied said Motion in its entirety. (ECF Nos. 196, 197). The Court preliminarily held that Plaintiff's Motion for claims of equitable and promissory estoppel was procedurally improper, because said claims were not a part of his Third Amended Complaint. (ECF No. 197 at 5-6). The Court further found that Plaintiff was not entitled to summary judgment as to his unjust enrichment claims because there were genuine issues of material fact present. (Id.).

Thereafter, Plaintiff filed his Second Motion for Partial Summary Judgment. (ECF No. 216). Therein, Plaintiff only sought judgment as to his unjust enrichment claims against Defendants Ramesh Pandey and Bhuwan Pandey. (Id. at 10). On August 31, 2017, this Court once again denied Plaintiff's Motion. (ECF Nos. 222, 223). Specifically, "[t]he Court, once again, denie[d] Plaintiff's Motion for Partial Summary Judgment as to his unjust enrichment claims, as it suffer[ed] from the same infirmities that his previous Motion suffered from." (ECF No. 222 at 5). Indeed, Plaintiff's Second Motion for Partial Summary Judgment was nearly identical to his First Motion for Partial Summary Judgment. (*Compare* ECF No. 197, *with* ECF No. 222). "As was the case with Plaintiff's prior Motion for Partial Summary Judgment, the record [did] not

contain any facts or evidence to show Defendants received any benefit." (ECF No. 222 at 6). This Court went on to hold, again, that

> even if the transfer of assets and the purported loan from Xechem International to Xechem India could somehow be construed as a benefit to Defendants, Plaintiff's [Second] Motion for Partial Summary Judgment as to his unjust enrichment claims still fail[ed] ... [because] neither the record not [Plaintiff's Statement of Undisputed Material Facts] show[ed] that Plaintiff even expected remuneration in connection with these transactions, which is an *essential* element of a claim for unjust enrichment.

(Id.) (emphasis in original). Hence, the Court denied Plaintiff's Second Motion for Partial Summary Judgment. (Id. at 7). Thereafter, Plaintiff timely filed the instant Motion for Reconsideration. (ECF No. 224).[1]

## II. LEGAL STANDARD

"[R]econsideration is an extraordinary remedy that is granted '*very sparingly*.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)) (emphasis added); *see also Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

---

[1] The Court notes that Plaintiff's Motion for Reconsideration is entitled "Motion for Partial Summary Judgment" on the Electronic Docket. (*See* ECF No. 224). However, a review of the Motion itself makes it clear that Plaintiff is moving for reconsideration under Rules 54(b) and 60(b)(6) of the Federal Rules of Civil Procedure. (Id. at 1).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.,* No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug.16, 2010) (*citing United States v. Grape,* 549 F.3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (*quoting P. Schoenfeld,* 161 F. Supp. 2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

### III. ANALYSIS

The Court concludes that Plaintiff is not entitled to reconsideration of this Court's August 31, 2017 Order. Indeed, Plaintiff's Motion for Reconsideration is simply a reworded version of both of his prior Motions for Partial Summary Judgment. Plaintiff's "**INTRODUCTION**" is a simple recitation of the facts stated in both prior Motions. (ECF No. 224 at 2) (emphasis in original). Specifically, Plaintiff notes that he raised "$7.1 million for Xechem in part in reliance on Xechem owning 66-2/3% interest in Xechem (India) Pvt. Ltd." and that he "subsequently purchased all right, title, and interest to all assets of Xechem and Xechem, Inc." at a Bankruptcy Auction. (Id.). Plaintiff then goes on to state that he has standing to bring this action because he

is the sole owner of Xechem, a fact that is not contested by any Defendant. (Id. at 3). All of these facts were present in Plaintiff's Third Amended Complaint as well as both prior Motions for Partial Summary Judgment. Accordingly, Plaintiff points to no fact that this Court overlooked in rendering its August 31, 2017 Opinion.

Moreover, Plaintiff points to no change in controlling law. As a matter of fact, Plaintiff's Motion fails to include a single citation to case law or statute. Regardless, Plaintiff's **"ARGUMENT"** also is identical to that advanced in both prior Motions for Partial Summary Judgment; arguments this Court has explicitly rejected. (Id.) (emphasis added). Plaintiff, once again, discusses "undisputed" facts regarding the transfer of assets, the purported loan between the domestic and foreign Xechem entities, and how, it is his personal belief, that Defendants were unjustly enriched. (Id. at 3-4). However, nowhere within Plaintiff's Motion for Reconsideration, or Plaintiff's reply, does Plaintiff explain his connection to subject transactions and how *he expected* remuneration for a transaction that took place many years before his involvement with, and potentially knowledge of, the Defendant entities.

As this Court has held, Plaintiff's Motions for Partial Summary Judgment failed because Plaintiff did not show this Court that there were genuine issues of material fact. Moreover, as discussed in the Court's prior Opinions, even if the Court found that there were no genuine issues of material fact, Plaintiff still failed to show this Court he was entitled to judgment as a matter of law. Plaintiff's Motion for Reconsideration fails to convince the Court otherwise, as Plaintiff cites to no facts overlooked by the Court nor does he cite to any intervening change in controlling law. Rather, Plaintiff's Motion focuses on the *same* facts that this Court previously had before it and

relies on no law whatsoever. Accordingly, the Court finds that Plaintiff has failed to carry his burden to succeed on a Motion for Reconsideration.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Reconsideration is hereby denied. An appropriate Order accompanies this Opinion.

DATED: October 12th, 2017

JOSE L. LINARES
Chief Judge, United States District Court