NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ROBERT SWIFT, | Civil Action No.: 13-650 (JLL) |
| --- | --- |
| Plaintiff, | **OPINION** |
| v. | |
| RAMESH PANDEY, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendants Ramesh Pandey and Bhuwan Pandey's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1 (ECF No. 255). *Pro se* Plaintiff Robert Swift has submitted Opposition (ECF No. 259), to which Defendants have replied. (ECF No. 262). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendants' Motion for Summary Judgment.

# I. BACKGROUND[1]

The Court has set forth, at length, the factual and procedural background as it pertains to this action in its Opinions dated August 10, 2016, March 27, 2017, August 31, 2017, and October 12, 2017. (ECF Nos. 165, 197, 222, 229). Accordingly, the Court need not restate, and hereby incorporates, same herein. Thus, the Court will only set forth the relevant factual and procedural background as it pertains to Defendants' Motion for Summary Judgment.

This case revolves around a transfer of assets and interest between Xechem India to Xechem International, Inc. ("Xechem International"). (Def. SMF ¶ 4). It is undisputed that Defendant Ramesh served as its Chief Executive Officer, President, and Chairman of the Board of Directors. (Def SMF ¶ 1). Defendant Bhuwan served as the company's General Manager and Director as well as Vice President of International Operations. (Id).

Plaintiff joined Xechem International's board of directors in May 2017, which is also the year he became the company's chief operating officer. (Def. SMF ¶ 5). At that time, both Defendants Ramehs and Bhuwan were removed from all their positions at Xechem International. (Id.). Defendant Ramesh had full control of Xechem International prior to his ouster. (Pl. SMF ¶ 5). Public filings with the Securities and Exchange Commission show that Defendant Ramesh had transferred 66 and 2/3% of Xechem India stock to Xechem International. (Pl. SMF ¶ 8). Based on these filings, Plaintiff believed that Xechem India was a subsidiary of Xechem International.

---

[1] These background facts are taken from the Defendants' statements of undisputed material facts, pursuant to Local Civil Rule 56.1. (ECF No. 255, Plaintiff's Rule 56.1 Statement of Undisputed Facts ("Def. SMF")), as well as Plaintiff's Statement of Undisputed Material Facts (ECF No. 259 ("Pl. SMF")). To the extent that Plaintiff admits to any Material Facts as stated by Defendants, the Court will cite only to "Def. SMF" and the relevant paragraph number. The Court will "disregard all factual and legal arguments, opinions and any other portions of the 56.1 Statement which extend beyond statements of facts." *Globespanvirata, Inc. v. Tex. Instrument, Inc.*, 2005 U.S. Dist. LEXIS 27820, at *10 (D.N.J. Nov. 10, 2005); *see also* L. Civ. R. 56.1 ("Each statement of material facts . . . shall not contain legal argument or conclusions of law.").

(Pl. SMF ¶ 11). Plaintiff also raised $7.1 million, by way of private placement for Xechem International, in an attempt to expand Xechem International's business. (Pl. SMF ¶ 16). Later in 2007, Plaintiff learned that the purported transfer of interest in Xechem India never took place. (Pl. SMF ¶ 22). Thereafter, in 2008, Xechem International filed for bankruptcy protection. (Def. SMF ¶ 6). In 2011, Plaintiff purchased all rights, title and interest in any and all assets of Xechem International at a public bankruptcy auction. (Def. SMF ¶ 7).

Accordingly, Plaintiff brought this action on January 31, 2013. (ECF No. 1). After substantial motion practice and numerous amendments, Plaintiff's Third Amended Complaint (ECF No. 85 ("TAC")) became the operative complaint. TAC contains six counts asserting the following causes of action: Count I – "*Quantum Meruit* by [Defendant] Ramesh;" Count II – "*Quantum Meruit* by [Defendant] Bhuwan;" Count III – "*Quantum Meruit* by Xechem India;" Count IV – "Unjust Enrichment by [Defendant] Ramesh;" Count V – "Unjust Enrichment by [Defendant] Bhuwan;" and Count VI – "Unjust Enrichment by Xechem India." (*See generally* TAC). Plaintiff previously moved for partial summary judgement on November 9, 2015. (ECF No. 113), but this Court administratively terminated same, without prejudice, as it was made without the requisite leave to file such a motion in contravention of the pretrial scheduling order. (ECF No. 116). Plaintiff was finally granted leave to file his Motion for Partial Summary Judgment and filed same on November 7, 2016. (ECF No. 174). Said Motion sought the entry of an Order granting judgment as a matter of law on claims of promissory estoppel, equitable estoppel, and unjust enrichment. (Id.). This Court denied Plaintiff's Motion on the grounds that Plaintiff never pled causes of action for promissory estoppel and equitable estoppel. (ECF No.

197). Additionally, this Court held that Plaintiff failed to show that he was entitled to summary judgment on his unjust enrichment claim as his Motion failed to show that the requisite elements for such a claim were met. (Id.).

Plaintiff once again moved for partial summary judgment with respect to his unjust enrichment claim only on July 7, 2017. (ECF No. 216). This Court denied Plaintiff's Motion, finding that genuine issues of material fact were present such that summary judgment could not be entered in his favor. (ECF Nos. 222, 223). On September 8, 2017, filed a Motion for Reconsideration. (ECF No. 224). The Court denied said Motion for Reconsideration, finding that Plaintiff could not carry the requisite burden. (ECF Nos. 228, 229). On April 4, 2018, Defendants filed the within application for summary judgment, which Plaintiff opposes. (ECF Nos. 225, 259, respectively)

## II. <u>LEGAL STANDARD</u>

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists no "genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[T]he moving party must show that the non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed

factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 242-43 ("At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

### III. ANALYSIS

The Court must once again deny summary judgment in this case, as Defendants' current Motion for Summary Judgment as to Plaintiff's unjust enrichment claims suffers from the same infirmities that Plaintiff's previous Motion suffered from.[2] To succeed on a claim for unjust enrichment under New Jersey law, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994); *see also Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 108 (App. Div. 1966). Additionally, for an unjust enrichment claim to succeed, there must be a showing that "the plaintiff expected remuneration from the defendant, or *if the true facts were known to plaintiff, he would have expected remuneration from defendant, at the time the benefit was conferred.*" *Callano*, 91 N.J. Super. at 109 (emphasis added); *see also VRG Corp.*, 135 N.J. at 554.

Here, once again, even if the Court were to accept every single one of Defendants' and Plaintiff's Statement of Undisputed Material Facts as true,[3] Defendants are not entitled to judgment as a matter of law. Instead, the Court finds that said Statements of Undisputed Material Facts further affirm that genuine issues of material fact are present. A review of Defendants' Statements of Undisputed Material Facts show that Xechem International was run by Defendants and engaged

---

[2] The Court would be remiss not to mention the fact that *neither* party cites to any relevant law in support of their various positions.
[3] The Court notes that that both Def. SMF and Pl. SMF are blanket statements with no citation to the record to support such statements.

5

in business in India. (Def. SMF ¶¶ 1-2). Additionally, Def. SMF indicates that money was transferred from Xechem International to Xechem India to cover operational expenses. (Def. SMF ¶ 3). Moreover, both parties' Statements of Undisputed Material Facts indicate that Plaintiff joined Xechem International's board in 2007, and purchased same in 2011 at a public bankruptcy auction. (Def. SMF ¶¶ 5, 7; Pl. SMF ¶¶ 22, 27). Finally, Pl. SMF establishes that Xechem India was without business income and that Xechem India received $977,394 from Xechem International. (Pl. SMF ¶ 26).

The Court cannot, based on the aforementioned Statement of Undisputed Material Facts and the record before it, grant Defendants' motion. This is because none of these facts indicate that Defendants' are entitled to judgment in their favor as a matter of law. Rather, the record before the Court is riddled with genuine issues of material fact. Indeed, even if the Court were to accept all Defendants' contentions as true, many questions remain unanswered. It is impossible to ascertain from said record whether or not Defendants received a benefit. As this Court explained before, Plaintiff seems to argue that Defendants benefited from the aforementioned transfer of assets and purported loan from Xechem International to Xechem India. Previously, the Court observed that Plaintiff failed to explain how these transactions actually benefited Defendants and did not provide any evidence to show that Defendants enjoyed any benefits from same. Here, it is Defendants, who now have the burden as movants, that have failed to show that they did not receive a benefit from the transactions. Thus, this Court concludes that a genuine issue of material fact exists as to whether Defendants ever received a benefit from the subject transactions.

Similarly, said record does not establish whether or not Plaintiff ever expected to receive remuneration for said transfer of assets. As explained in this Court's numerous opinions, for

Plaintiff to succeed on these claims he must show that he expected to receive remuneration. The record before the Court indicates that Plaintiff uncovered the transfer of assets in 2007 and purchased Xechem International in 2011. That is all that can be gleaned from same. As the movants, it is Defendants burden that Plaintiff did *not* expect remuneration in connection with the transfer of assets, *McCabe*, 494 F.3d at 424, which they have failed to do. As such, the Court must deny Defendants' Motion for Summary Judgment as to Plaintiff's unjust enrichment claims.

The Court reaches the same conclusion with respect to Defendants' Motion for Summary Judgment as to Plaintiff's *quantum meruit* claims. To recover on the theory of *quasi*-contract, a plaintiff must prove "that the defendant ... received a benefit, and that retention of the benefit without payment therefor would be unjust." *Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 108 (App. Div. 1966). *Quantum meruit*, or breach of implied contract, is a form of *quasi*-contract. *Kopin v. Orange Products, Inc.*, 297 N.J. Super. 353, 367 (App. Div. 1997). "Quasi-contracts are imposed by law to bring about justice, without reference to the parties' intent." *Kopin*, N.J. Super. at 366-67. Thus, *quantum meruit* enables a party to recover the reasonable value of services rendered in the absence of a contract governing wages or remuneration. *Id.* at 367.

Once again, summary judgment may not issue in Defendants' favor. As noted above, the record before the Court does not establish that Defendants did not receive a benefit. Moreover, the record is devoid of any evidence that retention of the purported benefit to Defendants would not result in an injustice to Plaintiff. The Court reiterates that, as the movants, it is their burden to show that the evidence entitles them to judgment as a matter of law, and they have failed to do so.

As such, the Court must deny Defendants' Motion for Summary Judgment with respect to Plaintiff's *quantum meruit* claims.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion for Summary Judgment is hereby denied. An appropriate Order accompanies this Opinion.

DATED: May 22, 2018

JOSE L. LINARES
Chief Judge, United States District Court