NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT SWIFT, <br><br> Plaintiff, <br><br> v. <br><br> RAMESH PADNEY, *et al.*, <br><br> Defendants. | Case No. 2:13-cv-00650-BRM-JAD <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff Robert Swift's ("Plaintiff") "motion for reconsideration of order for adjournment." (ECF No. 345.) Defendants Ramesh Pandey and Bhuwan Pandey ("Defendants") oppose the motion. (ECF No. 347.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth herein and for good cause shown, Plaintiff's Motion for Reconsideration (ECF No. 345) is **DENIED**.

**I. BACKGROUND**

The Court writes for the parties, who are presumed to be familiar with the facts and background of the case, and provides the following as relevant to this motion.

On January 16, 2020, this Court entered a scheduling order setting this matter down for a bench trial to begin on April 13, 2020. (ECF No. 336.) On March 16, 2020,[1] this Court held a

---

[1] For context, also on March 16, 2020, Governor Phil Murphy signed Executive Order #104, closing schools and many businesses. Court security announced visitor screening procedures and restrictions. Chief Judge Freda Wolfson signed Standing Orders 20-02 and 20-03, which, *inter alia*, adjourned jury trials and ordered certain dates be counted as "excluded time" under the

telephone conference and ordered the bench trial adjourned, to be rescheduled at a later date, in response to the COVID-19 virus (coronavirus) outbreak in New Jersey and worldwide. (ECF Nos. 343, 344.)

On March 25, 2020, Plaintiff filed—and Defendants opposed—a motion for reconsideration of the adjournment.[2] (ECF Nos. 345, 347.) Plaintiff argues the trial should go forward using online video technology, arguing the required technology is available, avoiding further delay in an old case where defendants and witnesses are aging. (ECF No. 345.) Defendants contend a fully remote trial—"with all parties and witnesses testifying from some unknown network of remote connections"—would not work, logistically, and that Federal Rule of Civil Procedure 43 requires testimony to be taken in open court with limited exceptions.[3] (ECF No. 347.)

## II. LEGAL STANDARDS

### A. Motion for Reconsideration

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed*

---

Speedy Trial Act, § 3161(h)(7)(A). Several standing and executive orders have been signed since that time, resulting in more stringent protocols.

[2] Plaintiff also states he is moving for "reconsideration of ECF 343 pursuant to Federal Rule of Civil Procedure 60(b)(6)." (ECF No. 345 at 2.) The Court addresses both standards below. To the extent Plaintiff's motion is one for reconsideration, his reply is improper, L.Civ.R. 7.1(d)(3), but the Court has considered it, nonetheless.

[3] Rule 43(a) states:
> In Open Court. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a).

*Group, Inc.,* Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a Motion for Reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.")

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States*

*v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.,* Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

### B. Rule 60(b)

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 529, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot

justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

### III. DECISION

Plaintiff argues the trial should go forward using online video technology but has not set forth anything he "believes the Judge . . . has overlooked," L.Civ.R. 7.1(i), nor has he demonstrated the existence of "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café,* 176 F. 3d at 677. Plaintiff's disagreement with the Court's decision is not grounds for reconsideration. Moreover, Plaintiff has not alleged any mistake, inadvertence, surprise, excusable neglect, fraud, or misrepresentation that would warrant the extraordinary relief from the order under Rule 60(b). Fed. R. Civ. P. 60(b)(1)-(3); *Gonzalez*, 545 U.S. at 529; *Jones*, No. 14-6547, 2015 WL 3385938, at *3. Accordingly, Plaintiff's motion is **DENIED.**

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration (ECF No. 345) is **DENIED**. An appropriate order will follow.

**Date:** April 7, 2020                          */s/ Brian R. Martinotti*
                                                            **HON. BRIAN R. MARTINOTTI**
                                                            **UNITED STATES DISTRICT JUDGE**