NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

ROBERT SWIFT,

                Plaintiff,

                v.

RAMESH PANDEY, *et al.*,

                Defendants.

Case No. 2:13-cv-00650 (BRM) (JSA)

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Robert Swift's ("Plaintiff") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 426.) Defendants Ramesh Pandey ("R. Pandey") and Bhuwan Pandey ("B. Pandey," and together with R. Pandey, "Defendants") opposed the motion and filed a Cross-Motion for Summary Judgment. (ECF No. 434.) Plaintiff filed a response to Defendants' opposition and cross-motion (ECF No. 436), and Defendants filed a reply (ECF No. 437). Also before this Court is Plaintiff's request for permission to file a motion for sanctions pursuant to Federal Rule of Civil Procedure Rule 11 (ECF No. 438) and request for permission to file a motion to strike (ECF No. 443). Having reviewed the parties' submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth herein and for good cause shown, the Motion and Cross-Motion for Summary Judgment are **DENIED**. Plaintiff's requests for permission to file a Rule 11 motion and a motion to strike are **DENIED.**

I.      **BACKGROUND**

The Court has set forth, at length, the factual and procedural background as it pertains to

this action in its Opinions dated August 10, 2016, March 27, 2017, August 31, 2017, October 12, 2017, and May 22, 2018. (ECF Nos. 165, 197, 222, 229, 264). The Court hereby incorporates same herein and sets forth only the relevant factual and procedural background as it relates to the parties' motions for summary judgement.

This action revolves around an alleged transfer of assets and interest between defendant Xechem India to non-party Xechem International ("International"). (Third Am. Compl. ("TAC") (ECF No. 85).) R. Pandey served as International's Chairman of the Board, Chief Executive Officer, Chief Financial Officer, and President from 1994 through July 2007. (Pl. Statement of Undisputed Facts ("SUF") (ECF No. 426-1) at 3, ¶ 8.)[1] B. Pandey served as International's Vice President-International Operations from May 2004 through May 2007. (*Id.* at ¶ 9.) R. Pandey and B. Pandey are also Xechem India's founders. (*Id.* at ¶ 11.)

International's annual public filings with the Securities and Exchange Commission in 2005 and 2006, certified by R. Pandey, state among other things:

> In 1998, as a contribution to our capital, [R.] Pandey transferred his 66-2/3% interest in Xechem India to us for no consideration other than reimbursement of amounts [R.] Pandey advanced for organizational expenses (approximately $5,000). [R.] Pandey's brothers own the remaining equity in Xechem India, some or all of which we anticipate will be made available to other, unrelated, persons in India.

(*Id.* at 4, ¶¶ 26, 28, Exs. 4, 5.)

Plaintiff alleges, and Defendants dispute, that between July 1, 2000 and April 16, 2007, R. Pandey authorized and facilitated the transfer of $977,394 from International to Xechem India.

---

[1] In contravention of Local Civil Rule 56.1, Plaintiff included his statement of undisputed material facts in his brief, rather than creating a separate document. *See* L. Civ. R. 56.1. Notwithstanding Plaintiff's failure to comply with Local Civil Rule 56.1, the Court shall consider Plaintiff's responses. To the extent Defendants admit to any fact as stated by Plaintiff, the Court will cite only to Plaintiff's SUF and the relevant page and paragraph number.

(*Id.* at 4–5, ¶¶ 29–31; Defs. Resp. to SUF (ECF No. 434-1) at ¶¶ 29–31.) Plaintiff claims rights, title, and interest in International via an Order entered in 2011 by the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division authorizing the sale of International's assets by the Chapter 7 Trustee for the estate of International to Plaintiff. (ECF No. 426-1 at ¶ 4.) International's assets, according to the Trustee, were identified on Exhibit A to the Order, and included "the stock in Xechem India and any causes of action owned by Xechem India" and "any causes of action against [R. Pandey] and members of his family, if any." (ECF No. 426-1 at ¶¶ 4, 5, Ex. 1.)

In 2013, Plaintiff commenced this action against Defendants. (ECF No. 1.) After substantial motion practice and numerous amendments, the TAC became the operative complaint.[2] (ECF No. 85; Sept. 8, 2015 Order (ECF No. 94).)  The TAC alleges International loaned $977,394 to Xechem India, expected to be repaid, and, despite demand for repayment, had not been repaid either the principal or interest on the loan. (*See, e.g.,* ECF No. 85 at ¶¶ 47–53.) The TAC alleges there is no written contract for the $977,394 loan. (*Id.* at ¶ 52.) The TAC also claims the money sent by International to Xechem India "was used to the benefit of the only officers and shareholders of Xechem India", *i.e.*, R. Pandey and B. Pandey, and Xechem India was merely a conduit for their personal finances and business transactions. (*Id.* at ¶¶ 56, 57.) Finally, the TAC alleges R. Pandey admitted he offered to transfer 66-2/3% of Xechem India to International, received $5,000 for the transfer, but never conveyed the shares, and Plaintiff is entitled to those shares. (*Id.* at ¶ 61.)

The TAC contains an action for quantum meruit against R. Pandey arising out of the alleged loan and failure to transfer his 66-2/3% shares in Xechem India (Count One) and against B. Pandey (Count Two) and against Xechem India (Count Three). (*Id.* at ¶¶ 46–83.) The TAC also asserts an

---

[2] The TAC was filed on March 27, 2015. (ECF No. 85.)

action for unjust enrichment against R. Pandey (Count Four) and B. Pandey (Count Five) arising out of the alleged loan and R. Pandey's failure to transfer his 66-2/3% shares in Xechem India. (*Id.* at ¶¶ 84–122.) Count Six alleges an action for unjust enrichment against Xechem India arising out of the alleged loan. (*Id.* at ¶¶ 123–137.)

Plaintiff previously moved for partial summary judgment in November 2015 before the Honorable Chief Judge Jose L. Linares, U.S.C.D.J. (ECF No. 113), but the Court administratively terminated same, without prejudice, as it was made without the requisite leave to file such a motion in contravention of the pretrial scheduling order (ECF No. 116). Thereafter, Plaintiff was granted leave to file a motion for summary judgment and filed same in November 2016. (ECF No. 174.) Said motion sought the entry of an order granting summary judgment on claims of promissory estoppel, equitable estoppel, and unjust enrichment. (*Id.*) On March 27, 2017, the Court denied the motion on the grounds Plaintiff had not pled causes of action for promissory estoppel or equitable estoppel. (ECF No. 197.) Additionally, the Court held Plaintiff failed to show he was entitled to summary judgment on his unjust enrichment claim. (*Id.* at 7.) The Court found "nowhere within the record does Plaintiff point to facts or evidence that show Defendants received any benefit . . . . Thus, this Court concludes that a genuine issue of material fact exists with regards as to whether Defendants ever received a benefit from the subject transactions." (*Id.*) The Court also found Plaintiff's motion for partial summary judgment on his unjust enrichment claim failed because "even if the transfer of assets and the purported loan from [] International to Xechem India . . . could somehow be construed as a benefit to Defendants . . . neither the record nor Plaintiff's [SUF] show that Plaintiff ever expected remuneration in connection with these transactions." (*Id.* at 8.)

In July 2017, Plaintiff again moved for partial summary judgment with respect to his unjust enrichment claim. (ECF No. 216.) On August 31, 2017, the Court held Plaintiff was not entitled

to judgment as a matter of law on this claim. (ECF No. 222 at 5.) The Court found, "As was the case with Plaintiff's prior motion for Partial Summary Judgment, the record does not contain any facts or evidence that show Defendants received any benefit." (*Id.* at 6.) According the broadest and most favorable reading of Plaintiff's motion, the Court found Plaintiff had failed to explain how the transactions at issue actually benefitted Defendants, failed to provide any evidence to show Defendants enjoyed any benefits from same, and failed to demonstrate Plaintiff ever expected remuneration in connection with the transactions. (*Id.* at 6–7.)

On September 8, 2017, Plaintiff moved for reconsideration of the Court's August 31, 2017 Order denying his second motion for partial summary judgment. (ECF No. 224.) On October 12, 2017, the Court denied Plaintiff's motion. (ECF No. 229.)

On April 4, 2018, Defendants moved for summary judgment to dismiss Plaintiff's unjust enrichment claims as well as his quantum meruit claims. (ECF No. 255.) The Court denied Defendants' motion. (ECF No. 264.) The Court found Defendants failed to show they had *not* received a benefit from the subject transactions, that retention of that benefit would be unjust, or that Plaintiff did *not* expect remuneration. (*Id.* at 6.) The Court held that, because material questions of fact existed as to these issues, summary judgment could not be granted on either unjust enrichment or quantum meruit. (*Id.* at 6–7.)

This case was scheduled for a bench trial on November 15, 2021, but the parties failed to comply with the terms of the final pre-trial order, which required the filing of trial briefs no later than ten days prior to the trial. (ECF Nos. 420, 435.) The Court determined, on what was to be the first day of trial, the case was not trial ready. (ECF No. 435 at 40.) The Court nonetheless permitted the parties to present their opening statements, which were followed by a defense motion to dismiss and the Court's denial of said motion. (ECF Nos. 420, 435.) Thereafter, Plaintiff requested leave

to file a summary judgment brief. (ECF No. 435 at 44.) The Court ordered Plaintiff to advise, in writing and over Defendants' objection, whether a motion for summary judgment would be necessary. (ECF No. 421.) On November 18, 2021, Defendants requested leave to file a motion for summary judgment, to which Plaintiff filed a letter objection. (ECF Nos. 422, 423.) On December 15, 2021, Plaintiff filed a motion for summary judgment as to his unjust enrichment and quantum meruit claims. (ECF No. 426). On December 17, 2021, the Court granted Defendants leave to file their motion. (ECF No. 428.) On February 1, 2022, Defendants filed an opposition to the motion along with a cross-motion for summary judgment on Plaintiff's claims. (ECF No. 434.) On February 16, 2022, Plaintiff filed a response to Defendants' opposition and cross-motion. (ECF No. 436.) On March 4, 2022, Defendants filed a reply. (ECF No. 437.) On March 10, 2022, Plaintiff filed a letter requesting permission to file a motion for sanctions pursuant to Rule 11 in response to Defendants' reply and the supplemental declaration of R. Pandey filed therewith. (ECF No. 438.) On April 21, 2022, Plaintiff filed a letter requesting the Court strike affidavits filed by Defendants in opposition to Plaintiffs' motion for summary judgment and in support of their cross-motion for summary judgment, or, in the alternative, permission to file a motion to strike Defendants' affidavits and pleadings. (ECF No. 443.)

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the

outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp.*, 477 U.S. at 323. "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331 (citing 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2727 (2d ed. 1983)). On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either: (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim," or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* (citations omitted). Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation marks omitted). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*,

477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

### III.   DECISION

Plaintiff seeks summary judgment in his favor as to both his unjust enrichment claims and quantum meruit claims. (Pl. Mot. Br. (ECF No. 426-1).) Defendants cross-move for summary judgment to dismiss Plaintiff's unjust enrichment and quantum meruit claims. (Defs. Mot. Br. (ECF No. 434).) The Court first addresses the unjust enrichment claims and then addresses the quantum meruit claims.

### A.   Unjust Enrichment

Plaintiff argues there are no genuine issues of material fact as to whether Defendants were unjustly enriched because International paid R. Pandey $5,000 in exchange for his 66-2/3% interest in Xechem India, which interest was never transferred to International. (ECF No. 426-1 at 7, 14.) Defendants counter R. Pandey did not transfer his interest in Xechem India because he never received the $5,000 payment. (ECF No. 434 at 5.)

Unjust enrichment is an equitable theory of recovery centered on the principle that "a person shall not be allowed to enrich himself unjustly at the expense of another." *Assocs. Com. Corp. v. Wallia*, 511 A.2d 709, 716 (N.J. Super. Ct. App. Div. 1986). In New Jersey, a plaintiff alleging unjust enrichment must demonstrate: (1) the defendant received a benefit; and (2)

retention of that benefit by defendant would work an injustice. *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994). "The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Id.*; *Yingst v. Novartis AG*, 63 F. Supp. 3d 412, 417 (D.N.J. 2014).

Here, there are genuine issues of fact as to whether Defendants have been unjustly enriched. The Court has addressed this issue on summary judgment several times before and each time has arrived at the same conclusion. (ECF No. 197 at 7–8; ECF No. 222 at 5–7; ECF No. 264 at 6–7.) Neither party presents evidence or law not previously considered to warrant a different conclusion here. Neither party's SUFs nor the record demonstrate the absence of a dispute as to whether Defendants received—or did not receive—a benefit in connection with either R. Pandey's failure to transfer 66-2/3% interest to International or the alleged $977,394 loan. To the contrary, the facts are very much in dispute.

With respect to the failure to transfer 66-2/3%, Plaintiff directs the Court's attention to filings with the Securities and Exchange Commission certified by R. Pandey stating he received $5,000 in exchange for these shares. (ECF No. 426-1 at 4, ¶¶ 26, 28; ECF No. 426-3 at 33, 41 of 173.) Although not contained in his SUF, Plaintiff cites other documents in the record, such as communications to members of International's board of directors and to outside counsel, in which R. Pandey purportedly states he received $5,000. (ECF No. 426-1 at 9, Exs. 16–19.) Defendants counter the documents speak for themselves and contend R. Pandey never received the $5,000. (ECF No. 434 at 5.) Defendants support this claim with an affidavit of R. Pandey in which he states he was neither paid $5,000 nor received any benefit from his ownership of Xechem India by means of salary, bonus, distribution, or anything of value. (Decl. of R. Pandey (ECF No. 434-8) at ¶¶ 10,

19–20.) Therefore, an essential element for an unjust enrichment claim—whether a benefit has been conferred—remains in dispute and precludes the grant of summary judgment in either party's favor.

Plaintiff argues R. Pandey's affidavit in opposition to summary judgment, and other affidavits in the record in which R. Pandey states he did not receive the $5,000, are shams and should be disregarded. To the extent Plaintiff seeks to disqualify or strike any of R. Pandey's affidavits under the "sham affidavit" rule, the Court declines to apply this rule to R. Pandey's affidavit here.

Summary judgment does not generally present an occasion to assess credibility. *SodexoMAGIC, LLC v. Drexel Univ.*, Civ. A. Nos. 19-1028, 19-1107, 2022 U.S. App. LEXIS 1617, at *34 (3d Cir. Jan. 20, 2022) (citing *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007)). The Third Circuit recognizes "a party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict." *Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004) (citing *Hackman v. Valley Fair*, 932 F.2d 239, 241 (3d Cir. 1991)). This is known as the "sham affidavit" rule. *See Jiminez*, 503 F.3d at 251. "A sham affidavit is a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment." *Id.* at 253. But not all contradictory affidavits are shams. *Id.* at 254 (citing *Baer*, 392 F.3d at 625). Accordingly, the sham-affidavit doctrine allows courts, in their discretion, to "disregard a contradictory affidavit or certification that appears to be asserted for the sole purpose of defeating summary judgment." *Williams v. Twp. of Lakewood*, Civ. A. No. 17-11401, 2020 U.S. Dist. LEXIS 235893, at *20 n.7 (D.N.J. Dec. 15, 2020).

Here, R. Pandey offers a plausible explanation for the inconsistencies in public filings and his affidavits. He states he agreed to transfer his 66-2/3% interest in Xechem India to International for $5,000, but, after consulting with professionals, was told that Indian law at the time prohibited foreigners from owning an Indian company. (ECF No. 434-8 at ¶¶ 6–8.) He never received the money or transferred the shares, and International nonetheless treated Xechem India as a subsidiary on its books and records despite never receiving the shares. (*Id.* at ¶¶ 10, 13.) As to public filings, he states he did not prepare them and he signed them based on the advice of counsel. (*Id.* at ¶¶ 11–12.) Ultimately, those explanations may be unpersuasive or undermined on a fuller record at trial. To the extent Plaintiff wishes to challenge R. Pandey's credibility, he is permitted to do so on cross-examination at trial. Accordingly, Court declines to exercise its discretion to strike the affidavit under the sham affidavit rule on summary judgment.

With respect to the alleged $977,394 loan, Plaintiff merely references the loan in his moving brief without explaining how he has satisfied the elements of unjust enrichment sufficient to entitle him to summary judgment. (ECF No. 426-1 at 5, 13).[3] In his reply brief, Plaintiff argues Defendants were unjustly enriched by International's alleged $977,394 loan to Xechem India, which loan was never repaid.  (ECF No. 436 at 44.) Plaintiff's argument does not prevail. He fails to cite documents or testimony evidence that demonstrate Defendants received the funds, and Defendants dispute both receipt of the moneys or any benefit derived therefrom. (ECF No. 434 at 7; ECF No. 434-1 at ¶¶ 30, 33, 38).[4]

---

[3] Plaintiff also claims "Xechem India owes [International] more than $750,000 and purchased the rights to land in a Biotech Park in India for more than $238,000 using [International]'s money." (ECF No. 426-1 at 13).

[4] Plaintiff cites to Defendants' Answer to his Second Amended Complaint (ECF No. 49 ¶¶ 18, 79) in which Defendants "admit" "Between July 1, 2000 and April 16, 2007 Xechem India received $977,394 from Xechem" and R. Pandey "facilitated the transfer of Xechem's money to Xechem

Accordingly, because neither Plaintiff nor Defendants carried their respective burdens on summary judgment, Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment as to the unjust enrichment claims are **DENIED**.

## B.    Quantum Meruit

Plaintiff's motion for summary judgment on his quantum meruit claims is identical to his motion on his unjust enrichment claims. Both are premised on R. Pandey's failure to transfer his 66-2/3% interest in Xechem India to International. (ECF No. 426-1 at 7, 14.) Defendants' cross-motion seeks summary judgment as to the alleged $977,394 loan, claiming Defendants received neither the alleged loan nor any benefits from said funds. (ECF No. 434 at 6–8.)

"*Quantum meruit* is a form of quasi-contractual recovery and rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." *Starkey, Kelly, Blaney & White v. Est. of Nicolaysen*, 796 A.2d 238, 242 (N.J. 2002) (citations omitted). "Courts generally allow recovery in quasi-contract when one party has conferred a benefit on another, and the circumstances are such that to deny recovery would be unjust." *Id.* (quoting *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 285 (N.J. 1992)). "To recover under a theory of quantum meruit, a plaintiff must establish: (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Id.* at 242–43 (quoting *Longo v. Shore & Reich, Ltd.*, 25 F.3d 94, 98 (2d Cir. 1994) (internal quotation marks omitted).

In light of conflicting evidence of whether Defendants received a benefit in connection with the 66-2/3% stock transfer, a genuine issue of material fact exists. *See* Section I.A., above.

India." (ECF No. 426-1 at ¶¶ 30, 31; *see also* Second Amend. Compl. (ECF No. 28) at ¶¶ 18, 79.) These citations are not dispositive as to whether Defendants have been unjustly enriched.

As to the alleged loan, its very existence and any benefit derived therefrom, is contested by the parties. (ECF No. 426-1 at 5, ¶¶ 30, 33, 38; ECF No. 434 at 7; ECF No. 434-1 at ¶¶ 30, 33, 38).

Accordingly, the Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment as to the quantum meruit claims are **DENIED**.

### C.  Request for Permission to File Rule 11 Motion

Rule 11 deals with sanctions in the case of a pleading, written motion, or other paper that has been interposed for an improper purpose, or where such document is neither well-grounded in fact nor warranted by existing law. *See* Fed. R. Civ. P. 11(b). While Plaintiff claims Defendants made more knowingly false material statements in their reply brief through a supplemental declaration from Ramesh Pandey, and their lawyers signed the reply brief (ECF No. 438), the Court cannot conclude improper purpose or the credibility of the statements on the record before it. Accordingly, Plaintiff's request for permission to file a Rule 11 Motion is **DENIED**.

### D.  Request for Permission to File a Motion to Strike

Plaintiff seeks to strike the affidavits filed by Defendants in opposition to Plaintiff's motion for summary judgment and in support of Defendants' cross- motion for summary judgment. (ECF No. 443.) In the alternative, Plaintiff requests permission to file a motion to strike Defendants' affidavits and pleadings. (*Id.*) Plaintiff contends the affidavits, which he claims are perjurious, are prejudicial to his summary judgment motion. (*Id.*) Pursuant to Rule 56(c), a party may file an affidavit in support of or in opposition to a motion for summary judgment if "made on personal knowledge, set[ting] out facts that would be admissible in evidence, and show[ing] that the affiant or declarant is competent to testify on the matters stated." *See also* L. Civ. R. 7.2(a) ("Affidavits . . . shall be restricted to statements of fact within the personal knowledge of the signatory.") Defendants' affidavits satisfy the standard set forth in Rule 56(e). As discussed above, credibility

determinations are inappropriate at the summary judgment stage, *Marino*, 358 F.3d at 247 (quoting *Anderson*, 477 U.S. at 255), and the Court declines to exercise its discretion to strike the affidavit under the sham affidavit rule on summary judgment. Additionally, Plaintiff's request for permission to file a motion to strike Defendants' affidavits and pleadings is **DENIED**.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 426) is **DENIED**, and Defendants' Cross-Motion for Summary Judgment (ECF No. 434) is **DENIED**. Plaintiff's requests for permission to file a Rule 11 motion (ECF No. 438) and a motion to strike (ECF No. 443) are **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  May 2, 2022

14