NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SWIFT,<br><br>    Plaintiff,<br><br>  v.<br><br>RAMESH PANDEY, *et al.*,<br><br>    Defendants. | Case No. 2:13-cv-00650 (BRM) (JSA)<br><br>OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Robert Swift's ("Swift") Motion for an Adverse Inference. (ECF No. 454.) Defendants Ramesh Pandey ("R. Pandey") and Bhuwan Pandey ("B. Pandey") (collectively, "Defendants") opposed. (ECF No. 457.) Swift replied. (ECF No. 458.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth herein and for good cause shown, the Motion is **DENIED WITHOUT PREJUDICE**.

**I. BACKGROUND**

The Court has set forth, at length, the factual and procedural background as it pertains to this action in its Opinions dated August 10, 2016, March 27, 2017, August 31, 2017, October 12, 2017, May 22, 2018, and May 2, 2022. (ECF Nos. 165, 197, 222, 229, 264, 444.) The Court hereby incorporates same herein and sets forth only the relevant factual and procedural background as it relates to the Motion.

This action revolves around an alleged transfer of assets between defendant Xechem (India) Pvt. Ltd. ("Xechem India") to non-party Xechem International ("International"). (Third

1

Am. Compl. ("TAC") (ECF No. 85).)

In 2013, Swift commenced this action against Defendants. (ECF No. 1.) After substantial motion practice and numerous amendments, the TAC became the operative complaint.[1] (ECF No. 85; Sept. 8, 2015 Order (ECF No. 94).) The TAC includes the following allegations: Xechem India is a private Indian company founded in 1994 and owned by Defendants. (ECF No. 85 ¶¶ 8–9.) Between July 2000 and April 2007, International loaned $977,394 to Xechem India, expected to be repaid, and, despite demand for repayment, had not been repaid either the principal or interest on the loan. (*Id.* ¶¶ 14, 46–53.) Audited financial statements document this $977,394 transfer as a loan, and there is no written contract for the loan. (*Id.* ¶¶ 19, 52.) The money sent by International to Xechem India "was used to the benefit of the only officers and shareholders of Xechem India", *i.e.*, R. Pandey and B. Pandey, and Xechem India was merely a conduit for their personal finances and business transactions. (*Id.* ¶¶ 56, 57.) The TAC asserts six causes of action: Count I—"Quantum Meruit by [R. Pandey];" Count II—"Quantum Meruit by [B. Pandey];" Count III—"Quantum Meruit by Xechem India;" Count IV—"Unjust Enrichment by [R. Pandey]; Count V—"Unjust Enrichment by [B. Pandey];" and Count VI—"Unjust Enrichment by Xechem India."[2] (*See generally id.*)

This case was scheduled for a bench trial on November 15, 2021, but the parties failed to comply with the terms of the final pre-trial order. (ECF Nos. 420, 435.) The Court determined,

---

[1] The TAC was filed on March 27, 2015. (ECF No. 85.)

[2] In addition to the unjust enrichment and quantum meruit claims arising out of the alleged loan, the TAC also claims unjust enrichment and quantum meruit against Defendants arising out of an alleged failure by R. Pandey to transfer 66-2/3% of his shares in Xechem India to International. (*See generally* ECF No. 85.) These claims do not appear to be the subject of the Motion, but to the extent Swift contends Defendants spoliated or withheld evidence relevant to these share transfer claims, the Court declines to grant an adverse inference for the reasons set forth herein.

2

on what was to be the first day of trial, the case was not trial ready. (ECF No. 435 at 40.) The Court nonetheless permitted the parties to present their opening statements, which were followed by a defense motion to dismiss and the Court's denial of said motion. (ECF Nos. 420, 435.) Thereafter, Swift filed a motion for summary judgment (ECF No. 426), and Defendants cross-moved for summary judgment (ECF No. 434). On May 2, 2022, the Court denied both motions. (ECF Nos. 444, 445.)

On June 8, 2022, Swift filed a motion for an adverse inference. (ECF No. 454.) On July 1, 2022, Defendants filed an opposition. (ECF No. 457.) On July 8, 2022, Swift filed a reply. (ECF No. 458.) The Court denied the Motion orally on the record on July 29, 2022 during a virtual pre-trial conference and notified the parties that it would file this written Opinion and a separate Order. (ECF No. 470.) Trial is scheduled to resume August 9, 2022. (ECF No. 447.)

## II.  LEGAL STANDARD

When a document is "relevant to an issue in a case, the trier of fact generally may receive the fact of the document's nonproduction or destruction as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) (citing *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir. 1983); *United States v. Cherkasky Meat Co.*, 259 F.2d 89, 93 (3d Cir. 1958)). For an adverse inference to apply, the moving party must demonstrate "the evidence was in the [nonmoving] party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the [nonmoving] party." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). Further, "a finding of bad faith is pivotal to a spoliation determination . . . since spoliation of documents that are merely withheld, but not destroyed,

requires evidence that the documents are actually withheld, rather than—for instance—misplaced." *Id.* at 79.

A court's decision on a motion for a sanction such as an adverse inference due to the destruction, loss, or withholding of evidence is discretionary. *Duong v. Benihana Nat'l Corp.*, Civ. A. No. 21-1088, 2022 U.S. App. LEXIS 10213, at *5 (3d Cir. Apr. 15, 2022) (citing *In re Consolidation Coal Co.*, 123 F.3d 126, 131 (3d Cir. 1997)).

### III. DECISION

Swift contends he sought the production of documents from Defendants regarding how the $977,394 was spent by Xechem India and/or Defendants to prove his claims Defendants were unjustly enriched or are liable under quantum meruit. (ECF No. 454 at 3.) In particular, he alleges Xechem India's general ledger, bank statements, invoices, records of payment and similar business documents are necessary to explain how the money was spent. (*Id.*) Not having received these documents in discovery, he moves for an adverse inference sanction and raises several arguments in support of the motion.

First, Swift argues Defendants production of approximately 2,566 pages of documents—of which only 315 pages were responsive and many were duplicates—supports his motion for an adverse inference. (*Id.* at 14.) Swift contends Defendants' "excuses" for nonproduction also support his motion, *e.g.*, (1) Defendants stated Swift had all of the documents; (2) Defendants told Swift that Xechem India went out of business in 2007, then produced annual financial statements for Xechem India from 2008–2011; and (3) Defendants stated a court in India had all the Xechem India documents in a warehouse and advised Swift that he would have to pay in excess of $1,000 to retrieve the documents from the warehouse. (*Id.* at 13–14.) Second, Swift argues Defendants' selective production of certain Xechem India documents utilized in support of their summary

4

judgment application demonstrates Defendants have both withheld documents harmful to their case and are otherwise deceiving the Court. (*Id.* at 15–18.) Third, he argues the paucity of Xechem India documents produced in discovery is sufficient evidence of Defendants' withholding documents. (*Id.* at 18–19.)

In response, Defendants argue Swift's motion must be denied because Swift merely surmises documents such as ledgers, bank statements, invoices, receipts, and similar documents exist, and he has provided no evidence or deposition testimony to support that these documents—or any additional records not produced—were in Defendants' possession, custody, or control. (ECF No. 457 at 5.) Defendants contend denial is appropriate based on the complete absence of evidence of "actual suppression or withholding" of evidence. (*Id.* at 5–6.)

In reply, Swift argues the documents were likely in Defendants' custody or control because Defendants certified only as to producing documents in their possession. (ECF No. 458 at 1, 3–4.) He contends Xechem India's audited financials demonstrate Defendants had ledgers, bank statements, invoices, receipts, and similar documents because those documents are required to prepare audited financials. (*Id.* at 4.) He also adds to his "selective production" argument by noting "Defendants are using 289 pages of the 315 Xechem India pages they produced as exhibits." (*Id.* at 4.) Swift cites generally to 230 pages of documents in his possession—"correspondences between Xechem India and Defendants sent to Defendants at [International]"—and claims that, at the time the lawsuit was filed, Defendants had these documents in their custody or control, stored "on the Xechem India server/computer or in paper files . . . or in the office of Xechem India" but did not produce them because they are harmful to their defense. (*Id.* at 5.) Of the 230 pages he annexes as an exhibit to his reply, Swift highlights a two-page letter from B. Pandey, which Swift alleges was written in 2005, along with a general direction to the Court to review forty-eight pages

5

of miscellany, as evidence Defendants benefitted personally from the loan and withheld documents. (*Id.* at 7, 9.)

Here, Swift has failed to show by competent evidence that the documents he seeks ever existed or were in Defendants' possession, custody or control during the discovery period in this case. Swift's allegation Defendants selectively produced documents is conclusory speculation, not evidence. The number of documents Defendants produced in discovery is also not evidence Defendants withheld documents. Further, Swift's possession of correspondence between Defendants, Xechem India, and International, demonstrates only the existence of that specific correspondence and Defendants' access to the correspondence at the time of creation. His possession is not evidence Defendants had possession, custody or control of these documents during discovery in this case, and it certainly is not evidence the business documents Swift claims were not produced ever existed or were withheld.

In sum, Swift has not proffered any testimonial or documentary evidence demonstrating invoices, receipts, ledgers, bank statements and similar documents ever existed (aside from asking the Court to assume they were utilized by an auditor to prepare audited financials). Likewise, Swift fails to cite testimonial or documentary evidence demonstrating the documents were in Defendants' possession, custody, or control at the time the action was commenced in 2013—several years after the $977,394 transfer. (*See* TAC ¶ 14.) Therefore, the Court would be speculating as to both the existence of such evidence as well as Defendants' ability to access and produce it—something the Court is not permitted to do in evaluating a motion for an adverse inference. *See Melk v. Congreso De Latinos Unidos*, Civ. A. No. 08-3515, 2010 U.S. Dist. LEXIS 158778, at *12–13 (E.D. Pa. Mar. 3, 2010) ("Sanctions must be based on more than mere speculation."); *see also Accurso v. Infra-Red Servs.*, 169 F. Supp. 3d 612, 622 (E.D. Pa. 2016)

(declining to grant negative inference where "the parties have not provided any basis beyond mere speculation"); *Flanders v. Dzugan*, Civ. A. No. 12-1481, 2015 U.S. Dist. LEXIS 111599, at *13 (W.D. Pa. Aug. 24, 2015) (finding reliance on assumptions and inferences that evidence must have existed is insufficient to establish a spoliation claim). Accordingly, Swift's motion is **DENIED WITHOUT PREJUDICE**. In fairness to both parties, the Court will permit both sides to question Defendants at trial about the existence of these documents, including whether, how and which documents were prepared, maintained, lost, destroyed, or in the possession, custody, or control of third-parties, provided the witnesses are able to give such testimony within the bounds of the Federal Rules of Evidence.

### IV.   CONCLUSION

For the reasons set forth above, Swift's Motion for an Adverse Inference (ECF No. 454) is **DENIED WITHOUT PREJUDICE.**

>   */s/ Brian R. Martinotti*
>   **HON. BRIAN R. MARTINOTTI**
>   UNITED STATES DISTRICT JUDGE

Dated:  July 29, 2022