<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT SWIFT,<br><br>           Plaintiff,<br><br>      v.<br><br>RAMESH PANDEY, *et al.*,<br><br>           Defendants. | Case No. 2:13-cv-00650 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Robert Swift's ("Plaintiff") unopposed Motion for Default Judgment against Defendant Xechem (India) Pvt, Ltd. ("Xechem India"). (ECF No. 506.) Having reviewed Plaintiff's submission and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's Motion for Default Judgment (ECF No. 506) is **DENIED**, and Plaintiff's claims against Xechem India are dismissed with prejudice.

**I.    BACKGROUND**[1]

Plaintiff's Motion for Default Judgment filed against Xechem India is the fourth such motion Plaintiff has filed to date. (*See* ECF Nos. 114, 128, 503, 506.) The Court previously denied without prejudice Plaintiff's first motion for default judgment against Xechem India for

---

[1] The Court has set forth, at length, the factual and procedural background as it pertains to this action in its Opinions dated August 10, 2016, March 27, 2017, August 31, 2017, October 12, 2017, May 22, 2018, and May 2, 2022. (ECF Nos. 165, 197, 222, 229, 264, 444). The Court hereby incorporates same herein and sets forth only the relevant factual and procedural background as it relates to Plaintiff's motion.

insufficient service of process. (ECF No. 121.) The Court likewise denied without prejudice Plaintiff's second motion for default judgment against Xechem India for insufficient service of process and further noted: (1) the Court could not determine if it had personal jurisdiction over Xechem India, and (2) Plaintiff failed to support his claim for damages. (ECF Nos. 136, 137.) Plaintiff filed a third motion for default judgment against Xechem India while his appeal was pending in the United States Court of Appeals for the Third Circuit (the "Third Circuit"), and the Court thereafter issued a text order stating it would not take any action on Plaintiff's third motion for default judgment until the Third Circuit determined the issue of appellate jurisdiction. (ECF No. 504.) The Court herein addresses Plaintiff's fourth motion for default judgment against Xechem India (ECF No. 506), which appears virtually identical to Plaintiff's third motion for default judgment.

### A.  Plaintiff's First Motion for Default Judgment

On October 5, 2015, Plaintiff filed a request for default as to Xechem India. (ECF No. 96.) Two days later, on October 7, 2015, the Clerk of Court granted this request and entered on the docket an Entry of Default as to Xechem India for failure to appear. Following this Entry of Default, on November 9, 2015, Plaintiff filed a motion for default judgment against Xechem India, seeking a judgment in the amount of $10,460,953, plus interest and costs. (ECF No. 114.) On November 30, 2015, the Honorable Jose L. Linares, U.S.D.J., denied Plaintiff's motion without prejudice, finding Plaintiff failed to establish sufficient proof of service on Xechem India. (ECF No. 121.) Judge Linares noted Plaintiff submitted an affidavit with his motion stating the complaint was filed upon Xechem India, but stated "there is no evidence before the Court that shows that Xechem [India] was actually served." (ECF No. 121 at 2.) The Court found as follows:

> On November 26, 2014, a summons was issued as to Xechem [India]. (ECF No. 73.) On December 1, 2014, the Clerk of the Court

2

> mailed the summons to the Ministry of Law & Justice in New Delhi, India. (ECF No. 74.) Those are the only two docket entries relating to service of Xechem [India]; there is nothing to indicate that service was actually executed after the summons was sent to the Ministry of Law & Justice in New Delhi, India.  Although the pro se plaintiffs are given considerable latitude in their submissions, they still bear the burden of showing why a motion—including one for default judgment—should be granted. . . .  In the absence of either affirmative evidence showing execution of service, or a memorandum of law explaining how the steps taken here are adequate, the Court cannot conclude that there is sufficient proof of service and will deny Plaintiff's motion without prejudice.

(ECF No. 121 at 2.)

On December 8, 2015, Plaintiff filed a letter requesting to be able to file a renewed motion for default judgment against Xechem India. (ECF No. 122.) The Honorable Joseph A. Dickson, U.S.M.J., granted Plaintiff's request to file a renewed motion for default judgment but stated Plaintiff's renewed motion must cure the deficiencies Judge Linares found existed in his original motion. (ECF No. 123 at 1.) Judge Dickson stated Plaintiff "must either present 'affirmative evidence showing execution of service,' or provide the Court with 'a memorandum of law explaining how the steps taken here [regarding service] are adequate[.]'" (ECF No. 123 at 1–2 (alterations in original).)

### B.  Plaintiff's Second Motion for Default Judgment

On February 24, 2016, Plaintiff filed a second motion for default judgment against Xechem India, this time seeking a judgment in the amount of $11,184,552. (ECF No. 128.) On March 22, 2016, Judge Linares again denied Plaintiff's motion without prejudice, this time because (1) the Court found Plaintiff still had not established sufficient service of process on Xechem India; (2) the Court was unable to determine if it had personal jurisdiction over Xechem India; and (3) the Court determined Plaintiff failed to support his claim for damages. (ECF Nos. 136, 137.) First, the Court noted Plaintiff's affidavit filed in support of his motion for default judgment (ECF No. 128-

1) stated Xechem India was *not* served in India and did not argue (or provide legal support) that such an attempt alone was sufficient to satisfy his service requirement. (ECF No. 136 at 6 (emphasis added)). The Court also stated Plaintiff did not show (or provide any legal support for) why alternate service on Xechem India via certified mail and email to its alleged "point of contact" Defendant Ramesh Pandey—who entered an appearance on behalf of himself personally in this action—was otherwise appropriate. (*Id.*) Second, the Court noted it was unclear whether the Court had personal jurisdiction over Xechem India based on the submissions Plaintiff filed in support of his second motion for default judgment, noting the Third Amended Complaint (ECF No. 85[2]) alleges Xechem India is based in New Delhi, India and that it kept the loan at issue in banks in India. (ECF No. 136 at 6–7 (citing ECF No. 85 at 3–4, ¶¶ 10, 16).) Accordingly, the Court denied Plaintiff's second motion for default judgment on this basis as well. (ECF No. 136 at 7–8.) Third, and lastly, the Court found Plaintiff failed to support his claim for damages, stating while Plaintiff's underlying claim is based on an alleged loan of $977,394 to Xechem India, Plaintiff sought a judgment in excess of $11 million, but failed to provide any evidentiary support for how he arrived at this amount. (ECF No. 136 at 8 (citing ECF No. 85 at 4, ¶ 14).) The Court stated the document purporting to show this $11 million amount appeared to be a spreadsheet Plaintiff generated himself, which the Court concluded was insufficient for a default judgment. (ECF No. 136 at 8.) The Court cautioned Plaintiff if the Court were to grant default judgment against Xechem India "in due course as to liability, the Court would require more than [Plaintiff's then-current] submission to properly determine the amount of damages." (*Id.*) The Court further ordered that if Plaintiff filed a third motion for default judgment against Xechem India, he had to include a brief

---

[2] The Third Amended Complaint was filed on March 27, 2015 and is the operative complaint in this action. (ECF No. 85.)

in accordance with Local Civil Rules 7.1 and 7.2 addressing the issues in the Court's March 22,

2016 Opinion and including citations to applicable rules or case law supporting Plaintiff's position.

(ECF No. 136 at 8–9; *see also* ECF No. 137.)

### C. Plaintiff's Bench Trial and Settlement Agreement with Defendants Ramesh Pandey and Bhuwan Pandey (the "Pandey Defendants")

A bench trial took place before this Court from August 9, 2022 through August 12, 2022.[3]

(*See* ECF Nos. 473, 474, 475, 476, 496, 497, 498, 499.) During trial, the Court, on its own motion

and without objection from the parties, entered a default against Xechem India:

> THE COURT: . . . In the meantime, counsel, is there any objection -- even though you are not representing them -- to a default being entered against [Xechem] India?
> MR. MARKIN [counsel for the Pandey Defendants]: No. They didn't file an answer, so no.
> THE COURT: Okay. So on the Court's motion I'm entering a default against India. Dr. Swift, how do you intend to prove the damages or a judgment against Xechem India? What would it be, the $5,000 plus the 977?
> MR. SWIFT: Yes.
> THE COURT: And they haven't entered a defense. They have been served. The allegation is that [Xechem] International sent $977,000 to [Xechem] India and was never repaid. Nobody knows what happened to that money. And you are looking for that 977 judgment against, I guess a defunct corporation. Is that correct?
> MR. SWIFT: Correct, and the 66 and two-thirds percent.
> THE COURT: Okay. Now, the 66 and two-thirds, was that owned -- that was owned by [Xechem] International or the Pandeys?
> MR. SWIFT: Owned by the Pandeys but never transferred, even though the record shows it was. So this is a fraud.
> THE COURT: Any objection to the Court entering a judgment that [Plaintiff] gets a judgment for 66 and two-thirds of [Xechem] India?

---

[3] Plaintiff attempted to move for default judgment against Xechem India during trial, but the Court informed Plaintiff he could make that application once he got through his case at trial. (*See* ECF No. 497 at 187 ("MR. SWIFT: One last -- oh, one last point, Your Honor, before I call the witness. Plaintiff moves for a default judgment against Xechem India based on Ramesh Pandey's testimony that Xechem India's office and Xechem India did not exist. THE COURT: We're not doing that now. Let's get through your case, then you can make that application.").)

> MR. MARKIN: No. He can have 100 percent of India. There's no
> objection to that.
> THE COURT: Okay.
> MR. SWIFT: Are you offering the 100 percent?
> MR. MARKIN: We don't have it. Nobody has it. It's a name on a
> piece of paper. I don't know what you're after, man. It's in India.
> Go to India.

(ECF No. 497 (Trial Tr. Vol. II) at 212–13.)

At the close of Plaintiff's case-in-chief, the Court granted the Pandey Defendants' motion to dismiss all of Plaintiff's remaining claims pursuant to Federal Rule of Civil Procedure 52(c). (*See* ECF No. 499 (Trial Tr. Vol. IV) at 292–301.) After a careful review of the record and evidence presented at trial, the Court made and provided its findings of fact and conclusions of law on the record on August 12, 2022. (*Id.*) The Court found Plaintiff did not prove the elements of his remaining claims—for unjust enrichment[4] or quantum meruit[5]—against either the Pandey Defendants or Xechem India. (*See id.*) Plaintiff also sought to hold the Pandey Defendants individually liable under the equitable remedy of piercing the corporate veil, but the Court stated it would not pierce the corporate veil and hold the Pandey Defendants liable because (1) Plaintiff

---

[4] *See* ECF No. 499 at 294 ("Recovery on a theory of unjust enrichment typically occurs where there was no written contract between the parties or the contract turns out to be invalid. It is a quasi-contractual cause of action, a contract implied in law. *National Amusements Inc. v. N.J. Tpk. Auth.*, 619 A.2d 262 (Law Division 1992). In New Jersey, a plaintiff alleging unjust enrichment must demonstrate the defendant received a benefit, retained that benefit, and that retention would work an injustice. The unjust enrichment doctrine requires plaintiff show that an expected remuneration from the defendant at the time it performed or conferred a benefit on defendant, and the failure of remuneration enriched the defendant beyond its contractual rights. *VRG Corp vs. GKN*, 641 A.2d 519, at page 526 (N.J. 1994).").

[5] *See* ECF No. 499 at 298 ("Quantum meruit is a form of quasi-contractual recovery and rests on equitable principles that a person shall not be allowed to enrich himself unjustly at the expense of another. To recover under a theory of quantum meruit, a plaintiff must establish the performances of services in good faith, acceptance of the services by the person to whom they are rendered, and an expectation of compensation and reasonable value for the services. *Starkey, Kelly, Blaney, White v. East Nicolaysen*, 776 A.2d 238 (N.J. 2002).").

did not plead any related tort claims against the Pandey Defendants, and (2) in any event, the Court found Xechem India not liable under either unjust enrichment or quantum meruit. (*Id.* at 299–300.) Plaintiff likewise sought to hold the Pandey Defendants individually liable under the tort participation theory, but the Court said it would similarly not hold the Pandey Defendants liable under the tort participation theory because it determined the Pandey Defendants were not liable under *any* theory Plaintiff pled, let alone in tort. (*Id.* at 300–01.)

The Court concluded Plaintiff failed to prove his unjust enrichment claim against Xechem India because although the evidence submitted during trial showed a transfer of money from third party Xechem International to Xechem India, the Court found: (a) Plaintiff did not present any evidence that Xechem International expected remuneration from Xechem India "in the form of any in-kind payments"; (b) Plaintiff did not present any evidence showing the money transferred to Xechem India went directly to the Pandey Defendants or that Xechem India transferred any portion of that money to the Pandey Defendants; (c) Plaintiff did not present any witnesses with personal knowledge of the transfers who testified that Xechem International expected remuneration from Xechem India; and (d) Plaintiff did not present any evidence, nor could he present any evidence, regarding what Xechem India "did or ought to have done with the money that [Xechem] International sent to them and was expected to be repaid." (*Id.* at 295–98).

The Court likewise concluded Plaintiff failed to prove his quantum meruit claim against Xechem India because the evidence Plaintiff presented "[did] not demonstrate that [Xechem] International expected compensation in the form of repayment of the funds," but rather showed "[Xechem] India performed Nigeria-related services for the benefit of [Xechem] International." (*Id.* at 298–99.) Therefore, the Court found Xechem India was not liable under either of Plaintiff's remaining two claims for unjust enrichment and quantum meruit. (*Id.* at 300.)

Accordingly, on August 17, 2022, the Court entered final judgment in favor of the Pandey Defendants and against Plaintiff on all claims. (ECF No. 481 ("Final Judgment").) Xechem India was not explicitly mentioned in the Final Judgment, but the Final Judgment reflected it was "a final judgment as to all claims by any party against any other party, and fully and finally terminates this action with prejudice." (*Id.*)

### D.  Plaintiff's Post-Trial Request for an Amended Final Judgment

On September 12, 2022, Plaintiff filed a letter with the Court requesting an order and judgment regarding (1) a default judgment against Xechem India and (2) the Pandey Defendants' agreement to transfer "100%" of Xechem India to Plaintiff and the Court's retention of jurisdiction to enforce this agreement between the parties.[6] (ECF No. 482.) The Court construed Plaintiff's letter as a request to amend the Final Judgment to reflect, *inter alia*, a default judgment against Xechem India. (*See* ECF No. 486 at 2.)

The next day, on September 13, 2022, Plaintiff filed a Notice of Appeal from the Final Judgment with the Third Circuit. (ECF No. 483.) Thereafter, the Court issued an order noting it lacked the jurisdiction to grant Plaintiff's letter request because of Plaintiff's pending appeal with the Third Circuit. (ECF No. 486 at 2.) The Court also issued a text order instructing Plaintiff and defense counsel to meet and confer and submit a proposed amended final judgment reflecting the issues raised in Plaintiff's September 12, 2022 letter. (ECF No. 484.) The Court further informed the parties to notify the Court by September 26, 2022 if they were unable to agree on a form of amended final judgment. (*Id.*)

On September 22, 2022, Plaintiff submitted a letter to the Court stating he and defense

---

[6] The Court's analysis and decision related to Plaintiff's separate motion to enforce the settlement agreement between Plaintiff and the Pandey Defendants (ECF No. 507), and the Court's enforcement of same, was addressed in the Court's November 28, 2023 Opinion (ECF No. 511).

counsel could not agree on a form of amended final judgment. (ECF No. 488.) Plaintiff attached to the letter a proposed amended final judgment and a proposed default judgment as to Xechem India. (ECF Nos. 488-1, 488-2.) On September 26, 2022, the Pandey Defendants' counsel submitted a letter in response to Plaintiff's September 22, 2022 letter and in objection to Plaintiff's proposed orders of judgment, stating these proposed orders "contain findings of facts and conclusions of law that were never part of the record and flatly contradict the Court's findings in granting Defendants' motion for directed verdict at the conclusion of Plaintiff's case." (ECF No. 489 at 1.) The Pandey Defendants' counsel asserted when it became clear they were not going to agree on a proposed amended final judgment with Plaintiff, they requested Plaintiff submit their version to the Court along with his, but he failed to do so. (*Id.*) The Pandey Defendants' counsel also raised an issue related to service of process on Xechem India, contending Plaintiff represented during trial that "he had properly served Xechem India, and on that basis, the Court determined that it would enter default judgment" but arguing Plaintiff "has not provided any evidence of service on Xechem India" and "may have misrepresented to the Court that service was properly completed under the Federal Rules and the directives of this Court." (ECF No. 489 at 1–2.) The Pandey Defendants' counsel said they requested proof of service on Xechem India from Plaintiff, but Plaintiff "refused to provide" this. (ECF No. 489 at 1.) The Pandey Defendants' counsel asserted this "is a significant issue because this Court concluded several years ago that Plaintiff had failed to properly serve Xechem India" and "found that service of the Complaint on Defendant Ramesh Pandey, an officer of Xechem India, was not sufficient to effectuate good service on a foreign corporation under [Federal] Rule [of Civil Procedure] 4(f)." (ECF No. 489 at 1–2.) On September 27, 2022, Plaintiff submitted a brief response letter noting defense counsel "does not represent Xechem India" and arguing he "met his burden of unjust enrichment for the 66-2/3% of

Xechem India and this should be reflected." (ECF No. 490.) As of the date of this Opinion, the Court has not received a revised joint proposed amended final judgment from the parties.

On October 5, 2022, the Court held a telephone conference with Plaintiff and the Pandey Defendants to discuss post-trial issues. (ECF Nos. 491, 500.) During the conference, the Pandey Defendants' counsel contended they could not find a record that showed Xechem India had been served and therefore believed Plaintiff made a misrepresentation to the Court about having served Xechem India. (ECF No. 500 at 5.) The Pandey Defendants' counsel argued the Court could not enter default judgment if Plaintiff had not properly served Xechem India. (ECF No. 500 at 6.) In response, Plaintiff asserted he properly served Xechem India by serving its officer Ramesh Pandey via process server at his home in New Jersey and that he filed this proof of service with the Court. (ECF No. 500 at 6–8.) The Court ordered Plaintiff to submit an application to the Court for a default judgment against Xechem India and indicate how he purportedly served Xechem India. (ECF No. 500 at 8.)

On December 30, 2022, Plaintiff submitted a letter to the Court stating he properly served his Third Amended Complaint on Xechem India, first through The Hague Convention[7] and then via its officer, Defendant Ramesh Pandey. (ECF No. 501 at 1.) Plaintiff argued a default judgment

---

[7] This appears to be a misstatement as Plaintiff elsewhere represented to the Court that he attempted to serve, but was unsuccessful in serving, Xechem India in India under the Hague Convention. *See* ECF No. 362 (Pl.'s 05/12/2020 Letter to the Court) at 1 ("In 2015, the process servers went to the address of Xechem India shown in documents filed by Xechem India in Ministry of Corporate Affairs ('MCA'). The office of Xechem India was not found at either of two addresses, though one process server did note that Xechem India had an office at one of the addresses, but was no longer there. In 2020, Xechem India is listed as a Strike-Off in MCA records, which means it has no legal existence due to not filling annual returns for more than 3 years. There is no Xechem India to serve in India."); ECF No. 506-1 at 10 ("On February 23, 2015, a process server in India went to the address of Xechem India to serve Xechem India under the Hague Convention. . . . Xechem India had been located at the offices [in New Delhi, India] but was no longer at that address as of February 23, 2015.").

against Xechem India is warranted because Xechem India failed to file any responsive pleading in this action. (*Id.*) Plaintiff requested the Court accordingly issue an amended final judgment reflecting a default judgment against Xechem India. (*See id.* at 2.) In a text order on January 5, 2023, the Court acknowledged receipt of Plaintiff's December 30, 2022 letter but stated it would not take any action until the Third Circuit made a determination regarding its appellate jurisdiction. (ECF No. 502.)

A review of the docket reveals Plaintiff filed an affidavit of service dated July 22, 2020 reflecting a process server, on July 21, 2020,[8] served a copy of the Summons and Third Amended Complaint on Xechem India via a person named Anna Espinoza at 30 South Adelaide Avenue, #8, Highland Park, New Jersey 08904. (ECF No. 375.) In the affidavit, the process server noted she spoke with Ramesh Pandey on the phone, and he said he was sick and wanted her to leave the papers "downstairs with the security lady."[9] (*Id.*)

### E. Plaintiff's Third and Fourth Motions for Default Judgment

On January 17, 2023, while Plaintiff's appeal remained pending with the Third Circuit, Plaintiff filed a third motion for default judgment against Xechem India. (ECF No. 503.) On January 20, 2023, the Court issued a text order stating, again, it would not take any action on Plaintiff's third motion for default judgment against Xechem India until the Third Circuit determined the issue of appellate jurisdiction. (ECF No. 504.) On June 23, 2023, the Third Circuit

---

[8] This was more than five years after the Third Amended Complaint was filed on March 27, 2015 (*see* ECF No. 85) and more than four years after the Court issued its March 22, 2016 Opinion and Order denying Plaintiff's second motion for default judgment against Xechem India due to insufficient service of process, among other things. (*See* ECF Nos. 136, 137).

[9] It is unclear from the affidavit of service whether Anna Espinoza is the "security lady" referenced, but presumably she is, and, in any event, the process server spoke with Ramesh Pandey who authorized her to leave the papers downstairs, and the process server complied with Mr. Pandey's instruction.

issued an order staying Plaintiff's appeal pending this Court's decision on Plaintiff's request that the Court enter an amended final judgment to reflect, *inter alia*, a default judgment against Xechem India. (ECF No. 505.)

On June 30, 2023, following the Third Circuit's June 23, 2023 order staying his appeal, Plaintiff filed a fourth motion for default judgment against Xechem India, which appears virtually identical to his third motion for default judgment. (*Compare* ECF No. 506, *with* ECF No. 503.[10]) Plaintiff asserts the following in his affidavit filed in support of this motion: (1) the records of the Ministry of Corporate Affairs in India show, and the Pandey Defendants admit, Xechem India had its office in New Delhi, India; (2) back in February 2015, he attempted to serve, but was unsuccessful in serving, Xechem India in India under the Hague Convention;[11] (3) "Xechem India

---

[10] The Court notes Plaintiff did not comply with the Court's prior order for him to file with any subsequent motion for default judgment a brief in accordance with Local Civil Rules 7.1 and 7.2, addressing the issues in the Court's March 22, 2016 Opinion, and to include citations to applicable rules or case law supporting his position. (*See* ECF No. 137.) Plaintiff did not file any brief in support of his third or fourth motions for default judgment against Xechem India (*see* ECF Nos. 503, 506); rather, he filed a more detailed affidavit in support of these motions. (*See* ECF No. 503 at 11–12; ECF No. 506-1 at 10–11.) But because Plaintiff is *pro se*, the Court will consider the substance of his motion despite his non-compliance with Local Civil Rules 7.1 and 7.2. *See Taylor v. AM Retail Grp., Inc.*, Civ. A. No. 20-03158, 2021 WL 2634736, at *2 (D.N.J. Apr. 28, 2021), *recons. denied*, 2022 WL 362614 (D.N.J. Jan. 4, 2022) ("Preliminarily, the Court notes that Plaintiff did not include a brief or statement in lieu of a brief or proposed form of order, as required by Local Civil Rule 7.1(d) . . . . However, given the leniency afforded to *pro se* litigants and that Rule 7.1, like other Local Civil Rules, are subject to relaxation specifically in the case of *pro se* litigants, the Court will consider the substance of his motion and the arguments that he raises for the first time in his reply brief.").

[11] *See also* ECF No. 362 (Pl.'s 05/12/2020 Letter to the Court) at 1 ("Plaintiff followed the rules governing service to a corporation in India. According to The Hague Convention in India, a Summons and Complaint are sent to the Central Authority in India and the Central Authority sends out process servers to serve the Summons and Complaint to the Indian corporation. In 2015, the process servers went to the address of Xechem India shown in documents filed by Xechem India in Ministry of Corporate Affairs ('MCA'). The office of Xechem India was not found at either of two addresses, though one process server did note that Xechem India had an office at one of the addresses, but was no longer there. In 2020, Xechem India is listed as a Strike-Off in MCA records, which means it has no legal existence due to not filling annual returns for more than 3 years. There

ceased operations and became defunct" after Xechem International filed for bankruptcy in November 2008; (4) as of July 2020, the records of the Ministry of Corporate Affairs in India showed Defendant Ramesh Pandey as the "point of contact for Xechem India"; (5) Defendant Ramesh Pandey admitted he was an officer of Xechem India; and (6) on July 21, 2020, Plaintiff served Xechem India through its officer Ramesh Pandey pursuant to Federal Rules of Civil Procedure 4(h) and 4(e)(1).[12] (*See* ECF No. 506-1 at 10–11; *see also id.* at 3–8.) Plaintiff argues he is entitled to a default judgment against Xechem India because he properly served Xechem India by serving its officer Ramesh Pandey in New Jersey (an individual defendant in this action), and Xechem India has not responded within the time allowed under the Federal Rules of Civil Procedure. (*See* ECF No. 506-1 at 7–8, 11.) Plaintiff seeks "$977,394, plus appropriate statutory interest together with the costs of this action" and the transfer of sixty-six-and-two-thirds percent of Xechem India to Plaintiff. (ECF No. 506-1 at 1–2, 11.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) allows for the entry of default against a party who "has failed to plead or otherwise defend," and when "that failure is shown by affidavit or otherwise,

---

is no Xechem India to serve in India."). As the Court previously noted, Plaintiff "does not argue (or provide legal support) that such attempt alone is sufficient to satisfy his service requirement." (ECF No. 136 at 6.)

[12] *See also* ECF No. 362 (Pl.'s 05/12/2020 Letter to the Court) at 1 ("Ramesh and Bhuwan Pandey are Officers and Directors of Xechem India and are citizens of the USA and by law should be served with a Summons and Complaints against Xechem India according [to] Fed R. Civ. P. 4. I did that with certified and first class mail and they did not respond. Now [I] am requesting they be served by a process server."); ECF No. 375 (Affidavit of Service). The Court previously found: (1) Plaintiff did not provide any basis (or provide any legal support) for why service via certified mail and email on Defendant Ramesh Pandey was an appropriate alternate method of service on Xechem India under the Federal Rules of Civil Procedure, and (2) Plaintiff did not show why alternate service on Xechem India via its alleged "point of contact" Defendant Ramesh Pandey was otherwise appropriate. (ECF No. 136 at 6.)

the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the Clerk enters an entry of default, "Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2)). The court, rather than the Clerk, must enter the judgment where the amount is not sum certain or cannot be made certain by computation. Fed. R. Civ. P. 55(b).

The Third Circuit generally disfavors default judgments. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008). While entry of a default judgment is within the district court's discretion, cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citation omitted). To determine whether entering a default judgment is appropriate, the Court may conduct a hearing when, "to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2).

Generally, courts treat all pleadings and allegations of a plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the Court is not required to accept a plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against defendants. *Directv, Inc. v. Asher*, Civ. A. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Fed. Prac. & Proc. § 2688, at 58–59, 63 (3d ed. 1998)); *accord La. Counseling & Family Servs.*, 543 F. Supp. 2d at 364; *Comcast Cable Commc'ns v. Bowers*, Civ. A. No. 06-1664, 2007 WL 1557510, at *2 (D.N.J. May 25, 2007).

However, "[b]efore entering default judgment, the Court must address the threshold issue

of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, Civ. A. No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010) (citation omitted). "[A] court considering a motion for a default judgment must *sua sponte* ensure that an exercise of personal jurisdiction over each defaulting defendant is proper." *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017) (quoting *Allaham v. Naddaf*, Civ. A. No. 13-3564, 2015 WL 3421464, at *3 (E.D. Pa. May 28, 2015), *aff'd*, 635 F. App'x 32 (3d Cir. 2015)). A court should "exercise[] its responsibility to determine that it has the power to enter the default judgment." *See id.* "If a court lacks personal jurisdiction over a defendant, the court does not have jurisdiction to render a default judgment, and any such judgment will deemed void." *Exporting Commodities Int'l, LLC v. S. Mins. Processing, LLC*, Civ. A. No. 16-09080, 2017 WL 5513682, at *3 (D.N.J. Nov. 17, 2017) (quoting *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015)).

## III.   DECISION

### A.  Subject Matter Jurisdiction

"[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (2) citizens of a State and citizens or subjects of a foreign state [excerpt for circumstances not applicable here]" and "(3) citizens of different States[.]" 28 U.S.C. § 1332. "Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

Here, Plaintiff is domiciled in Colorado, Xechem India is a defunct corporate entity

15

domiciled in India, and the Pandey Defendants are domiciled in New Jersey. (*See* ECF No. 85 at

2–3, ¶¶ 1, 6–8; ECF 426-1 at 3 (Pl.'s Statement of Undisputed Facts in Supp. of Mot. for Summ.

J.) ("1) Plaintiff is a citizen of the State of Colorado . . . 2) Ramesh [Pandey] is a citizen of the

State of New Jersey . . . 3) Bhuwan [Pandey] is a citizen of the State of New Jersey . . . 14) Xechem

India was domiciled in India in an office owned by Ramesh." (citations omitted)); ECF No. 434-

1 at 1–2 (the Pandey Defendants' Resps. to Pl.'s Statement of Undisputed Facts in Supp. of Mot.

For Summ. J.) ("1. Admitted.  2. Admitted.  3. Admitted. . . . 14. Admitted.").) Additionally,

Plaintiff is seeking "$977,394, plus appropriate statutory interest together with the costs of this

action." (*See* ECF No. 506-1 at 1–2, 11.)

Therefore, the Court has subject matter jurisdiction over this motion for default judgment

based on diversity under 28 U.S.C. § 1332 because Plaintiff and Xechem India are citizens of

different states and the amount in controversy exceeds $75,000.

### B.  Personal Jurisdiction and Service of Process for Xechem India

A "plaintiff bears the burden of demonstrating the facts that establish personal

jurisdiction[.]" *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (citing *Mellon*

*Bank (East) PSFS Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). "Before a federal

court may exercise personal jurisdiction over a defendant, the procedural requirements of service

of summons must be satisfied." *Omni Cap. Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

"For a court to exercise personal jurisdiction over a defendant, the defendant must be served

process, alerting the defendant to the pendency of the suit and the nature of the claims against

[them]." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 381 (3d Cir. 2022) (citing cases), *cert.*

*denied*, 143 S. Ct. 1001 (2023). Service of a summons is the procedure by which a court having

venue and subject matter jurisdiction asserts jurisdiction over the person of the party served. *Miss.*

*Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946). "The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case." *Ayres v. Jacobs & Crumplar*, 99 F.3d 565, 569 (3d Cir. 1996).

Federal Rule of Civil Procedure 4 governs service of process in a federal action. *See Gabros v. Shore Med. Ctr.*, 724 F. App'x 119, 121 (3d Cir. 2018). "[C]orporate defendants must be served consistent with [Federal] Rule [of Civil Procedure] 4(h)." *Id.* Federal Rule of Civil Procedure 4(h) provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, **a domestic or foreign corporation . . . must be served:**
>    **(1) in a judicial district of the United States**:
>       (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>       **(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process** and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>    (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h) (emphasis added).

Additionally, Federal Rule of Civil Procedure 4(m) provides "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m)'s ninety-day deadline for service of process applies to attempts to serve a defendant in the United States. *See id.* Rule 4(m)'s ninety-day deadline for service of process, however, does not apply to attempts to serve a defendant in a foreign country, but courts must still consider "whether the plaintiff has been diligent in attempting to serve a foreign defendant." *Aldossari ex rel. Aldossari v. Ripp*, Civ. A. No. 20-3187, 2021 WL

259957, at *2 n.2 (E.D. Pa. Jan. 26, 2021) (citation omitted); *see also* Fed. R. Civ. P. 4(m), 4(f),

4(h)(2). If a plaintiff shows good cause for failing to timely serve a defendant, "the court must

extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In determining whether

good cause exists, a court's primary focus is on "the plaintiff's reasons for not complying with the

time limit in the first place.'" *Tagoe v. USCIS Dist. Dir.*, Civ. A. No. 23-1875, 2023 WL 5277874,

at *1 (D.N.J. Aug. 16, 2023) (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086,

1097 (3d Cir. 1995)). "Even if a plaintiff fails to show good cause, the District Court must still

consider whether any additional factors warrant a discretionary extension of time." *Maltezos v.

Giannakouros*, 522 F. App'x 106, 108 (3d Cir. 2013) (citing *Petrucelli v. Bohringer & Ratzinger,

GMBH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995)). But "[w]here there is an unjustified and unexcused

failure to timely serve a complaint the court 'must dismiss the action.'" *Bailey v. Nelnet Student

Loan Servicer*, Civ. A. No. 22-1311, 2023 WL 3250683, at *1 (W.D. Pa. Feb. 10, 2023) (quoting

*Beckerman v. Susquehanna Twp. Police*, 254 F. App'x 149, 154 (3d Cir. 2007)).

Here, the Court finds service of process on Xechem India via its officer Ramesh Pandey—

who was a defendant in this action—was untimely because it occurred more than five years after

Plaintiff filed the Third Amended Complaint and more than four years after the Court's March 22,

2016 Opinion denying his second motion for default judgment due to insufficient service of

process on Xechem India, among other things. (*See* ECF Nos. 85, 136, 137, 375.) Plaintiff asserts

in February 2015, he attempted to serve, but was unsuccessful in serving, Xechem India under the

Hague Convention (ECF No. 506-1 at 10),[13] which the Court previously found was insufficient

service of process on Xechem India (ECF No. 136 at 6). Plaintiff filed the Third Amended

Complaint on March 27, 2015, but does not contend he attempted to serve this Third Amended

---

[13] *See also supra* n.11.

18

Complaint on Xechem India in India. (ECF No. 85.) Rather, Plaintiff submits he properly served Xechem India with a copy of the Third Amended Complaint by personally serving its officer Ramesh Pandey in July 2020, more than five years later. (*See* ECF No. 375; ECF No. 506-1 at 11.) While Federal Rule of Civil Procedure 4(m)'s ninety-day time limit for service does not apply to Plaintiff's attempt to serve Xechem India in *India*, it does apply to Plaintiff's attempt to serve Xechem India via its officer Ramesh Pandey in *New Jersey*, which is in the United States. *See* Fed. R. Civ. P. 4(f), 4(h)(2), 4(m). The Court concludes service of process on Xechem India via its officer Ramesh Pandey in New Jersey was untimely because it occurred more than five years after the Third Amended Complaint was filed and more than four years after the Court's March 22, 2016 Opinion denying his second motion for default judgment due to insufficient service of process on Xechem India, among other things. (*See* ECF Nos. 85, 136, 137, 375.).[14] Therefore, the Court lacks personal jurisdiction over Xechem India and cannot issue a default judgment against it.[15] *See Maltezos v. Giannakouros*, 522 F. App'x 106, 108–09 (3d Cir. 2013) (citations and footnote omitted).

The Court also finds Plaintiff failed to show good cause for not complying with the applicable time limit in Federal Rule of Civil Procedure 4(m). Plaintiff does not provide any reason for why he waited more than four years to serve Xechem India via its officer Ramesh Pandey—

---

[14] Note, the Court is *not* ruling that service on Ramesh Pandey as an officer of Xechem India was an improper method of service on Xechem India, but rather that this service, even assuming it was proper, was untimely under the Federal Rules of Civil Procedure.

[15] The Court acknowledges its September 14, 2022 Order reflects "the Court, on its own motion, entered default judgment against Defendant Xechem-(India) Pvt, Ltd. ('Xechem India')" during trial (*see* ECF No. 486 at 1), but "[i]f a court lacks personal jurisdiction over a defendant, the court does not have jurisdiction to render a default judgment, and any such judgment will be deemed void." *Exporting Commodities Int'l*, 2017 WL 5513682, at *3 (quoting *Allaham*, 635 F. App'x at 36).

particularly given Mr. Pandey was a defendant in this action and appeared in this action prior to 2015 (*see* ECF No. 5)—and Plaintiff does not otherwise argue or provide any factual or legal basis for why serving a foreign entity through its domestic officer more than five years after filing the operative complaint, and more than four years after the Court's March 22, 2016 opinion denying his second motion for default judgment due to insufficient service of process on Xechem India, among other things, is appropriate. These omissions are particularly noteworthy given Plaintiff was on notice that his service of process on Xechem India was deficient based on the Court's prior rulings back in 2015 and 2016 denying Plaintiff's prior motions for default judgment on this basis. (ECF Nos. 121, 136, 137.) The Court does not see any reason why Plaintiff could not have served Xechem India via its officer Ramesh Pandey well before July 2020.

The Court further concludes no additional factors warranting a discretionary extension of time for service exist because any additional time would be futile as the Court found Xechem India not liable on any of Plaintiff's remaining claims following a bench trial. (*See* ECF No. 499 at 292–301.) *See also Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) ("Because a further discretionary extension is unlikely to yield any fruitful results, under the circumstances here, dismissal of the case . . . for failure to timely effect service was appropriate." (citations omitted)).

Additionally, the Court finds dismissal of Plaintiff's claims against Xechem India with prejudice is appropriate because the Court found in favor of Defendants and against Plaintiff on all claims at trial. (*See* ECF No. 481.) *See also Animal Sci. Prods., Inc. v. China Nat'l Metals & Mins. Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008) ("[I]f default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants" and "if plaintiff loses on merits, the complaint should then be dismissed against both

defaulting and non-defaulting defendants." (citations omitted)). *Cf. Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986) ("[W]e believe that *Frow* [*v. De La Vega*, 82 U.S. 552 (1872)] stands for the proposition that if at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved." (citations and footnote omitted)).

Even assuming, *arguendo*, Plaintiff had timely served Xechem India via serving its domestic officer Ramesh Pandey, this would not have changed the outcome. After carefully reviewing and assessing the record and evidence presented at trial, the Court addressed the merits of Plaintiff's claims and concluded Plaintiff failed to prove the elements of his alleged causes of action against Xechem India. (*See* ECF No. 499 at 292–301.) Consequently, the Court found in favor of Defendants and against Plaintiff on all claims. (*See id.*; ECF No. 481.) Accordingly, the Court concludes even if service was timely, the Court does not have any basis upon which to issue a default judgment against Xechem India.[16] *See Wallace v. Fed. Emps. of U.S. Dist. Ct., EDPA*, 325 F. App'x 96, 101, 101 n.5 (3d Cir. 2009) (affirming district court's judgment, finding service of process against certain defendants was untimely because they were served 132 days after the complaint was filed, which did not comply with Federal Rule of Civil Procedure 4(m), and stating because those defendants "had not been validly served, no default judgment could be entered

---

[16] The Court therefore does not find it necessary to address the separate issue of whether it would have the authority to issue a default judgment against Xechem India as a defunct foreign corporate entity that the Court understands is in the process of being transferred to Plaintiff. (*See* ECF No. 500 at 9 ("THE COURT: Now you are going to own Xechem India. Is that correct, Dr. Swift? MR. SWIFT: At some point. I mean I believe I will but right now I don't.").)

against them"; and noting "[e]ven if service had been timely, a default judgment still would not have been proper because, as explained [in the opinion], the complaint fails to state a claim upon which relief can be granted" (citing *Petrucelli*, 46 F.3d at 1304)).

Therefore, the Court denies Plaintiff's Motion for Default Judgment (ECF No. 506) and dismisses all claims against Xechem India with prejudice.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment (ECF No. 506) is **DENIED**, and all of Plaintiff's claims against Xechem India are **DISMISSED WITH PREJUDICE**. An appropriate Order follows, and an Amended Final Judgment will also follow.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  November 28, 2023