<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SWIFT,<br><br>    Plaintiff,<br><br>v.<br><br>RAMESH PANDEY, *et al.*,<br><br>    Defendants. | Civil Action No. 13-650 (BRM) (JSA)<br><br><br><u>OPINION & ORDER DENYING</u><br><u>MOTION TO BE RELIEVED AS</u><br><u>COUNSEL</u> |

Presently before the Court is the motion of Stark & Stark, P.C. ("the Stark Firm") to be relieved as counsel for Defendants Ramesh Pandey and Bhuwan Pandey (the "Pandey Defendants") (ECF No. 508). Plaintiff *pro se* Robert Swift opposes the motion (ECF No. 509). No oral argument was heard pursuant to Federal Rule of Civil Procedure 78(b). Having considered the parties' submissions, and for the reasons set forth below, and for good cause shown, the motion to be relieved as counsel is **DENIED**.

I.     **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

As this Court writes primarily for the parties' benefit, it recites only the relevant facts and procedural history necessary to decide the present motion.

The Stark Firm was retained by the Pandey Defendants on September 25, 2019, pursuant to a written retainer agreement. (*See* Declaration of Gene Markin, Esq., ¶ 2 ("Markin Decl."); ECF No. 508-1). On November 19, 2019, the Honorable Joseph A. Dickson, U.S.M.J. (Ret.) entered an Order in part granting the Stark Firm's request to appear as co-counsel for the Pandey Defendants. (ECF No. 327).

A bench trial took place before the Honorable Brian R. Martinotti, U.S.D.J. from August 9, 2022, through August 12, 2022. (*See* ECF Nos. 473-76, 496-99). The Stark Firm represented the Pandey Defendants throughout the trial. (Markin Decl., ¶ 4). During the trial, on August 10, 2022, Judge Martinotti engaged in settlement discussions with Plaintiff and the Pandey Defendants through their defense attorney, Gene Markin, Esq. of the Stark Firm. (*See* ECF No. 511 at 2-3). Plaintiff and the Pandey Defendants reached a partial settlement during the trial (at times, "the settlement agreement"). As stated in the November 28, 2023, Opinion and Order issued by Judge Martinotti enforcing the settlement agreement (the "November 28th Opinion"; ECF Nos. 511-512):

> During the trial, the Court engaged in settlement discussions with Plaintiff and the Pandey Defendants at which time they came to a partial resolution, an oral settlement agreement, regarding Xechem India. The Pandey Defendants, both individually and through counsel, represented: (1) they would be willing to transfer to Plaintiff any and all rights and interests they have, and any assets that may exist, in Xechem India; and (2) they would assist in cooperating with Plaintiff to help efficiently facilitate this transfer, including revitalizing or reestablishing Xechem India as a corporation in India, provided this process would be at no cost to the Pandey Defendants and provided Plaintiff would give the Pandey Defendants any paperwork necessary for this process.

(ECF No. 511 at 2) (internal citations omitted).

The settlement agreement was memorialized on the record during the trial, and Mr. Markin expressly set forth and confirmed the terms of the settlement agreement. (*Id.*, citing ECF No. 497 at 229-30). As it relates to the instant motion, the following settlement colloquy took place:

> MR. MARKIN: Just to clarify, whatever Swift needs done is going to come from him. He's going to give it to us and say, Hey, I need--
> THE COURT: Right.
> MR. MARKIN: We're not going to put anything together.
> MR. SWIFT: Gene, I have to do it all.
> THE COURT: But, counsel, you are going to assist for this component?
> MR. MARKIN: Yes.

2

(*Id.,* citing ECF No. 497 at 229-30).

Thereafter, Judge Martinotti granted the Pandey Defendants' motion to dismiss all of Plaintiff's remaining claims pursuant to Federal Rule of Civil Procedure 52(c) and entered final judgment on August 17, 2022, in favor of the Pandey Defendants and against Plaintiff (the "Final Judgment"). (*Id.* at 3-4; ECF No. 481). However, Judge Martinotti "explicitly retained jurisdiction over the settlement agreement between Plaintiff and the Pandey Defendants related to Xechem India for the purpose of enforcing that agreement." (*Id.* at 4).

On September 12, 2022, Plaintiff filed a letter (the "September 12th Letter"), which Judge Martinotti construed as a request to amend the Final Judgment to "reflect, *inter alia*, the Court's retention of jurisdiction to enforce the settlement agreement between Plaintiff and the Pandey Defendants to facilitate the transfer of Xechem India to Plaintiff." (*Id.*; *see also* ECF No. 482). On September 13, 2022, Plaintiff filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit relating to the Final Judgment. (*Id.*; *see also* ECF No. 483). In response, Judge Martinotti issued a Text Order directing the parties to meet-and-confer and submit a proposed, amended final judgment reflecting the issues raised in the September 12th Letter. (*Id.* at 5; ECF No. 484).

The parties reported that they were unable to reach agreement on the form of an amended proposed final judgment. As a result, on October 5, 2022, Judge Martinotti held a telephone conference with Plaintiff and Mr. Markin, representing the Pandey Defendants, "to discuss post-trial issues, including the status of the Pandey Defendants' agreement to transfer any and all rights and interests they have, and any assets that may exist, in Xechem India to Plaintiff." (*Id.* at 6; *see also* ECF Nos. 491, 500). "During the conference, the Court *ordered* the Pandey Defendants to revise the language in their proposed final judgment to state they 'will effectuate a transfer of any

3

and all interests that they have' in Xechem India to Plaintiff 'in an expeditious manner' and again stated that the Court would retain jurisdiction over this issue." (*Id.*) (emphasis added) (at times, "the October 5th Order"). Despite the October 5th Order, as of the date of the November 28th Opinion, Judge Martinotti had not received a joint proposed amended final judgment from the parties. (*Id.*)

On June 23, 2023, the Third Circuit issued an Order staying Plaintiff's appeal pending this Court's decision on Plaintiff's September 12th request for the Court to enter an amended final judgment. (*Id.* at 6; ECF No. 505). On June 30, 2023, Plaintiff filed a motion for the entry of default judgment against Xechem India. (ECF No. 506). On September 28, 2023, Plaintiff filed a motion to enforce the settlement agreement. (ECF No. 507). The Pandey Defendants did not submit opposition to either motion.

On October 12, 2023, Mr. Markin filed the instant motion to be relieved on behalf of the Stark Firm. (ECF No. 508). In his supporting certification, Mr. Markin certifies, in relevant part, as follows:

- [I]n August 2022, "the Firm communicated frequently with the Pandey Defendants concerning outstanding invoices for legal services, and each time the Pandey Defendants promised to make payments against balances owed." (Markin Decl., ¶ 4);
- [O]n September 21, 2022, the Firm sent correspondence to the Pandey Defendants to inform them of the status of their case and inquire about the status of a promised payment to the Firm, (Markin Decl., ¶ 5);
- [O]n October 3, 2022, Mr. Markin received "an email from Bhuwan Pandey's son requesting wire transfer instructions to initiate a payment to the Firm. The wire transfer instructions were emailed to Mr. Pandey but no payment was ever received." (Markin Decl., ¶ 6);
- "Since October 2022, this Firm has not had *any* communication with the Pandey Defendants, despite multiple attempts to communicate with our clients. The Firm has sent numerous emails to the clients, and placed phone calls, not only concerning the unpaid bills, but also concerning substantive matters such as plaintiff's attempt to pursue

4

an appeal in the Third Circuit. None of those messages have been returned." ((Markin Decl., ¶ 8).

Based on the above, the Stark Firm claims that the Pandey Defendants have failed to fulfill their financial obligations to the firm. (Markin Decl., ¶ 10). Accordingly, the Stark Firm seeks to withdraw pursuant to two subsections of Rule of Professional Conduct 1.16(b). First, the firm seeks to withdraw based on Rule 1.16(b)(5), which permits an attorney to seek to withdraw if "the client fails to fulfill an obligation to the lawyer and has been given reasonable warning of the lawyer's intent to terminate the representation unless the client complies." (Markin Decl., ¶ 10). Second, the firm moves pursuant to Rule 1.16(b)(6), which supports withdrawal when a "representation will result in an unreasonable financial burden on the lawyer…" (*Id.*). According to the Stark Firm, "the Pandey Defendants' failure to fulfill their financial obligations [to the Firm] has resulted in, and will continue to result in, an unreasonable financial burden on Stark & Stark." (*Id.* at ¶ 11).

In opposition, Plaintiff advances four primary arguments. First, the firm took on the representation of the Pandey Defendants despite knowing that the Pandey Defendants had not paid prior law firms representing them earlier in this case. Second, the case is not over, as a final judgment has not been entered. Third, Mr. Markin was counsel for the Pandey Defendants at trial, and that Mr. Markin "is responsible for his clients' failure comply with" the settlement agreement. Finally, Mr. Markin is best suited to represent the Pandey Defendants through final judgment. (ECF No. 509).[1]

On November 28, 2023, Judge Martinotti entered: (a) the November 28th Opinion enforcing the settlement agreement (ECF Nos. 511-512); (b) an Opinion and Order denying Plaintiff's

---

[1] The Stark Firm did not file reply papers in further support of its motion to withdraw; thus, the firm has not addressed these arguments.

5

motion for default judgment against Xechem India (ECF Nos. 513-514); and (c) an Amended Final Judgment (ECF No. 515). As previously noted herein, the November 28th Order granting Plaintiff's motion to enforce the settlement agreement, (ECF No. 512), reiterates that the Court continues to retain jurisdiction for the limited purpose of enforcing the settlement agreement. (*See id*. at 2)

## II.     LEGAL STANDARD

A motion to withdraw as counsel is governed by Local Civil Rule 102.1 and New Jersey Rule of Professional Conduct 1.16(b). *See United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997). Local Civil Rule 102.1 provides, in relevant part, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." L. Civ. R. 102.1. Other courts in this District have recognized "'[w]hether to permit an attorney to withdraw is within the discretion of a court.'" *Mazariegos v. Monmouth Cty. Corr. Inst.*, 2017 U.S. Dist. LEXIS 211786, at *5 (D.N.J. Dec. 27, 2017) (citation omitted); *see also Cuadra v. Univision Communs., Inc.*, 2012 U.S. Dist. LEXIS 48431, at *14 (D.N.J. Apr. 4, 2012). Further, under Local Civil Rule 103.1, the New Jersey Rules of Professional Conduct ("RPC") govern the conduct of attorneys before the District of New Jersey. *See* L. Civ. R. 103.1(a); *accord In re Congoleum Corp.*, 426 F.3d 675, 687 (3d Cir. 2005) (citing *United States v. Balter*, 91 F.3d 427, 435 (3d Cir. 1996)).

As such, in reviewing a motion to withdraw, Courts in this District apply RPC 1.16, which governs an attorney's withdrawal from client representation. Subsection (b) of RPC 1.16 addresses the grounds on which an attorney may be permitted to withdraw from representing a client as follows:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

>   (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>   (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>   (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>   (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>   (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>   (7) other good cause shown for withdrawal exists.

RPC 1.16(b).

Guided by RPC 1.16(b), Courts in this District consider four criteria in evaluating a motion to withdraw: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay resolution of the case." *U.S. ex rel. Cherry Hill Convalescent, Ctr.*, 994 F. Supp. at 252-53 (the "*Cherry Hill* factors"); *see also Haines v. Liggett Group*, 814 F. Supp. 414, 422-23 (D.N.J. 1993).

The Court has discretion in determining whether counsel should be permitted to withdraw. *See, e.g.*, *In re: Valsartan Products Liability Litig.*, 2020 WL 9565059, at *2 (D.N.J. Feb. 27, 2020). Ultimately, a court may refuse to permit the withdrawal of counsel *despite* a showing of good cause. *See id.; see also Haines*, 814 F. Supp. at 422-23; *Shah v. American Airlines*, 2021 WL 10717107, at *2 (D.N.J. Dec. 6, 2021).

### III.   DECISION

Here, in considering the foregoing factors and the unique circumstances at play in this case, this Court finds that permitting the Stark Firm to withdraw as counsel for the Pandey Defendants

7

is not warranted. The Stark Firm seeks to withdraw based on the Pandey Defendants' alleged failure to meet the terms of their retainer agreement, which the firm contends would result in an "unreasonable financial burden." (Markin Decl., ¶¶ 10-11). While the Court is sympathetic to the firm's assertion that unpaid fees remain, "federal law does not expressly permit withdrawal by an attorney on the ground of financial hardship." *Atlantic City Associates, LLC v. Carter & Burgess Consultants, Inc.*, 2008 WL 1137783, at *1 (D.N.J. Jan. 28, 2008) (Schneider, J.) (citing *Haines*, 814 F. Supp. 414, 423 (D.N.J. 1993)). To that end, several Courts in this district have denied requests to withdraw based on financial hardship, particularly when the remaining *Cherry Hill* factors do not support withdrawal. *See, e.g.*, *McDaniel v. Daiichi Sankyo, Inc.*, 343 F. Supp. 3d 427, 432-33 (D.N.J. 2018); *Amboy Bancorporation v. Jenkens & Gilchrist*, 2008 WL 4542469, at *1-2 (D.N.J. June 26, 2008), *reconsideration denied by* 2008 WL 4534188 (D.N.J. Oct. 7, 2008); *Atlantic City Assoc.*, 2008 WL 11377783, at *1-2; *Haines*, 814 F. Supp. at 423.

Here, the Stark Firm has not established how continued representation of the Pandey Defendants would result in an "unreasonable financial burden." RPC 1.16(b)(6). All that remains in this case is compliance with the enforced settlement agreement. To that end, the firm's participation is limited to working with the Pandey Defendants who must assist "in cooperating with Plaintiff to help efficiently facilitate this transfer" of "any and all rights and interests they have, and any assets that may exist, in Xechem India." (ECF No. 511 at 2). The Firm's motion to withdraw is relatively bare-boned and does not explain, at all, the cost or expense it would expect to incur in assisting the Pandey Defendants with compliance of the settlement agreement. Absent such information, the Court cannot conclude that continued representation of the Pandey Defendants would impose an unreasonable financial burden on the Firm. Accordingly, the Stark Firm has not established a basis to withdraw pursuant to RPC 1.16(b)(5) or (b)(6).

8

Moreover, even if the Firm established that continued representation of the Pandey Defendants would result in an unreasonable financial burden, withdrawal would still not be appropriate in this case because the Stark Firm completely fails to address the remaining *Cherry Hill* factors. Specifically, the Firm does not address the prejudice withdrawal may cause to the litigants; the harm withdrawal might cause to the administration of justice; and the degree to which withdrawal will delay resolution of the case. *See U.S. ex rel. Cherry Hill*, 994 F. Supp. at 252-53.[2]

This Court's independent review of the remaining *Cherry Hill* factors does not compel a different result. As to the second *Cherry Hill* factor, "prejudice that may be caused to the litigants," the Stark Firm's withdrawal would render enforcement of the settlement more complicated, which would prejudice Plaintiff. Indeed, as Judge Martinotti's November 28th Opinion confirms, Mr. Markin actively participated in the settlement negotiations and the ultimate terms of the oral settlement reached by the parties, which were placed on the record. (S*ee* ECF No. 511 at 2). For the same reasons, the firm's withdrawal would be contrary to the administration of justice, which is the third *Cherry Hill* factor. Importantly, compliance with the settlement agreement remains outstanding. Because the Stark Firm was intimately involved with the negotiations and terms of the enforced settlement agreement as well as the post-settlement conference call with the Court on October 5, 2022, the firm must remain in this case to assist the Pandey Defendants with their need to comply with the settlement agreement terms. To allow withdrawal at this juncture would be contrary to the administration of justice, especially considering Judge Martinotti's decision to grant Plaintiff's motion to enforce the settlement. As for the final *Cherry Hill* factor, the firm's withdrawal would delay resolution of the case. Compliance with the enforced settlement

---

[2] The Stark Firm addresses the first *Cherry Hill* factor – i.e., "the reasons why withdrawal is sought." *Id.* at 252-53.

agreement is the only issue remaining before the Court. The Stark Firm's assistance is critical. Allowing the firm now to withdraw would bring compliance to a grinding halt.

## IV. CONCLUSION

For the reasons set forth above, this Court exercises its discretion and **DENIES** the Stark Firm's motion to withdraw as counsel for the Pandey Defendants (ECF No. 508). The Clerk is requested to terminate the motion appearing at ECF No. 508.

**SO ORDERED**.

s/Jessica S. Allen
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

Dated: November 30, 2023

cc: Hon. Brian R. Martinotti, U.S.D.J.