**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SWIFT,<br><br>          Plaintiff,<br><br>          v.<br><br>RAMESH PANDEY, *et al.*,<br><br>          Defendants. | Case No. 2:13-cv-00650 (BRM)<br><br>OPINION |

**MARTINOTTI, DISTRICT JUDGE**

      Before the Court is *pro se* Plaintiff Robert Swift's ("Plaintiff") unopposed Motion to Enforce the Settlement Agreement between Plaintiff and Defendants Ramesh Pandey and Bhuwan Pandey (the "Pandey Defendants") related to Defendant Xechem (India) Pvt, Ltd. ("Xechem India"). (ECF No. 528.) Having reviewed Plaintiff's submission and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's Motion to Enforce Settlement (ECF No. 528) is **DENIED**.

    **I.**    **BACKGROUND**

      The Court has set forth, at length, the factual and procedural background as it pertains to this action in its Opinions dated August 10, 2016, March 27, 2017, August 31, 2017, October 12, 2017, May 22, 2018, May 2, 2022, and November 28, 2023. (ECF Nos. 165, 197, 222, 229, 264, 444, 513.) The Court hereby incorporates same herein and sets forth only the relevant factual and procedural background as it relates to Plaintiff's Motion to Enforce Settlement.

### A. Settlement Agreement Between Plaintiff and the Pandey Defendants

A bench trial took place before the Court from August 9, 2022 through August 12, 2022. (*See* ECF Nos. 473–76, 496–99.) During trial, the Court engaged in settlement discussions with Plaintiff and the Pandey Defendants, at which time they came to a partial resolution (an oral settlement agreement) regarding Xechem India. (*See* ECF No. 497 (Trial Tr. Vol. II) at 220–21, 229–30; ECF No. 498 (Trial Tr. Vol. III) at 283–84; ECF No. 499 (Trial Tr. Vol. IV) at 291; ECF No. 500 (10/05/2022 Hr'g Tr.) at 2–5.) The Pandey Defendants, both individually and through counsel, represented: (1) they would be willing to transfer to Plaintiff any and all rights and interests they have, and any assets that may exist, in Xechem India; and (2) they would assist in cooperating with Plaintiff to help efficiently facilitate this transfer, including revitalizing or reestablishing Xechem India as a corporation in India, provided this process would be at no cost to the Pandey Defendants and provided Plaintiff would give the Pandey Defendants any paperwork necessary for this process. (*See* ECF No. 497 at 220–21, 229–30; ECF No. 498 at 283–84; ECF No. 499 at 291; ECF No. 500 at 2–5.) This oral settlement agreement was memorialized on the record during trial:

> THE COURT: We are back on the record. Just for purposes of the record I'd like to indicate what has transpired. With permission of counsel and [Plaintiff] Dr. Swift, I spoke with each separately in an effort to resolve the matter. There is a partial resolution regarding the India corporation [Xechem India]. And as I understand it, the [Pandey Defendants] will turn over all their rights and assets that they have in that corporation to Dr. Swift, but will cooperate, provided it is at no cost to them, to help Dr. Swift revitalize or reestablish the corporation in India. And I'm adding this in, but I assume it's not going to be an issue, will do so efficiently. In other words, counsel, if Dr. Swift sends an e-mail, they are not going to sit on it for three days. They're going to move it as efficiently and effectively as possible. Is that fair?
>
> MR. MARKIN [counsel for the Pandey Defendants]: Yes.

> THE COURT: Is that fair, Dr. Swift?
>
> MR. SWIFT: Yes. Will the Court maintain any jurisdiction to enforce this?
>
> THE COURT: I'll retain jurisdiction to enforce cooperation.
>
> MR. SWIFT: Thank you, Your Honor.
>
> THE COURT: And Dr. and Colonel Pandey, you are okay with that as far as signing over any and all rights that you have in India and cooperating with Dr. Swift? Colonel Pandey, yes?
>
> MR. R. PANDEY: Yes.
>
> MR. B. PANDEY: Yes, Your Honor.
>
> MR. MARKIN: Just to clarify, whatever Swift needs done is going to come from him. He's going to give it to us and say, Hey, I need –
>
> THE COURT: Right.
>
> MR. MARKIN: We're not going to put anything together.
>
> MR. SWIFT: Gene, I have to do it all.
>
> THE COURT: But, counsel, you are going to assist for this component?
>
> MR. MARKIN: Yes.

(ECF No. 497 at 229–30.)[1]

---

[1] *See also* ECF No. 498 at 283–84 ("THE COURT: . . . In the meantime, irrespective of this component, it's clear that Dr. Swift is going to get all the rights of India and your clients are going to cooperate and work with him to facilitate that transfer. Is that correct, Mr. Markin? MR. MARKIN: That's correct, as long as it doesn't cost them money or involve any hardship, that's fine. . . . If he sends us the paperwork for them to sign, they'll sign it. THE COURT: Is that okay, Dr. Swift? MR. SWIFT: Yes. THE COURT: And I'll retain jurisdiction over that issue if there's any issues. And I'll ask that they cooperate expeditiously as best they can, just to move it forward for the doctor. MR. MARKIN: Sure, Your Honor."); ECF No. 499 at 291 ("This matter was tried without a jury on August 9 and 10. On August 10, with permission of both parties, the Court engaged in settlement discussions, at which time the parties came to an agreement that the [Pandey Defendants] would transfer any and all [of] their rights and title in Xechem India, hereinafter referred to as India, to [Plaintiff] and cooperate with him to facilitate the transfer.").

At the close of Plaintiff's case-in-chief, the Court granted the Pandey Defendants' motion to dismiss all of Plaintiff's remaining claims pursuant to Federal Rule of Civil Procedure 52(c). (*See* ECF No. 499 at 292–301.) After a careful review of the record, the testimony, and the evidence, the Court made and provided its findings of fact and conclusions of law on the record on August 12, 2022. (*See id.*) The Court found Plaintiff did not prove the elements of his remaining claims for unjust enrichment or quantum meruit against either the Pandey Defendants or Xechem India. (*See id.*) Accordingly, on August 17, 2022, the Court entered final judgment in favor of the Pandey Defendants and against Plaintiff on all claims. (ECF No. 481.) However, the Court explicitly retained jurisdiction over the settlement agreement between Plaintiff and the Pandey Defendants related to Xechem India for the purpose of enforcing that agreement. (*See* ECF No. 497 at 229–30; ECF No. 498 at 283–84; ECF No. 500 at 5.)

### B. Plaintiff's Post-Trial Request for an Amended Final Judgment

On September 12, 2022, Plaintiff filed a letter with the Court requesting an Order and Judgment regarding (1) a default judgment against Xechem India and (2) the Pandey Defendants' agreement to "transfer 100% of Xechem (India) Pvt., Ltd. to Plaintiff," and (3) the Court's retention of jurisdiction to enforce this agreement between the parties. (ECF No. 482.) The Court construed Plaintiff's letter as a request to amend the Final Judgment to reflect, *inter alia*, the Court's retention of jurisdiction to enforce the settlement agreement between Plaintiff and the Pandey Defendants to facilitate the transfer of Xechem India to Plaintiff. (*See* ECF No. 486 at 1–2.)

The next day, on September 13, 2022, Plaintiff filed with the United States Court of Appeals for the Third Circuit (the "Third Circuit") a Notice of Appeal from the Final Judgment. (ECF No. 483.) Thereafter, the Court issued an order noting it lacked the authority to grant

Plaintiff's letter request because of Plaintiff's pending appeal with the Third Circuit. (ECF No. 486 at 2.) The Court also issued a Text Order instructing Plaintiff and defense counsel to meet and confer and submit a proposed amended final judgment reflecting the issues raised in Plaintiff's September 12, 2022 letter. (ECF No. 484.) The Court further informed the parties to notify the Court by September 26, 2022 if they were unable to agree on a form of amended final judgment. (*Id.*)

On September 22, 2022, Plaintiff submitted a letter to the Court stating he and defense counsel "could not agree on the text of the unjust enrichment judgment against [the Pandey] Defendants for failure to transfer 66-2/3% of Xechem (India) Pvt., Ltd. to Plaintiff and the agreement for [the Pandey] Defendants to transfer 100% of Xechem (India) Pvt, Ltd. to Plaintiff." (ECF No. 488.) Plaintiff attached to the letter a proposed amended final judgment and a proposed default judgment as to Xechem India. (ECF Nos. 488-1, 488-2.)

On September 26, 2022, the Pandey Defendants' counsel submitted a letter in response to Plaintiff's September 22, 2022 letter and in objection to Plaintiff's proposed orders of judgment, stating Plaintiff's proposed orders "contain findings of facts and conclusions of law that were never part of the record and flatly contradict the Court's findings in granting [the Pandey] Defendants' motion for directed verdict at the conclusion of Plaintiff's case." (ECF No. 489 at 1.) The Pandey Defendants' counsel also stated it "had prepared and forwarded to Plaintiff [a] proposed form of Order to capture the Court's ruling [during trial] in connection with [the Pandey] Defendants' narrow agreement to transfer their interests in Xechem India to Plaintiff and cooperate in his efforts to revive Xechem India" and requested Plaintiff submit their version to the Court along with his but he failed to do so. (*Id.*) On September 27, 2022, Plaintiff submitted a brief response letter

5

noting defense counsel "does not represent Xechem India" and arguing he "met his burden of unjust enrichment for the 66-2/3% of Xechem India and this should be reflected." (ECF No. 490.)

On October 5, 2022, the Court held a telephone conference with Plaintiff and the Pandey Defendants to discuss post-trial issues, including the status of the Pandey Defendants' agreement to transfer any and all rights and interests they have, and any assets that may exist, in Xechem India to Plaintiff. (*See* ECF Nos. 491, 500.) During the conference, the Court ordered the Pandey Defendants to revise the language in their proposed amended final judgment to state they "will effectuate a transfer of any and all interests that they have" in Xechem India to Plaintiff "in an expeditious manner" and again stated the Court would retain jurisdiction over this issue. (*See* ECF No. 500 at 2–5.) The Court did not receive a revised joint proposed amended final judgment from the parties.

### C. Plaintiff's Motion to Enforce Settlement

On September 28, 2023, Plaintiff filed his first Motion to Enforce the Settlement Agreement between him and the Pandey Defendants, i.e., the Pandey Defendants' agreement to transfer to Plaintiff any and all rights and interests they have, and any assets that may exist, in Xechem India, provided this process would be at no cost to the Pandey Defendants and provided Plaintiff would give the Pandey Defendants any paperwork necessary for this process. (ECF No. 507.) Plaintiff asserted the Pandey Defendants failed to cooperate with him "to transfer all their right, title, and interest and assets in Xechem India to Plaintiff," and Plaintiff requested the Court's intervention to require the Pandey Defendants to "expeditiously" cooperate with Plaintiff in accordance with the settlement agreement terms. (ECF No. 507 at 2–3.) On November 28, 2023, this Court granted Plaintiff's unopposed Motion to Enforce the Settlement Agreement (ECF No. 512) and entered an Amended Final Judgment (ECF No. 515).

### D. Plaintiff's Motions for Default Judgment

On January 17, 2023, while Plaintiff's appeal remained pending with the Third Circuit, Plaintiff filed a third motion for default judgment against Xechem India. (ECF No. 503.) On January 20, 2023, the Court issued a text order stating it would not take any action on Plaintiff's third motion for default judgment against Xechem India until the Third Circuit determined the issue of appellate jurisdiction. (ECF No. 504.) On June 23, 2023, the Third Circuit issued an order staying Plaintiff's appeal pending this Court's decision on Plaintiff's request for the Court to enter an amended final judgment. (ECF No. 505.)

On June 30, 2023, following the Third Circuit's June 23, 2023 order staying his appeal, Plaintiff filed a fourth motion for default Judgment against Xechem India, which appeared virtually identical to his third motion for default judgment. (*Compare* ECF No. 506, *with* ECF No. 503.) This Court denied Plaintiff's motion for default judgment, finding that Plaintiff untimely served Xechem India under Federal Rule of Civil Procedure 4(m), and therefore the Court lacked personal jurisdiction over Xechem India and could not issue a default judgment against it. (ECF No. 516 at 18–19.) The Court also found that Plaintiff failed to show good cause for not complying with the applicable time limit in Federal Rule of Civil Procedure 4(m) and that no additional factors warranted a discretionary extension of time for service. Moreover, timely service of process would not have affected the Court's decision on Plaintiff's motion:

> Even assuming, arguendo, Plaintiff had timely served Xechem India via serving its domestic officer Ramesh Pandey, this would not have changed the outcome. After carefully reviewing and assessing the record and evidence presented at trial, the Court addressed the merits of Plaintiff's claims and concluded Plaintiff failed to prove the elements of his alleged causes of action against Xechem India. (*See* ECF No. 499 at 292–301.)

7

(ECF No. 516 at 21.) This Court therefore denied Plaintiff's fourth motion for default judgment and dismissed all claims against Xechem India with prejudice. (*Id*. at 22.)

### E. Plaintiff's Second Motion to Enforce the Settlement Agreement

On January 17, 2024, Plaintiff filed a letter with the Court requesting: (1) the Court "intervene" to enforce the parties' settlement agreement and "sanction Defendants by ordering compliance and paying Plaintiff's fees and costs," or, in the alternative, (2) the Court reconsider Plaintiff's Motion for a Default Judgment against Xechem India. (ECF No. 521 at 1–2.) The Court denied Plaintiff's requests. (*See* ECF No. 522.) Plaintiff filed another letter on August 16, 2024, requesting the Court "use its power to compel" Pandey Defendants to adhere to the parties' settlement agreement. (ECF No. 527.)

Plaintiff filed the instant Motion to Enforce the Settlement Agreement on September 27, 2024. (ECF No. 528.) In his Motion, Plaintiff requests

> the Court take immediate action to compel the [Pandey Defendants] to sign the POA at an Indian Consulate and obtain the attestation stamp necessary for the POA to be valid in India, and to cooperate with Plaintiff for other documents that may be necessary to transfer their right, title, and interest and assets in Xechem India to Plaintiff.

(*Id*. at 4.) Plaintiff further requests that Pandey Defendants be ordered to pay all costs and expenses, including those related to effectuating the Pandey Defendants' signature on the POA. (*Id*.)

### II.  LEGAL STANDARD

A district court may exercise jurisdiction over a petition to enforce a settlement if a settlement is "part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 141 (3d Cir. 1993); *see, e.g.*, *Fazio v. JC Penney*, 387 F. App'x 252, 253 (3d Cir. 2010) ("The District

Court had jurisdiction over the motion to enforce the settlement because it retained jurisdiction over the matter in its March 10, 2009, order." (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994))). "An agreement to settle a [lawsuit], voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Zong v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 632 F. App'x 692, 694 (3d Cir. 2015) (quoting *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1971)). The Third Circuit "has long recognized a federal district court's equitable jurisdiction to enforce settlement agreements based upon oral representations made by the litigants before it." *Id.* at 694.

Courts treat a motion to enforce a settlement under the same standard as a summary judgment motion and will "grant the motion when the moving party demonstrates that there is no genuine dispute of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law." *Ortho-Clinical Diagnostics, Inc. v. Fulcrum Clinical Lab'ys, Inc.*, Civ. A. No. 21-02530, 2023 WL 3983877, at *2 (D.N.J. June 13, 2013) (citations omitted).

In addition, "New Jersey has a strong public policy in favor of settlements." *McDonnell v. Engine Distribs.*, Civ. A. No. 03-01999, 2007 WL 2814628, at *3 (D.N.J. Sept. 24, 2007), *aff'd*, 314 App'x 509 (3d Cir. 2009) (citing *Nolan v. Lee Ho*, 577 A.2d 143, 146 (N.J. 1990)). "Courts will therefore 'strain to give effect to the terms of a settlement wherever possible.'" *Id.* at *3 (quoting *Dep't of Pub. Advoc., Div. of Rate Couns. v. Bd. of Pub. Utils.*, 503 A.2d 331, 333 (N.J. App. Div. 1985)).

### III.   DECISION

The Court has jurisdiction over Plaintiff's Motion to Enforce the Settlement Agreement because the Court explicitly retained jurisdiction over this agreement, which is part of the record,

between Plaintiff and the Pandey Defendants, and the reinforcement of same. (ECF No. 497 at 229–30; ECF No. 498 at 283–84; ECF No. 500 at 5.) *See Sawka*, 989 F.2d at 141.

Based on the record before the Court, the Court must deny Plaintiff's second Motion to Enforce the Settlement Agreement between him and the Pandey Defendants, as the Court has already granted such relief to Plaintiff in response to his first motion to enforce the settlement agreement. (*See generally* ECF Nos. 507, 512, 513.) *See also McCrimmon v. Johnson*, Civ. A. No. 18-16281, 2019 WL 2108658, at *1 n.1 (D.N.J. May 14, 2019) (dismissing as moot plaintiff's motion to proceed *in forma pauperis* because it had already granted plaintiff's application to proceed *in forma pauperis*); *Missouri v. Amazon.com, Inc.*, Civ. A. No. 19-13525, 2020 WL 13580911, at *1 (D.N.J. Feb. 26, 2020) (dismissing plaintiff's motion for leave to amend as moot after the court had already sua sponte given plaintiff leave to amend his complaint); *Par Pharm., Inc. v. Luitpold Pharms., Inc.*, Civ. A. No. 16-02290, 2017 WL 916437, at *1 (D.N.J. Mar. 8, 2017) (denying defendants' request for judgment on their counterclaim as moot because "judgement was already granted on this claim"); *Hines v. Rimtec Corp.*, Civ. A. No. 07-00966, 2009 WL 10690507, at *7 (D.N.J. June 4, 2009) ("However, because the Court has already granted leave to assert such claim, Plaintiff's present motion . . . for leave to amend is dismissed as moot.")

As the Court noted in its previous Opinion in this matter, no genuine dispute of material fact exists as related to the settlement agreement between Plaintiff and the Pandey Defendants. (ECF No. 511 at 8–9.) It is undisputed that Plaintiff and the Pandey Defendants entered into a valid settlement agreement for the Pandey Defendants to transfer to Plaintiff any and all rights and

interests they have, and any assets that may exist, in Xechem India.[2] Accordingly, this Court finds this settlement agreement is binding on Plaintiff and the Pandey Defendants.

Therefore, Plaintiff's unopposed Motion to Enforce the Settlement Agreement between him and the Pandey Defendants is **DENIED AS MOOT**.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's unopposed Motion to Enforce Settlement Agreement (ECF No. 528) is **DENIED AS MOOT**. An appropriate order follows.

**Date: January 27, 2025**  　　　　　　　　　　　　*/s/ Brian R. Martinotti*  
　　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**  
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[2] Provided the process would be at no cost to the Pandey Defendants and provided Plaintiff would give the Pandey Defendants any paperwork necessary for this proceed. (ECF No. 511 at *9.) This agreement was placed on the record. (*Id.*)