<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT SWIFT, <br><br> Plaintiff, <br><br> v. <br><br> RAMESH PANDEY, *et al.*, <br><br> Defendants. | Case No. 2:13-cv-00650 (BRM) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this court is *pro se* Plaintiff Robert Swift's ("Plaintiff") unopposed Motion for Reconsideration (ECF No. 533) of the Court's January 27, 2025 Opinion and Order denying as moot Plaintiff's Motion to Enforce Settlement between Plaintiff and Defendants Ramesh Pandey and Bhuwan Pandey (the "Pandey Defendants") related to Defendant Xechem (India) Pvt, Ltd. ("Xechem India") (ECF Nos. 529, 530). Having reviewed Plaintiff's submissions in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth herein and for good cause shown, Plaintiff's Motion for Reconsideration (ECF No. 533) is **DENIED**.

**I.   BACKGROUND**

The Court incorporates by reference the underlying factual and procedural background as it pertains to this action in its Opinions dated August 10, 2016; March 27, 2017; August 31, 2017; October 12, 2017; May 22, 2018; May 2, 2022; November 28, 2023; and January 27, 2025. (ECF Nos. 165, 197, 222, 229, 264, 444, 513, 529.) The Court incorporates the same herein and

sets forth only the relevant factual and procedural background as it relates to Plaintiff's Motion for Reconsideration of the second Motion to Enforce Settlement. (ECF No. 528.)

### A. Settlement Agreement Between Plaintiff and the Pandey Defendants

A bench trial was held before the Court from August 9, 2022, to August 12, 2022. (*See* ECF Nos. 473–76, 496–99.) On August 10, 2022, the Court engaged in settlement discussions with Plaintiff and the Pandey Defendants. There, they reached a partial resolution by oral settlement agreement regarding Xechem India. (*See* ECF No. 497 (Trial Tr. Vol. II) at 220–21, 229–30; ECF No. 498 (Trial Tr. Vol. III) at 283–84; ECF No. 499 (Trial Tr. Vol. IV) at 291; ECF No. 500 (10/05/2022 Hr'g Tr.) at 2–5.) The Pandey Defendants agreed: (1) they would be willing to transfer to Plaintiff any and all rights and interests they have, and any assets that may exist, in Xechem India; and (2) they would assist in cooperating with Plaintiff to help efficiently facilitate this transfer, including revitalizing or reestablishing Xechem India as a corporation in India, contingent upon the process being at no cost to the Pandey Defendants and Plaintiff providing the Pandey Defendants any necessary paperwork. (*See* ECF No. 497 at 220–21, 229–30; ECF No. 498 at 283–84; ECF No. 499 at 291; ECF No. 500 at 2–5.) The Court then granted the Pandey Defendants' motion to dismiss all of Plaintiff's remaining claims, explicitly retaining jurisdiction over the settlement agreement related to Xechem India to enforce the agreement. (*See* ECF No. 499 at 292–301.)[1]

---

[1] Plaintiff appealed the Court's final judgment to the Third Circuit, who modified this Court's judgment "to reflect that its dismissal of the claims against [Xechem India] is *without prejudice* and that its judgment on the merits is for the Pandey[ Defendants] only." *Swift v. Pandey*, Civ. A. No. 22-2718, 2025 WL 457307, at *2 (3d Cir. Feb. 11, 2025). The Third Circuit affirmed this Court's judgment as modified. *Id*. at *3.

### B. Plaintiff's First Motion to Enforce Settlement

On September 28, 2023, Plaintiff filed his first Motion to Enforce the Settlement Agreement between him and the Pandey Defendants. (ECF No. 507.) The Court found Plaintiff and the Pandey Defendants voluntarily entered into a valid settlement agreement regarding Xechem India which was binding upon the parties. (*See* ECF No. 511 at 8–9.) In addition, the Pandey Defendants had not abided by the terms of the settlement agreement. (*See id.* at 9–10). Because of their non-compliance and refusal to cooperate in transferring any and all rights and interests they have, and any assets that may exist, in Xechem India, the Court found it necessary to intervene and enforce the settlement agreement, and the Court granted Plaintiff's first Motion to Enforce the Settlement Agreement. (ECF No. 512.)

### C. Plaintiff's Second Motion to Enforce the Settlement Agreement

On September 27, 2024, Plaintiff filed a second Motion to Enforce Settlement requesting: (1) the Court compel the Pandey Defendants "to sign the [power of attorney ("POA")] at an Indian Consulate and obtain the attestation stamp necessary for the POA to be valid in India" (ECF No. 528 at 3); (2) "to cooperate with Plaintiff for other documents that may be necessary to transfer [the Pandey Defendants'] right, title, and interest and assets in Xechem India to Plaintiff (*id.* at 4); and (3) that the Pandey Defendants be ordered to pay all costs and expenses in addition to those related to effectuating the Pandey Defendants' signature on the POA (*id.*).

Plaintiff, however, was already granted such relief on November 28, 2023, in the Opinion and Order stemming from the initial Motion to Enforce Settlement. (ECF Nos. 511, 512.) No genuine dispute of material fact existed regarding the settlement agreement between Plaintiff and the Pandey Defendants, as it is undisputed Plaintiff and the Pandey Defendants entered into a valid settlement agreement requiring the Pandey Defendants to transfer to the Plaintiff any and all rights

and interests held by the Pandey Defendants, as well as any assets that may exist, in Xechem India. (*See id.*) On January 27, 2025, the Court denied as moot Plaintiff's second Motion to Enforce Settlement. (ECF Nos. 529, 530.)

### D. Plaintiff's Motion for Reconsideration

Plaintiff filed this Motion for Reconsideration of the Order and Opinion denying as moot his second Motion to Enforce Settlement on March 24, 2025. (ECF No. 533.) Plaintiff alleges the Pandey Defendants "failed to submit the modified order containing the language instructed by the Court," resulting in the absence of an "official" Court Order being issued. (*Id.* at 3–4.) Plaintiff additionally urges the Court, in the "interest of judicial economy," to reconsider ECF No. 528 in furtherance of his previously stated requests. (*See id.*)

### II.   LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Saiyed v. Archon, Inc.,* Civ. A. No. 16-09530, 2025 WL 366132, at *2 (D.N.J. Feb. 3, 2025) (*citing Dunn v. Reed Grp., Inc.*, Civil A. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010)). Local Civil Rule 7.1(i) directs a party seeking reconsideration to file "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." *See* L. Civ. R. 7.1(i). In addition, Local Civil Rule 7.1(i) mandates, "[u]nless otherwise provided by statute or rule . . . a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge." *See id.*

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Motions for

4

reconsideration are an "extraordinary remedy," granted only "when 'dispositive factual matters or controlling decisions of law' were brought to the court's attention but not considered." *Taylor v. CDS Advantage Sols.*, Civ. A. No. 20-02803, 2024 WL 1635686, at *1 (D.N.J. Apr. 16, 2024) (quoting *Brackett v. Ashcroft*, Civ. A. No. 03-03988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003)); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Taylor*, 2024 WL 1635686, at *1 (citing *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Mere disagreement with the Court's previous ruling will not suffice in persuading the Court to grant a party's motion for reconsideration. *See ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp 2d 339, 345 (D.N.J. 1999) (holding "mere disagreement with a court's decision" is "inappropriate on a motion for reargument"); *Schiano v. MBNA Corp.*, Civ A. No. 05-01771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court . . . should be dealt with through the normal appellate process.").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Mangham v. Delta Self Storage LLC*, Civ. A. No. 22-4145, 2025 WL 1747058, at *2 (D.N.J. June 24, 2025) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations omitted)). "A court commits clear error of law 'only if the record cannot support the findings that led to that ruling.'" *Saiyed*, 2025 WL 366132, at *2 (quoting *ABS Brokerage Servs.,*

5

2010 WL 3257992, at *6). "[A] party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *See id.* (second alteration in original) (quoting *ABS Brokerage Servs.,* 2010 WL 3257992, at *6).

### III. DECISION

Local Rule 7.1(i) provides, "unless otherwise provided by statute or rule," a movant must "serve[] and file[]" their motion for reconsideration "within 14 days after the entry of the order or judgment on the original motion by the Judge." L. Civ. R. 7.1(i). However, Plaintiff filed his Motion for Reconsideration under Federal Rule of Civil Procedure 59, which provides that a plaintiff must file a motion for reconsideration within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Regardless, Plaintiff served and filed his Motion for Reconsideration on March 24, 2025, nearly two months after the entry of the January 27, 2025 Judgment and Order on the second Motion to Enforce the Settlement Agreement. (*See generally* ECF No. 533.) Accordingly, Plaintiff's Motion for Reconsideration is untimely and must be denied.

Even withstanding Plaintiff's untimeliness, denial of his Motion for Reconsideration would still be proper. Plaintiff contends the Pandey Defendants are failing to cooperate, and the Court should reconsider its previous ruling "in the interest of judicial economy."[2] This Court, however, has already granted relief to Plaintiff by finding the voluntary settlement agreement between Plaintiff and the Pandey Defendants binding. (*See* ECF Nos. 511, 512 (recognizing the existence of the settlement agreement and issuing relief by granting Plaintiff's original Motion to Enforce

---

[2] (*See* ECF No. 533 at 4 ("Defendants failed to submit the modified order containing the language instructed by the Court, resulting in no official Court Order being issued."); ("[It is] [i]n the interest of judicial economy, [to which] Plaintiff respectfully requests the Court to reconsider its opinion and order," rather than "fil[ing] a new lawsuit to enforce the settlement agreement.").)

6

Settlement)); (ECF Nos. 529, 530 (denying Plaintiff's second Motion to Enforce Settlement because relief had already been granted)); *see also P. Schoenfeld*, 161 F. Supp. 2d at 352 (holding a motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment").

Plaintiff subsequently fails to provide any change in law or introduce new evidence since the Court's January 27, 2025 Opinion and Order for Plaintiff's second Motion to Enforce Settlement, nor has he shown "a clear error of law." (*See* ECF No. 533.) Furthermore, Plaintiff's advocacy for judicial economy and concerns for the lack thereof do not amount to "manifest injustice." *See In re Energy Future Holdings*, 904 F.3d 298, 311–12 (3d Cir. 2018) (finding a "substantial, if not complete, overlap" between a clear error of fact or law and manifest injustice that focuses "on the gravity and overtness of the error").

Therefore, Plaintiff's Motion for Reconsideration is **DENIED**.

### IV.  CONCLUSION

For the reasons set forth above, and for good cause shown, Plaintiff's Motion for Reconsideration of the Court's January 27, 2025 Opinion and Order is **DENIED**. An appropriate Order follows.

                                           */s/ Brian R. Martinotti*
                                           HON. BRIAN R. MARTINOTTI
                                           UNITED STATES DISTRICT JUDGE

Dated:  July 18, 2025